

JUDGE JONES



Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel for Plaintiff

RECEIVED
MAR 2 1 2008
U.S.D.C S.D N.Y.
CASHIERS

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus
875 Third Avenue, 18th Floor
New York, New York 10022
(212) 808-0700
Local Counsel for Plaintiff

|  |  |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC | :UNITED STATES DISTRICT COURT<br>:FOR THE SOUTHERN DISTRICT OF<br>:NEW YORK<br>: |
| Plaintiff, | : |
| v. | : |
| JEKYLL & HYDE, INC.; DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL &HYDE GREENWICH VILLAGE and DONALD R. FINLEY; BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK; SIXTH AVENUE FOOD SERVICES LTD.; NEW CASTLE FOODS INC.; DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN; and 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR & GRILL, | :<br>:<br>:  Civil Case No.  08-CV-02958(BSJ)<br>:<br>:<br>:  ECF Case<br>:<br>:<br>: |
| Defendants | :  COMPLAINT |

Plaintiff, Sysco Food Services of Metro New York, LLC,

through its attorneys Mitnick & Malzberg, P.C. and Norris,

McLaughlin & Marcus, PA, as for its Complaint against Defendants alleges as follows:

STATEMENT OF JURISDICTION

1. Sysco Food Services of Metro New York, LLC is a company incorporated in the State of Delaware with offices located at 20 Theodore Conrad Drive, Jersey City, New Jersey 07305

2.    Defendants, Jekyll & Hyde, Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Foods Inc., Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill, upon information and belief, are New York corporations with offices located at 1409 Avenue of the Americas, New York, NY 10019, among others.

3.    Defendant Donald R. Finley, upon information and belief, is a resident of the State of New York.

4. Jurisdiction of this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. 1322, et seq., and the amount in controversy exceeds the allowed amount.

**FIRST COUNT**

1.    There is due from the defendant Jekyll & Hyde, Inc., (Jekyll), to the plaintiff the sum of $203,042.16 on a certain book account, a true copy of which is annexed hereto as Exhibit "A." Payment has been demanded and has not been made.

2.    The plaintiff sues the defendant Jekyll for goods sold and delivered and/or services rendered by the plaintiff to the defendant, upon the promise by Jekyll to pay the agreed amount as set forth in Exhibit "A" annexed hereto. Payment has been demanded and has not been made.

3.    The plaintiff sues the defendant Jekyll for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Jekyll upon the promise of Jekyll to pay a reasonable price for the same, as set forth in Exhibit "A" annexed hereto. Payment has been demanded and has not been made.

4. The defendant, Jekyll, being indebted to the plaintiff in the sum of $203,042.16 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant Jekyll in the sum of $203,042.16, plus attorney fees pursuant to the credit application or as permitted by law, plus interest and

costs.

## SECOND COUNT

1.  Plaintiff repeats the allegations contained in the First Count of its Complaint as if set forth at length herein.

2.  There is due from the defendant Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, (Brody), to the plaintiff the sum of $5643.00 on a certain book account, a true copy of which is annexed hereto as Exhibit "B." Payment has been demanded and has not been made.

3.  The plaintiff sues the defendant Brody for goods sold and delivered and/or services rendered by the plaintiff to the defendant Brody, upon the promise by Brody to pay the agreed amount as set forth in Exhibit "B" annexed hereto. Payment has been demanded and has not been made.

4.  The plaintiff sues the defendant Brody for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Brody upon the promise of Brody to pay a reasonable price for the same, as set forth in Exhibit "B" annexed hereto. Payment has been demanded and has not been made.

5.  The defendant, Brody, being indebted to the plaintiff in the sum of $5643.00 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand. Payment

has been demanded and has not been made.

6.   Pursuant to a Personal Guaranty executed by defendant Donald R. Finley, and annexed hereto as Exhibit "H" defendant Finley is personally responsible for the indebtedness of Brody.

WHEREFORE, plaintiff demands judgment against the defendant Brody and Finely in the sum of $5643.00, plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

### THIRD COUNT

1.  Plaintiff repeats the allegations contained in the First and Second Counts of its Complaint as if set forth at length herein.

2.   There is due from the defendant Bayville Entertainment Inc. d/b/a Bayville Adventure Park, (Bayville), to the plaintiff the sum of $1370.93 on a certain book account, a true copy of which is annexed hereto as Exhibit "C." Payment has been demanded and has not been made.

3.   The plaintiff sues the defendant Bayville for goods sold and delivered and/or services rendered by the plaintiff to the defendant Bayville, upon the promise by Bayville to pay the agreed amount as set forth in Exhibit "C" annexed hereto. Payment has been demanded and has not been made.

4.   The plaintiff sues the defendant Bayville for the

reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Bayville upon the promise of Bayville to pay a reasonable price for the same, as set forth in Exhibit "C" annexed hereto.    Payment has been demanded and has not been made.

5.    The defendant, Bayville, being indebted to the plaintiff in the sum of $1370.93 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant Bayville in the sum of $1370.93, plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

## FOURTH COUNT

1.    Plaintiff repeats the allegations contained in the First through Third Counts of its Complaint as if set forth at length herein.

2.    There is due from the defendant Sixth Avenue Food Services Ltd. (Sixth), to the plaintiff the sum of $452,078.76 on a certain book account, a true copy of which is annexed hereto as Exhibit "D."    Payment has been demanded and has not been made.

3.    The plaintiff sues the defendant Sixth for goods sold

and delivered and/or services rendered by the plaintiff to the defendant, upon the promise by Sixth to pay the agreed amount as set forth in Exhibit "D" annexed hereto.    Payment has been demanded and has not been made.

4.    The plaintiff sues the defendant Sixth for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Sixth upon the promise of Sixth to pay a reasonable price for the same, as set forth in Exhibit "D" annexed hereto.    Payment has been demanded and has not been made.

5.    The defendant, Sixth, being indebted to the plaintiff in the sum of $452,078.76 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant Sixth in the sum of $452,078.76 plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

<u>FIFTH COUNT</u>

1.    Plaintiff repeats the allegations contained in the First through Fourth Counts of its Complaint as if set forth at length herein.

2.    There is due from the defendant, New Castle Foods Inc.

(Castle), to the plaintiff the sum of $50,189.60 on a certain book account, a true copy of which is annexed hereto as Exhibit "E." Payment has been demanded and has not been made.

3. The plaintiff sues the defendant Castle for goods sold and delivered and/or services rendered by the plaintiff to the defendant Castle, upon the promise by Castle to pay the agreed amount as set forth in Exhibit "E" annexed hereto. Payment has been demanded and has not been made.

4. The plaintiff sues the defendant Castle for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Castle upon the promise of Castle to pay a reasonable price for the same, as set forth in Exhibit "E" annexed hereto. Payment has been demanded and has not been made.

5. The defendant, Castle, being indebted to the plaintiff in the sum of $50,189.60 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant Castle in the sum of $50,189.60 plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

## SIXTH COUNT

1.  Plaintiff repeats the allegations contained in the First through Fifth Counts of its Complaint as if set forth at length herein.

2.  There is due from the defendant, Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, (Davey), to the plaintiff the sum of $26,632.37 on a certain book account, a true copy of which is annexed hereto as Exhibit "F." Payment has been demanded and has not been made.

3.  The plaintiff sues the defendant Davey for goods sold and delivered and/or services rendered by the plaintiff to the defendant Davey, upon the promise by Davey to pay the agreed amount as set forth in Exhibit "F" annexed hereto. Payment has been demanded and has not been made.

4.  The plaintiff sues the defendant Davey for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant Davey upon the promise of Davey to pay a reasonable price for the same, as set forth in Exhibit "F" annexed hereto. Payment has been demanded and has not been made.

5.  The defendant, Davey, being indebted to the plaintiff in the sum of $26,632.37 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand.

Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant Davey in the sum of $26,632.37 plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

### SEVENTH COUNT

1.  Plaintiff repeats the allegations contained in the First through Sixth Counts of its Complaint as if set forth at length herein.

2.  There is due from the defendant, 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill (186), to the plaintiff the sum of $11,789.34 on a certain book account, a true copy of which is annexed hereto as Exhibit "G." Payment has been demanded and has not been made.

3.  The plaintiff sues the defendant 186 for goods sold and delivered and/or services rendered by the plaintiff to the defendant 186, upon the promise by 186 to pay the agreed amount as set forth in Exhibit "G" annexed hereto. Payment has been demanded and has not been made.

4.  The plaintiff sues the defendant 186 for the reasonable value of goods sold and delivered, and/or services rendered by the plaintiff to the defendant 186 upon the promise of 186 to pay a reasonable price for the same, as set forth in Exhibit "G"

annexed hereto.    Payment has been demanded and has not been made.

5.  The defendant, 186, being indebted to the plaintiff in the sum of $11,789.34 upon an account stated between them, did promise to pay to the plaintiff said sum upon demand.    Payment has been demanded and has not been made.

WHEREFORE, plaintiff demands judgment against the defendant 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill in the sum of $11,789.34 plus attorney fees pursuant to the credit application or as permitted by law, plus interest and costs.

<u>EIGHTH COUNT</u>

1.  Plaintiff repeats the allegations contained in the First through Seventh Counts of its Complaint as if set forth at length herein.

2.  Upon information and belief, the plaintiff dealt with all of the defendant entities, Jekyll & Hyde, Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Foods Inc., Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, and 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill, and these defendant entities intermingled their assets and liabilities.

Therefore, all of the defendant entities are responsible for payment of the entire amount due and owing to the plaintiff in the total amount of $750,746.46 plus attorney fees pursuant to the credit application or as permitted by law, plus costs.

WHEREFORE, plaintiff demands judgment against the defendants Jekyll & Hyde, Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Foods Inc., Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, and 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill in the sum of $750,746.46, plus attorney fees pursuant to the credit application or as permitted by law, plus costs.

### NINTH COUNT

1. Plaintiff repeats the allegations contained in the First through Eighth Counts of its Complaint as if set forth at length herein.

2. Upon information and belief, defendants Jekyll & Hyde Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Foods Inc., Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, and 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill

are insolvent, as defendants are unable to meet their pecuniary

liabilities as they mature, by available assets or by honest use

of credit, and a Receiver should be appointed to liquidate these

defendants assets for the benefit of their creditors.

WHEREFORE, plaintiff demands judgment,

1.   appointing a Receiver for the creditors and

stockholders of the defendants Jekyll & Hyde, Inc., Deacon Brody

Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville

Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue

Food Services Ltd., New Castle Foods Inc., Davey Jones Locker

Management Inc. d/b/a Ship Wreck Tavern, and 186 West 4th St.

Management Co., Inc. d/b/a Olivers Bar & Grill, and

2.   For such other and further relief as this Court may

deem just.


*Melissa A.P.=*
_____
MELISSA A. PENA (MP-3320)
Attorney for Plaintiff



/s/ Steven Mitnick
_____
STEVEN MITNICK
Attorney for Plaintiff

Dated:   March 20, 2008

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

--------------------------------------------------------------

TO: Jekyll & Hyde, Inc.
    91 Seventh Ave. South
    New York, NY  10014

AMOUNT DUE:                    $203,042.16

EXHIBIT "A"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-------------------------------------------------------------

TO:  Deacon Brody Management Inc.
     d/b/a Jekyll & Hyde Greenwich Village
     91 Seventh Avenue
     New York, NY 10014

AMOUNT DUE:              $ 5643.00

EXHIBIT "B"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-------------------------------------------------------------------

TO:    Bayville Entertainment Inc.
       d/b/a Bayville Adventure Park
       8 Bayville Avenue
       Bayville, NY  11709

AMOUNT DUE:              $ 1370.93

EXHIBIT "C"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-----------------------------------------------------------------

TO:  Sixth Avenue Food Services Ltd.
     1409 Sixth Avenue
     New York,NY  10019

AMOUNT DUE:                    $452,078.76

EXHIBIT "D"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-------------------------------------------------------------

TO: New Castle Foods Inc.
    91 Seventh Avenue
    New York, NY  10011


AMOUNT DUE:              $ 50,189.60


EXHIBIT "E"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-----------------------------------------------------------------

TO: Davey Jones Locker Management Inc.
    d/b/a Ship Wreck Tavern
    10 Bayville Avenue
    Bayville, NY  11709

AMOUNT DUE:                     $ 26,632.37

EXHIBIT "F"

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC
20 Theodore Conrad Drive,
Jersey City, New Jersey 07305

-----------------------------------------------------------------

TO: 186 West 4th St. Management Co., Inc.
    d/b/a Olivers Bar & Grill
    190 West Fourth Street
    New York, NY  10014

AMOUNT DUE:                    $ 11,789.34

EXHIBIT "G"

EXHIBIT "H"

770379

**SYSCO FOOD SERVICES - ALBANY**

A DIVISION OF SYSCO CORPORATION
P.O. Box 5327 • Albany, New York • Phone (518) 459-3200

NEW
CUSTOMER
FORM

CUST. NO.

SALESMAN NO. > 56

DATE > 3-22-92

TRADE NAME (D/B/A): Jeckly + Hyde

YRS. IN BUSINESS
IN THIS LOCATION > 1

CORPORATE NAME: Jeckyl + Hyde Inc.

DELIVERY ADDRESS: 91 7th Ave South (STREET) NY NY, 10014 (ZIP)

PHONE: (AREA CODE) 212-989-7701     COUNTY: > Manhattan

PERSON IN CHARGE: > Shanon Finley

BILL TO ADDRESS: > SAME (STREET) NY

770379

☐ PROPRIETORSHIP    ☐ PARTNERSHIP    CORPORATION    UNDER STATE OF NY

OWNER: > D.K. Finley     212-929-4082 Pres

PARTNER:

CORP. OFFICERS: >

PREVIOUS EXPERIENCE: Rest. Business

HAVE YOU EVER BEEN BANKRUPT? NO

OWN: YES ☐ NO ☐    RENT $9000.00    LEASE: $    CONCESSION:    OTHER:

IF RENT/LEASE:    (NAME OF PROPERTY OWNER)    (ADDRESS)    (PHONE)

TRADE REFERENCE: NOT TO INCLUDE BEER/LIQUOR DISTRIBUTORS

| | (NAME) | (CITY) | (PHONE) |
|---|---|---|---|
| MEAT SUPPLIER: | Kurby | 303 W11 | 212-243-4629 |
| GROCERY SUPPLIER: | Kimpro | Bronx | 212-542-4618 |
| EQUIP. SUPPLIER: | Paragon | Bowery | 212-226-0963 |
| LINEN SUPPLIER: | Amato Linen | Roosevelt NY | 516-378-9400 |

BANK INFORMATION

CHECKING ACCT. NO. 013094253    BANK Chemical    S.S.# 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    PHONE 204 W 24

LOAN
ACCT. NO:    MORTGAGE
ACCT. NO:    BANK:    S.S.#:    PHONE:

PLEASE ATTACH OR SEND TAX EXEMPTION FORM

CUST. CATEGORY (SEE REVERSE SIDE) > Rest    TAX EXEMPTION NO: >

PROJECTED SALES VOLUME > $ 1½ M    SEATING CAPACITY: > 90

EMPLOYEES: > 20    PART FILLS YES ☐ NO ☐    SUBSTITUTES YES ☐ NO ☐

EARLIEST DELIVERY TIME: > 11:00    LATEST DELIVERY TIME: > 3:00

NEAREST ACCOUNT BEFORE:    AFTER:

DELIVERY DAYS REQUIRED: > MONDAY - TUESDAY - WEDNESDAY - THURSDAY - FRIDAY

BID: > YES ☐ NO ☐    ZONE: 1 2 3 4 5    OTHER: >

TERMS REQUESTED: >    C.O.D.    C.O.D. OPTIONAL    WEEKLY X    VOUCHER: >

The undersigned agrees to notify SYSCO CORPORATION by certified mail of any change of ownership of the Customer and further agrees to be liable for all purchases should the undersigned fail to comply with said notification. In this event that in a guaranty is executed by more than one person, then, in such event the liabilities and obligations of the undersigned hereunder shall be joint and several and the relative words here in shall be read as if the ties in the plural.

SIGNATURE OF CUSTOMER REP.    SALES REP    8/91

The undersigned request SYSCO Corporation and any of its subsidiaries (herein "SYSCO") to sell, deliver and service the customer as stated in the application on the reverse side hereof, and further certify that the statements made on the customer application are true, correct, and complete in all material respects, and customer and the undersigned authorize SYSCO to investigate all references furnished pertaining to credit, including obtaining credit reports on the customer and the undersigned from outside credit agencies.

In the event that there is a delinquency in payment, the undersigned agree that a service charge of 1 ½% per month will be imposed on the balance due, and in the event of a default in payment, that the customer will pay to SYSCO all collection costs and an attorney's fee of one-third of the amount due. The customer and the undersigned consent to jurisdiction in the New York Supreme Court regarding any claim arising hereunder.

The undersigned personally guarantee payment in full of all indebtedness of the customer to SYSCO now existing or hereinafter incurred including any and all services charges, collection costs and attorney's fees incurred as specified above, and waive any presentment, demand, protest, and any other notice from SYSCO regarding this guarantee of payment. This guarantee will cover all sales whether or not the terms requested are COD. The use of corporate titles shall not limit the personal liability of the signatory.

WITNESS

DATED  3·24·92

X

X

## CUSTOMER CATEGORIES

Commercial Fast Food Chains

Commercial/Full Service Restaurant

Commercial/Limited Menus

Special Market/Retreats, Seminaries, Military, Correctional Instit. Community Centers, Camps

Super Market/Private Clubs, Country Clubs

Super Market/Indpendent

Retail Market/Deli, Drug Stores, etc.

Leisure/Drive-In, Bowling, Dairy Bar, Race Tracks, Ski Area

Business Industry/InPlant Feeding, Mobile Caterers, Vending Oper.

Educational Market/Schools, Colleges, Fraternities, Sororities

Convenience Market/Chain

Convenience Market/Independent

Transportation Market/Air Terminal Facilities, Highways, Passenger Lines

Xotel/Motel

Health Care/Hospitals, Sanatoriums Nursing Homes

Bakeries

Mom & Pop Market/Retail

Sub Distributors

Miscellaneous/Intercompany Sales, Office Sales, Samples

Case Number:

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SYSCO FOOD SERVICES OF METRO
NEW YORK, LLC

      Plaintiff,

v.

JEKYLL & HYDE, INC.; DEACON BRODY
MANAGEMENT INC. d/b/a JEKYLL
&HYDE GREENWICH VILLAGE and DONALD
R. FINLEY; BAYVILLE ENTERTAINMENT INC.
d/b/a BAYVILLE ADVENTURE PARK;
SIXTH AVENUE FOOD SERVICES LTD.;
NEW CASTLE FOODS INC.; DAVEY
JONES LOCKER MANAGEMENT, INC.
d/b/a SHIP WRECK TAVERN;
and 186 WEST 4TH ST. MANAGEMENT
CO. INC. d/b/a OLIVERS BAR &
GRILL,

      Defendants

---

## COMPLAINT

---

### NORRIS MCLAUGHLIN & MARCUS, PA
*Attorneys for Plaintiff*
**875 Third Avenue**
**New York, New York 10022**
**212-808-0700**