UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SYSCO FOOD SERVICES OF METRO
NEW YORK, LLC,

        Plaintiff,                                    08 CV 02958 (BSJ)

    -against-                                    **ANSWER**

JEKYLL AND HYDE, INC., DEACON BRODY         ECF CASE
MANAGEMENT INC. d/b/a JEKYLL &
HYDE GREENWICH VILLAGE and DONALD
R. FINLEY, BAYVILLE ENTERTAINMENT INC.
d/b/a BAYVILLE ADVENTURE PARK, SIXTH
AVENUE FOOD SERVICES LTD., NEW CASTLE
FOODS INC., DAVEY JONES LOCKER
MANAGEMENT, INC. d/b/a SHIP WRECK
TAVERN, AND 186 WEST 4TH ST. MANAGEMENT
CO. INC. d/b/a OLIVERS BAR AND GRILL,

        Defendant.

-----------------------------------------------------------------------x

      Defendants JEKYLL AND HYDE, INC., DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL & HYDE GREENWICH VILLAGE and DONALD R. FINLEY, BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK, SIXTH AVENUE FOOD SERVICES LTD., NEW CASTLE FOODS INC., DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN, AND 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR AND GRILL, by their attorney Lawrence W. Rader, for their answer to the complaint, allege as follows:

      1. Admit the allegations of paragraphs 2 (solely with respect to defendants Jekyll & Hyde, Inc., Bayville Entertainment Inc. and 186 West 4th St. Management Co., Inc., and otherwise denied) and 3 of the complaint.

2. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the complaint.

3. Deny each and every remaining allegation of the complaint.

### FIRST AFFIRMATIVE DEFENSE

On information and belief, plaintiff has its principal place of business in the State of New York, and thus this Court lacks jurisdiction pursuant to 28 U.S.C. § 1332(a).

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over the Second Count, against defendants Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village and Donald Finley, pursuant to 28 U.S.C. § 1332(a), in that it alleges that the matter in controversy is $5643, which does not exceed the sum or value of $75,000, exclusive of interest and costs.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over the Third Count, against defendant Bayville Entertainment Inc. d/b/a Bayville Adventure Park, pursuant to 28 U.S.C. § 1332(a), in that it alleges that the matter in controversy is $1370.93, which does not exceed the sum or value of $75,000, exclusive of interest and costs.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over the Fifth Count, against defendant New Castle Foods Inc., pursuant to 28 U.S.C. § 1332(a), in that it alleges that the matter in controversy is $50,189.60, which does not exceed the sum or value of $75,000, exclusive of interest and costs.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over the Sixth Count, against defendant Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, pursuant to 28 U.S.C. § 1332(a), in that it alleges that the matter in controversy is $26,632.37, which does not exceed the sum or value of $75,000, exclusive of interest and costs.

## SIXTH AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over the Seventh Count, against defendant 186 West 4th St. Management co., Inc. d/b/a Olivers Bar and Grill, pursuant to 28 U.S.C. § 1332(a), in that it alleges that the matter in controversy is $11,789.34, which does not exceed the sum or value of $75,000, exclusive of interest and costs.

## SEVENTH AFFIRMATIVE DEFENSE

The Eighth and Ninth Counts fail to state claims upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The purported signature of defendant Finley on Exhibit H is a forgery.

## NINTH AFFIRMATIVE DEFENSE

Any purported guarantee has terminated, and any purported guarantor has been discharged.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and is not entitled to any equitable relief. Specifically, Plaintiff has not plead any of the required elements to support Plaintiff's request for the extraordinary relief sought in the Ninth Count.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing the purported claims in the Fourth and Seventh Counts in that documentary evidence exists whereby Plaintiff has has admitted that no sums are due.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is no account stated in that all accounts were duly and timely objected to.

### FOURTEENTH AFFIRMATIVE DEFENSE

Except for defendants Jekyll & Hyde, Inc., Bayville Entertainment Inc. and 186 West 4th St. Management Co., Inc. and Donald R. Finley, none of the defendants is an existing jural entity, and they can neither sue nor be sued.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any of the Defendants, as none of the Defendants were properly served with process in this matter.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demands trial by jury on all matters so triable.

WHEREFORE, defendants demand that the complaint be dismissed and that they be awarded the costs and disbursements of this action and such further relief as may be just.

Dated: New York, New York
        May 7, 2008

> LAWRENCE W. RADER
> Attorney for Defendants
> 225 Broadway, Suite 400
> New York, New York 10007
> 212.791.5200