UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

SYSCO FOOD SERVICES OF METRO
NEW YORK, LLC,

        Plaintiff,                             08 CV 02958 (BSJ)

    -against-

JEKYLL AND HYDE, INC., DEACON BRODY
MANAGEMENT INC. d/b/a JEKYLL &
HYDE GREENWICH VILLAGE and DONALD
R. FINLEY, BAYVILLE ENTERTAINMENT INC.
d/b/a BAYVILLE ADVENTURE PARK, SIXTH
AVENUE FOOD SERVICES LTD., NEW CASTLE
FOODS INC., DAVEY JONES LOCKER
MANAGEMENT, INC. d/b/a SHIP WRECK
TAVERN, AND 186 WEST 4TH ST. MANAGEMENT
CO. INC. d/b/a OLIVERS BAR AND GRILL,

        Defendants.

----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO DISMISS
AND IN OPPOSITION TO MOTION TO COMPEL DISCOVERY**

    Defendants' attorney, Lawrence W. Rader, submits this memorandum of law in opposition to plaintiff's motion to compel discovery and for a forensic accounting, and in support of defendants' cross-motion to dismiss all but two of the claims in the complaint.

    This is a simple action for goods sold and delivered. There is no particular reason for it to have been brought in a federal district court, and it demonstrates one of the disadvantages of diversity jurisdiction. While complete diversity apparently exists between the plaintiff, a New Jersey

1

corporation[2], and the defendants, all of whom are New York corporations (that is, the ones which actually exist), only the First and Fourth Counts are facially sufficient, in that they are the only claims which allege more than the minimum jurisdictional amount of $75,000.

Plaintiff seeks to keep all of the defendants in this action, even those against whom plaintiff makes claims for as little as $5643 (Second) and $1370.93 (Third), simply by asserting one catch-all claim alleging commingling of assets and liabilities (Eighth). But as will be shown, the Eighth and Ninth Counts, for appointment of a receiver, should be dismissed for failure to state a claim, and the remaining claims which allege less than $75,000 should be dismissed as well.

As for the plaintiff's motion, there is no basis for an order compelling defendants' depositions, as plaintiff's memorandum admits (See, Pl. Memorandum of Law at p.1 n.1: "Based upon prior correspondence from counsel for defendants to the Court, it appears that defendants will consent to the production of their representatives for depositions."), and there is surely no basis for a forensic accountant in this uncomplicated collection action. Plaintiff cites no authority whatever for the sweeping proposition that a court has the power to order one as a discovery device in a pending action. The plaintiff's motion should thus be denied.

## POINT I

### PLAINTIFF IS NOT ENTITLED TO A FORENSIC ACCOUNTANT.

Plaintiff asks the Court to order that all of the defendants allow a forensic accountant to inspect the latter's books and records, claiming that just because the Eighth Count baldly and conclusorily alleges that defendants intermingled their assets, plaintiff is entitled to disclosure to establish the

---

[2] *But see* First Affirmative Defense, Answer at 2, alleging that plaintiff's principal place of business is in New York, which would destroy diversity, 28 U.S.C. §1332(c)(1).

validity of that allegation. Plaintiff cites no case in support of this frankly ridiculous proposition, totally at variance with the essential principles of pretrial disclosure. Plaintiff also makes no allegations of any such intermingling, such as proof of payment by one defendant to pay the debts of another. The fact is that no such allegations, let alone evidence, exist. There is no basis to compel any party to litigation to open its books and records for such a fishing expedition.

If a plaintiff wishes to serve a document demand seeking the disclosure of existing documents, it is free to do so. In fact this plaintiff has already done so, and defendants have fully complied with their demands. Plaintiff is not, however, entitled to insist that defendants prepare records which do not exist so as to assist plaintiff in preparing for trial, nor do they have any right to wholesale unrestricted access to defendants' books and records. They have cited no authority for such sweeping and invasive disclosure, and defendants have found nothing to support it either. In essence, plaintiff demands a wholesale turnover of all corporate records from all of the defendants. It is clearly and obviously overbroad and must be rejected.

## POINT II

**THE SECOND, THIRD, FIFTH, SIXTH AND SEVENTH COUNTS MUST BE DISMISSED FOR FAILURE TO ALLEGE THE MINIMUM JURISDICTIONAL AMOUNT OF $75,000.**

Defendants cross-move pursuant to F.R.Civ.P. 12(c) to dismiss the Second, Third, Fifth, Sixth and Seventh Counts for lack of jurisdiction, and the Eighth and Ninth Counts for failure to state claims upon which relief may be granted (see Point III, *infra*). Inasmuch as defendants filed an answer to the complaint on May 7, 2008, this is actually a motion for judgment on the pleadings. *Apace Communications, Ltd. v. Burke,* 522 F. Supp. 2d 512 (W.D.N.Y.2007). The standard is the same as that which applies on a Rule 12(b)(6) motion, namely whether plaintiff states facts sufficient to make out a claim

upon which relief can be granted. *George C. Frey Ready-Mixed Concrete Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 n.2 (2d Cir.1977).

Plaintiff, allegedly a Delaware corporation with offices in New Jersey (Complaint, ¶ 1) brings this action against a group of New York corporations and one individual, all of whom are allegedly New York residents.  Plaintiff bases Federal jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, and plaintiff does allege facts sufficient to satisfy the requirement of complete diversity between it and every defendant; *i.e.*, none of the defendants is a citizen of New Jersey.

While defendants assert as their First Affirmative Defense that plaintiff's principal place of business is in New York State (which would destroy diversity), the Court need not determine that issue now.  It is elementary that a claim based upon diversity requires an allegation that damages exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).  Where there are claims against multiple defendants, each and every claim must allege the jurisdictional amount, and the claims cannot be added together for that purpose.  *Sovereign Camp, W. O. W. v. O'Neill*, 266 U.S. 292, 295 (1924)("It is the settled general rule...that in a suit based on diversity of citizenship brought against several defendants...which are separate and distinct...the test of jurisdiction is the amount of each separate claim, and not their aggregate amount"); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2nd Cir.1997).  Aggregation of claims is permissible only when the defendants' liability is joint rather than several.  "In a diversity case involving a single plaintiff and multiple defendants, aggregation of claims is not proper unless the liability to the plaintiff is common, undivided or joint."  *Congram v. Giella*, 1992 U.S. Dist. LEXIS 17230 at *7 (S.D.N.Y. Nov.10, 1992).

Plaintiff, perhaps aware of this obstacle, seeks to get around the jurisdictional limitation by pleading that the defendants are jointly liable.  In the Eighth Count, plaintiff alleges that "[u]pon

information and belief, the plaintiff dealt with all of the defendant entities...and those defendant entities intermingled their assets and liabilities.  Therefore, all of the defendant entities are responsible for payment of the entire amount due and owing to the plaintiff in the total amount of $750,746.46..." (complaint at 12).  However, this conclusory allegation does not state a single fact to support its bare legal conclusion.  Moreover, even if the defendant entities did intermingle their assets and liabilities, that does not render them automatically jointly liable.  Essentially, plaintiffs seeks to pierce the corporate veil, but the law and the facts are against them.  See Point III, *infra.*

Thus without alleging any facts to support joint and several liability, every claim which alleges damages of less than $75,000 must be dismissed.  Thus the Second, Third, Fifth, Sixth and Seventh Counts must be dismissed.

## POINT III

### THE EIGHTH AND NINTH COUNTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Eighth and Ninth counts are subject to dismissal for failure to state a claim.  The Eighth alleges that "[u]pon information and belief, the plaintiff dealt with all of the defendant entities [naming them], and these defendant entities intermingled their assets and liabilities.  Therefore, all of the defendant entities are responsible for payment of the entire amount due and owing to the plaintiff in the total amount of $750.746.46 plus attorney fees pursuant to the credit application or as permitted by law, plus costs."  (Complaint at 11-12).  The Ninth Count says that "[u]pon information and belief, defendants...are insolvent...and a Receiver should be appointed to liquidate these defendants [sic] assets for the benefit of their creditors."

In *Ashcroft v. Iqbal*, 556 U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court recently significantly raised the pleading standards which a complaint must satisfy to survive a motion to dismiss. Under these heightened standards, it is plain that the Eighth and Ninth Counts are completely inadequate, if not frivolous and sanctionable. They were so even under prior law..

In *Ashcroft*, the Supreme Court had occasion to revisit its holding in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), regarding the sufficiency of factual allegations in a complaint. As a result of *Ashcroft*, plaintiffs now face even more of a challenge in their obligation to set out factual assertions in their complaints. Bare conclusions of law are no longer entitled to be assumed true on a motion to dismiss. In *Ashcroft*, the Court said:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...[and] we are not bound to accept as true a legal conclusion couched as a factual allegation... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense....But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.
> 129 S.Ct. at 1949-50 (citations and quotation marks omitted; emphasis added).

When examined in light of this decision, it is obvious that a complaint which alleges, solely on information and belief, that all of the defendants "intermingled their assets and liabilities" and

6

"[t]herefore, all of the defendant entities are responsible for payment of the entire amount" (Complaint at 11-12) is not only insufficient but borders on the frivolous and sanctionable. Similarly, the Ninth Count alleges, again on information and belief, that the defendants "are insolvent, as defendants are unable to meet their pecuniary liabilities as they mature, by available assets or by honest use of credit, and a Receiver should be appointed to liquidate these defendants [sic] assets for the benefit of their creditors."

Plaintiff alleges not one single fact to support these bare conclusions of law, and there is no basis to assume the truth of plaintiff's allegations, which do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "[W]e need not accord [l]egal conclusions, deductions or opinions couched as factual allegations...a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)(quotation marks omitted).

Essentially, in the Eighth Count, plaintiff seeks to pierce the corporate veil, on an alter ego theory. But New York law in this diversity case is squarely against plaintiff. "[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. State Dept. of Taxation & Fin.*, 82 N.Y.2d 135 (1993); *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir 1988). "The corporate veil will not be pierced simply because the same person or persons controlled multiple entities." *Treeline Mineola, LLC v. Berg*, 21 AD3d 1028 (2d Dept.2005). Plaintiff alleges not one fact to support its theory of joint and several liability.

As for the Ninth Count, appointment of a receiver is a provisional remedy. Such remedies are determined pursuant to state law, F.R.Civ.P. 64. "The purpose of a receivership is to protect a party's

interest in property pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y.2000). Under New York law, a motion for a receiver may be made by "a person having an apparent interest in property which is the subject of an action." N.Y.C.P.L.R. 6401(a).  There is no such property here, in this simple action for money.  Thus there is no basis for a receiver, and the Ninth Count must be dismissed.

The Eighth and Ninth Counts should be dismissed for failure to state a claim.  Moreover, since it is obvious that the claims are based upon mere speculation, and not upon unstated facts, plaintiff should not be granted leave to replead.

## CONCLUSION

Based upon the foregoing, the Court should deny the plaintiff's motion and grant the cross-motion, and dismiss the Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth counts of the complaint, and grant such further relief as may be just.

Dated: New York, New York
       June 15, 2009

*Lawrence W. Rader*

LAWRENCE W. RADER
Attorney for Defendants
225 Broadway, Suite 400
New York, New York 10007
212.791.5200