|  |  |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE SOUTHERN DISTRICT OF<br>: NEW YORK |
| Plaintiff, | : |
| v. | : |
| JEKYLL & HYDE, INC.; DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL &HYDE GREENWICH VILLAGE and DONALD R. FINLEY; BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK; SIXTH AVENUE FOOD SERVICES LTD.; NEW CASTLE FOODS INC.; DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN; and 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR & GRILL, | : Civil Case No. 08-cv-02958 |
| Defendants | : |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' CROSS-MOTION AND IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Of Counsel:
    Steven Mitnick
    Admitted *Pro Hac Vice*
    Mitnick & Malzberg, P.C.
    PO Box 429
    29 Race Street
    Frenchtown, New Jersey 08825
    (908) 996-3716
    Counsel for Plaintiff

    Melissa A. Pena (MP-3320)
    Norris, McLaughlin & Marcus
    875 Third Avenue, 18th Floor
    New York, New York 10022
    (212) 808-0700
    Local Counsel for Plaintiff

On the Brief:
    Melissa A. Pena (MP-3320)

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") respectfully submits this Memorandum of Law, which is being offered (i) in opposition to defendants' Cross-Motion to dismiss the Eighth and Ninth Counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Second, Third, Fifth, Sixth and Seventh Counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(c); and (ii) in response to the opposition filed by defendants to Sysco's motion seeking the entry of an Order, pursuant to Federal Rules of Civil Procedure 37 and 26, compelling the depositions of defendant, Donald R. Finely and a representative of defendants with knowledge relating to defendants' accounting records on dates certain;[1] and that defendants make available their books and records for an inspection by plaintiff's forensic accountants (the "Motion") and in further support of the Motion.

## PRELIMINARY STATEMENT

In a desperate effort to avoid producing their documents and records for an inspection by plaintiff's forensic accountants, defendants have filed a meritless Cross-Motion seeking to dismiss various counts of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Defendants have failed to establish the relief requested under either rule.

First, Count VIII of the Complaint sets forth a valid cause of action based on a piercing the corporate veil/alter ego theory under New York law and Count IX sets forth a valid claim for a receiver. Second, given Count VIII of the Complaint asserts a claim for joint and several liability against the defendants, the total amount sought by the plaintiff against each of the defendants must be aggregated for the purposes of determining diversity jurisdiction and, as a

---

[1] In their opposition, defendants agree that they will produce these witnesses for depositions. Nonetheless, plaintiff seeks the entry of an Order establishing dates certain for such depositions. Should the Court enter an Order requiring defendants to make their books and records available for an inspection by plaintiff's forensic accountant, plaintiff requests that the depositions proceed after such inspection. An Order to this effect will ensure that the parties remain on track with discovery.

result, Sysco's claim totaling $750,746.16[2] is well in excess of the jurisdictional threshold. Accordingly and as further demonstrated below, this Court should deny defendants' Cross-Motion to dismiss various counts of the Complaint.

As to Sysco's motion to compel discovery, defendants have failed to set forth any basis which would warrant the denial of such motion. To the contrary, a forensic accounting is relevant to Counts VIII and IX of the Complaint and pursuant to Federal Rules of Civil Procedure 37 and 26, Sysco's motion should be granted.

## LEGAL ARGUMENT

### POINT I

**CONTRARY TO DEFENDANTS' CROSS-MOTION, COUNTS VIII AND IX OF THE COMPLAINT SET FORTH CLAIMS UPON WHICH RELIEF MAY BE GRANTED AND SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it is well-settled law that a court must accept as true the factual allegations raised in the complaint and draw all inferences in favor of the plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993); Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). While "it may appear on the face of the pleading that a recovery is very remote and unlikely[,] that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). See also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (recognizing that the test on a motion to dismiss is to assess the legal feasibility of a complaint and not weigh the evidence). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

---

[2] This figure is what is set forth in the Complaint. Since Sysco's filing of the Complaint, additional invoices have not been paid by defendants and the total amount now due is $764,778.73.

evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 53 F.3d 375, 378 (2d Cir. 1995).

### A. Count VIII of the Complaint Sets Forth a Viable Cause of Action Under an Alter Ego/Piercing the Corporate Veil Theory.

In Count VIII of the Complaint, Sysco has set forth a viable cause of action against the defendant entities under a piercing the corporate veil or alter ego theory. Under New York law, "[t]he corporate veil will be pierced to achieve equity, *even absent fraud*, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego." John John LLC v. Exit 63 Development, LLC, 35 A.D.3d 540, 826 N.Y.S.2d 657 (2d Dep't 2006) (emphasis added). See also Containers Int'l Corp. v Atlanttrafik Exp. Serv. Ltd., 909 F.2d 698, 703 (2d Cir. 1990) ("New York law allows the corporate veil to be pierced either when there is fraud or when the corporation has been used as an alter ego."). In determining whether the corporate veil should be pierced and a corporation should be liable for the debts of another, courts consider the following factors: "whether there is an overlap in ownership, officers, directors and personnel, inadequate capitalization, a *commingling of assets*, or an absence of separate paraphernalia that are part of the corporate form." Island Seafood Company, Inc. v. Goulb Corp., 303 A.D.2d 892, 893, 759 N.Y.S.2d 768, 770(3d Dep't 2003) (emphasis added).

Sysco has set forth a valid cause of action under a piercing the corporate veil theory against the defendant entities. The Complaint alleges, in pertinent part, as follows:

> Upon information and belief, the plaintiffs dealt with all of the defendant entities, Jekyll & Hyde, Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Bayville Entertainment Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Food Inc., Davey Jones Locker Management Inc. d/b/a Ship Wreck Tavern, and 186

3

> West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill, and these
> defendant entities intermingled their assets and liabilities.
>
> Therefore, all of the defendant entities are responsible for payment of the
> entire amount due and owing to the plaintiff in the total amount of
> $750,746.46 plus attorney fees pursuant to the credit application or as
> permitted by law, plus costs.

See Compl. at Count VIII at ¶¶ 1-2. The Complaint further alleges that upon information and belief, defendants are insolvent as they are "unable to meet their pecuniary liabilities as they mature, by available assets or by honest use of credit . . ." Id. at Count IX at ¶ 2.

Clearly, these allegations set forth a valid cause of action to pierce the corporate veil. Sysco is contending that by the manner in which defendants operated vis-a-vie Sysco and their commingling of assets and liabilities, they should be held jointly liable for the amounts due to Sysco under an alter ego theory. In fact, Sysco has even alleged two of the factors considered by the courts in establishing that the corporate veil should be pierced under an alter ego theory – commingling of assets and liabilities and insolvency.

None of the arguments raised by defendants warrant the granting of their Cross-Motion. First and foremost, defendants' reliance on Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.E.2d 868 (2009) is misplaced. While the Ashcroft court recognized that it is not bound to accept as true legal conclusions alleged in a Complaint, Sysco has not set forth a bare legal conclusion. Sysco has not simply alleged that the corporate veil should be pierced because defendants serve as alter egos of each other. Rather, Sysco has asserted factual allegations setting forth a valid claim under the piercing the corporate veil theory by alleging that, upon information and belief, defendants commingled their assets and liabilities and are insolvent.

Moreover, contrary to defendants' representations Ashcroft did not change the pleading requirements set forth in Fed. R. Civ. P. 8. The Ashcroft court recognized that Rule 8 does <u>not</u>

4

require "detailed fact allegations" and merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 1949 citing Fed. R. Civ. P. 8(a)(2). This is consistent with well-settled law as courts recognize that a complaint must simply "give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which is rests." Swierkiewicz v. Sorena, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.E.2d 1 (2002) (emphasis added) (recognizing that the notice pleading standard relies upon liberal discovery rules).

Here, there is no question that Sysco has placed defendants on notice of the claim being asserted against them in Count VIII of the Complaint. Defendants' own Cross-Motion recognizes that Count VIII asserts a claim under a piercing the corporate veil/alter ego theory. While defendants' attack the sufficiency of the factual allegations raised by Sysco in pleading such allegation,[3] this argument should not be indulged by the Court as it requires the Court to weigh the evidence presented by Sysco in direct contravention of the test to be employed on a Rule 12(b)(6) motion.

Furthermore, defendants' contention that Sysco has failed to set forth a single fact to support Count VIII of the Complaint is ironic given defendants have not set forth a shred of evidence to the contrary. Noticeably absent from defendants' Cross-Motion is any declaration by a representative from defendants attesting that the defendants did not commingle their assets and liabilities. In stark contrast, Sysco has offered the Declaration of Charnelle Harvey which

---

[3] To the extent defendants claim that Count VIII does not allege sufficient facts, defendants should have moved for a more directed statement under Fed. R. Civ. P. 12(e). The law is clear that under Fed. R. Civ. P. 8, "[n]o technical forms of pleadings of motions are required . . ." and that "[a]ll pleadings shall be construed as to do substantial justice." See Fed. R. Civ. P. 8(e) and 8(f). Under the liberal pleading standard, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz, *supra* at 514. Given defendants did not move for a more definite statement prior to answering the Complaint and their recognition that Count VIII asserts a piercing the corporate veil claim, the Complaint is sufficient.

sets forth examples of how the defendant entities paid the debts of one another and, thus, commingled their assets and liabilities.

Lastly, defendants' arguments that Sysco has not presented sufficient evidence to sustain a claim under a piercing the corporate veil theory are incredible as defendants have stonewalled Sysco's efforts to obtain additional facts to support its claim by refusing to permit Sysco to conduct a forensic accounting of defendants' books and records. As emphasized in Point III, *infra,* Sysco is entitled to an accounting as it is relevant to Count VIII of the Complaint. Accordingly, this Court should deny defendants' request to dismiss Count VIII of the Complaint.

### B. This Court Should Not Dismiss Count IX of the Complaint.

Under Federal Rule of Civil Procedure 66, this Court has the power, in equity, to appoint a receiver in order to protect a party's interest in property. Fed. R. Civ. Proc. 66. Federal law governs the appointment of a receiver in a diversity action. Varsames v. Palazzolo, 96 F. Supp.2d 361, 365 (S.D.N.Y. 2000) *citing* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (1999). In determining whether a receiver should be appointed, this Court has found the following factors relevant:

> [F]rauduelnt conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value or squandered; the inadequacy of legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the party opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interest in property.

Id.

At this stage of the instant litigation, Sysco respectfully submits that Count IX of the Complaint should not be dismissed. Sysco should have an opportunity to continue with discovery to determine whether there has been fraudulent conduct by the defendants which would warrant the appointment of a receiver. An inspection of defendants' books and records by

Sysco's forensic accountant is essential to Count IX.[4] Upon such discovery, Sysco may establish further evidence of its claim under Count IX. Moreover, should Sysco obtain a judgment on Counts I-VII of the Complaint[5] which seek to collect the amounts due from each of the Defendant Entities, the appointment of a receiver may be deemed appropriate post-judgment.

## POINT II

### THIS COURT MAINTAINS JURISDICTION OVER THIS DISPUTE PURSUANT TO 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In determining whether a claimant has reached the monetary threshold for diversity jurisdiction, courts have repeatedly recognized that when a plaintiff asserts causes of action against multiple defendants, "the pecuniary test of jurisdiction depends on whether the potential liability of the [defendants] is joint and several. . ." E.R. Squibb Sons, Inc. v. Accident & Casualty Insurance Co., 160 F.3d 925, 933 (2d Cir. 1998). If the liability of multiple defendants is of a joint nature, a plaintiff can aggregate the claims against multiple defendants to establish the jurisdictional amount. Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95, 97 (2d Cir. 1941).[6]

---

[4] The discovery conducted could likely reveal a threat that the monies Sysco will seek to collect will be squandered. As set forth in the Declaration of Charnelle Harvey, not only have the defendant entities commingled their own liabilities but, they have commingled the liabilities of other affiliated entities who are not parties to this dispute. See Paragraph 6 of the Harvey Dec. where it appears that Olivers has paid the debts of Slaughtered Lamb, a non-party to this dispute.

[5] By way of a separate motion, Sysco is moving for summary judgment on Counts I through VII of the Complaint.

[6] Significantly, it is undisputed by defendants that where there is a claim of joint liability, such as in the instant case, the aggregation of claims in determining the jurisdictional amount is appropriate. Defendants' memorandum of law in support of its Cross-Motion provides, in pertinent part, as follows:
> Aggregation of claims is permissible only when the defendants' liability is joint rather than several. "In a diversity case involving a single plaintiff and multiple defendants, aggregation of claims is not proper unless the liability to the plaintiff is common, undivided or joint."

See Defendants' Memorandum of Law in Opposition at 4 quoting Congram v. Giella, 1992 U.S. Dist. LEXIS 17230 at *7 (S.D.N.Y. Nov. 10, 1992).

7

Applying the well-settled principles of diversity jurisdiction to the instant case, it is apparent that Count VIII to Sysco's Complaint is fatal to defendants' Cross-Motion to dismiss the Second, Third, Fifth, Sixth and Seventh Counts of the Complaint. As set forth above, in Count VIII of the Complaint, Sysco sets forth a viable cause of action seeking to hold defendants jointly and severally liable for the debts of one another based on a piercing the corporate veil theory. Given Sysco has set forth a valid cause of action for joint and several liability against the defendants, Sysco may aggregate the separate claims, which it asserts against each individual defendant to meet the jurisdictional threshold set forth in 28 U.S.C. § 1332(a)(1). As the aggregate value of the claims asserted by Sysco against the defendants totals $750,746.16, well in excess of $75,000, defendants' Cross-Motion to dismiss the Second, Third, Fifth, Sixth and Seventh Counts of the Complaint should be denied.

Recognizing that the aggregation of Sysco's claims against the individual defendants is appropriate to determine diversity jurisdiction, defendants are left to frivolously argue that Count VIII fails to state a cause of action. As discussed in Point I, *supra,* defendants' arguments have no merit.

Moreover, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by plaintiff controls if the claim is apparently made in good faith." Felipe v. Target Corp., 572 F. Supp.2d 455, 458 (S.D.N.Y. 2008). See also DeLorenzo v. FDIC, 259 F.Supp. 193, 196 (S.D.N.Y. 1966) (emphasizing that "only if it appears from the face of the pleadings to a legal certainty that plaintiff cannot recover the jurisdictional amount will suit be dismissed."). The law is clear that a jurisdictional determination should be based on the Complaint and not on the underlying merits of a claim. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (1982). The Second Circuit has emphasized that:

> We have not . . . held that defenses asserted on the merits may be considered and adjudicated on jurisdictional motions. Were the law otherwise, the orderly progress of litigation would be disrupted, and doubt and ambiguity would surround the jurisdictional base of most diversity litigation from complaint to final judgment. Issues going to a federal court's power to decide would be hopelessly confused with the merits themselves. Constitutional questions as to the right to have a jury determine factual issues would lurk in every jurisdictional motion. For these reasons, motions to dismiss for lack of a sufficient amount in controversy must be directly solely to plaintiff's allegations.

Id. at 202.

Here, defendants attempt to do what the Second Circuit has warned against – litigate the merits of Count VIII in connection with a jurisdictional motion to dismiss various counts of the Complaint. As Sysco can establish that there is no basis to dismiss Count VIII on the pleadings, as discussed in Point I, *supra*, defendants should not be permitted to adjudicate the merits of Count VIII of the Complaint in an effort to deprive this Court of diversity jurisdiction. This Court should simply rely on the well-pled allegations of the Complaint and find that by virtue of Count VIII of the Complaint and the amounts at issue, the Court has jurisdiction over this matter.

## POINT III

### PLAINTIFFS ARE ENTITLED TO THE ENTRY OF AN ORDER ALLOWING FOR AN INSPECTION OF THE DEFENDANTS' BOOKS AND RECORDS BY A FORENSIC ACCOUNTANT.

While defendants contend that Sysco has not set forth any legal authority to support its request for an inspection by plaintiff's forensic accountant, this argument wholly ignores the standard set forth in Federal Rule of Civil Procedure 26(b)(1), as relied upon by Sysco, which provides that a party may obtain discovery on "any matter, not privileged, that is **relevant** to [a] claim or defense . . ." Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Clearly, an inspection of defendants' books and records is relevant to Count VIII of the Complaint whereby plaintiff alleges that defendants are jointly and severally liable for the debt due to plaintiff on the grounds

9

that, upon information and belief, "the defendant entities intermingled their assets and liabilities." See Compl. at Eighth Count.

In an effort to mask the relevance of a forensic accounting inspection to the Eighth Count of the Complaint, defendants argue that an inspection is not warranted as plaintiff "makes no allegations of such intermingling, such as proof of payment by one defendant to pay the debts of another." See Defendants' Memorandum of Law in Opposition at 3. Significantly, defendants do not offer a Declaration attesting that the defendant entities have never paid the debts of one another. The Declaration of Charnelle Harvey is at odds with this argument as it establishes that the defendant entities paid the debts of one another.

Incredibly, while defendants claim that Sysco has not set forth a basis for the requested relief, defendants' opposition fails to set forth a single case where a court denied an inspection by forensic accountants based on factually circumstances akin to the instant case.

Furthermore, defendants' opposition highlights why an inspection by a forensic accountant is necessary. Defendants argue that Sysco is not entitled to insist that defendants prepare records. Sysco has never requested that defendants prepare a single document for the contemplated inspection. In fact, Sysco only seeks to have its accountant review the defendants' records as they exists in their current form. The fact that defendants believe that they may need to prepare separate accounting records warrants the granting of the relief requested herein.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant its motion.

Dated: New York, New York
      July 24, 2009                NORRIS, McLAUGHLIN & MARCUS PA

                                      By: /s/ Melissa A. Peña
                                           Melissa A. Peña (MP-3320)
                                           875 Third Avenue, 18th Floor
                                           New York, N.Y. 10022
                                           (908) 722-0700
                                           *Local Counsel for Plaintiff Sysco Food Services of Metro New York*

                                   -and-


Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
*Counsel for Plaintiff Sysco Food Services of Metro New York*