| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC<br><br>    Plaintiff,<br><br>v.<br><br>JEKYLL & HYDE, INC.; DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL &HYDE GREENWICH VILLAGE and DONALD R. FINLEY; BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK; SIXTH AVENUE FOOD SERVICES LTD.; NEW CASTLE FOODS INC.; DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN; and 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR & GRILL,<br><br>    Defendants | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Case No. 08-cv-02958 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I, II, III, IV, V, VI AND VII OF THE COMPLAINT**

Of Counsel:

    Steven Mitnick
    Admitted *Pro Hac Vice*
    Mitnick & Malzberg, P.C.
    PO Box 429
    29 Race Street
    Frenchtown, New Jersey 08825
    (908) 996-3716
    Counsel for Plaintiff

    Melissa A. Pena (MP-3320)
    Norris, McLaughlin & Marcus
    875 Third Avenue, 18th Floor
    New York, New York 10022
    (212) 808-0700
    Local Counsel for Plaintiff

On the Brief:
    Melissa A. Pena (MP-3320)

## **PRELIMINARY STATEMENT**

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") brings this action against defendants, Jekyll & Hyde, Inc. ("Jekyll"), Decan Brody Management Inc., d/b/a/ Jekyll & Hyde Greenwich Village ("Jekyll-Greenwich"), Bayville Entertainment Inc. d/b/a Bayville Adventure Park ("Bayville"), Sixth Avenue Foods Services Ltd. ("Sixth Avenue"), New Castle Foods Inc. ("New Castle"), Davey Jones Locker Management, Inc. d/b/a Ship Wreck Tavern ("Ship Wreck"), and 186 West 4th Street Management Co. Inc. d/b/a Olivers Bar & Grill ("Olivers") (collectively referred to as the "Defendant Entities") and defendant, Donald Finley, as a result of defendants' failure to remit payment due on various invoices for goods sold and delivered by Sysco. The invoices evidence the Defendant Entities' orders for the purchase of food and related products (the "Goods") supplied by Sysco to defendants. These sale transactions are governed by the standard terms and conditions governing Sysco's sales as set forth on its credit application and the provisions of New York's *Uniform Commercial Code*.

The Defendant Entities' payment obligations to Sysco for the Goods are clear and without dispute. The Defendant Entities ordered the Goods, accepted delivery of the Goods and have failed to remit payment as agreed upon. Therefore, Sysco is entitled to judgment on Counts I, II, III, IV, V, VI, and VII of the Complaint, which seek to recover the outstanding amounts due and owing from the Defendant Entities on the subject book accounts.

Furthermore, Sysco can establish a *prima facie* case of liability against Donald Finley on a personal guaranty he executed obligating himself to pay any monies due and owing from Jekyll-Greenwich to Sysco. Sysco can establish the existence of the guaranty, that Finely executed the guaranty and that Jekyll-Greenwich has failed to pay various invoices due and owing to Sysco. Accordingly, Sysco is entitled to judgment on Count II of the Complaint against

Finley, which seeks to recover under the guaranty.

Based on the foregoing and as further demonstrated below, Sysco is entitled to entry of an order granting final summary judgment against the Defendant Entities on Counts I, II, III, IV, V, VI, and VII of the Complaint for the amount of the unpaid invoices plus attorneys' fees and costs as provided for in the standard terms and conditions governing the sales.[1]

## STATEMENT OF UNDISPUTED FACTS

As its Statement of Material Facts, Sysco adopts the facts set forth in its Statement pursuant to Local Rule 56.1 and the Declaration of Charnelle Harvey, submitted simultaneously herewith, which are incorporated herein by reference.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS ONE THROUGH SEVEN OF THE COMPLAINT.

Federal Rule of Civil Procedure 56 provides in relevant part that summary judgment is proper, ". . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that *there is no genuine issue as to any material fact and* that *the movant is entitled to judgment as a matter of law . . .*" Fed. R. Civ. P. 56(c) (emphasis added). The role of the Court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.E.2d 202 (1985).

While the burden is on the moving party to show that there is not a genuine issue of material fact, upon such showing, the burden of proof shifts to the party opposing summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.E.2d 265

---

[1] Sysco is not moving for summary judgment on Count VIII of the Complaint, which seeks to hold the Defendant Entities jointly and severally liable for the debts of one another, and Count IX of the Complaint, which seeks the appointment of a receiver.

2

(1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts; [i]t must show there is sufficient evidence to support a jury verdict in [its] favor." Matsushita Elc. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.E.2d 538 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, *supra* at 248. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (recognizing that summary judgment is proper when reasonable minds could not differ as to the import of the evidence).

As demonstrated below, Plaintiff can establish that it is entitled to summary judgment on Counts I, II, III, IV, V, VI, and VII of the Complaint. It cannot be disputed that the defendants have failed to pay the invoices due and owing to Plaintiff nor can defendant, Donald Finley contest the fact that he executed a Personal Guaranty whereby he agreed to pay the indebtedness owed by defendant, Jekyll-Greenwich to Sysco. Accordingly, the entry of judgment against defendants on Counts I through VII of the Complaint is appropriate.

**A.    As a Matter of Law, the Defendant Entities are Liable to Plaintiff for the Indebtedness Incurred on the Invoices.**

The record for the instant case establishes that each of the Defendant Entities is liable to Sysco for the indebtedness due and owing on the various invoices. The transactions at issue are governed by the parties' agreement and applicable provisions of *New York's Uniform Commercial Code* (the *"UCC"*). UCC § 2-606 specifically identifies what conduct constitutes the acceptance of goods, and provides as follows:

>     (1)    Acceptance of goods occurs when the buyer
>
>           (a)    after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or

    (b)    fails to make an effective rejection (subsection (1) of Section 2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

    (c)    does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

(2)    Acceptance of a part of any commercial unit is acceptance of that entire unit.

Id.

New York courts have consistently held that "[r]etention of goods without a seasonable notice of revocation of acceptance constitutes acceptance of such goods[.]" New York City Off-Track Betting Corp. v. Safe Factory Outlet, Inc., 28 A.D.3d 175, 809 N.Y.S.2d 70, issued 2006 WL 396659 (1st Dept. 2006). The receipt and retention of goods by the agent of the buyer also constitutes an acceptance. Edward F. Dibble Seedgrower v. Jones, 130 Misc. 359, 223 N.Y.S. 785 (N.Y. Sup. Stuben Cty. 1927). "If the seller has made a tender which in all respects conforms to the contract, the buyer has a positive duty to accept and his (sic) failure to do so constitutes a 'wrongful rejection' which gives the seller immediate remedies for breach." See Y & N Furniture Inc. v. Nwabuoku, 190 Misc.2d 402, 734 N.Y.S.2d 382 (N.Y. City Civ. Ct. 2001).

The effect of acceptance of goods is codified under *UCC* § 2-607, which sets forth the obligations imposed upon the buyer, and provides:

(1)    The buyer must pay at the contract rate for any goods accepted.

(2)    Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the non-conformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this Article for non-conformity.

(3)    Where a tender has been accepted

4

  (a)  the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and

  (b)  if the claim is one for infringement or the like (subsection (3) of Section 2-312) and the buyer is sued as a result of such a breach he must so notify the seller within a reasonable time after he receives notice of the litigation or be barred from any remedy over for liability established by the litigation.

  (4)  The burden is on the buyer to establish any breach with respect to the goods accepted.

Once a buyer accepts goods, a seller is entitled to recover the contract price. See <u>Cayuga Press of Ithaca Inc. v. Lithografiks Inc.</u>, 211 A.D.2d 908, 621 N.Y.S.2d 187 (3d. Dept. 1995). "Proof that goods sold have been delivered and accepted and remain unpaid for establishes a *prima facie* case of liability on the part of the buyer for the purchase price." <u>Nathan Kronman & Co. v. Isaac Silver & Bros.</u>, 198 N.Y.S. 510 (1st Dep't 1923).

In the present case, Sysco can demonstrate its *prima facie* right to summary judgment as evidenced by the facts set forth in the Declaration of Charnelle Harvey and exhibits attached thereto. There is no question that the Defendant Entities ordered the Goods, that Sysco has delivered the Goods and that the Defendant Entities accepted all of the Goods. See Harvey Dec. at ¶¶ 5, 7, 8, 13, 15, 16, 22, 24, 25, 30, 32, 33, 38, 40, 41, 46, 48, 49, 54, 56 and 57. None of the Defendant Entities have ever provided Sysco with a notice rejecting any of the goods nor have they provided Sysco with any notice that the goods were nonconforming in any respect. See <u>Id.</u> at ¶¶ 9, 10, 17, 18, 26, 27, 34, 35, 42, 43, 50, 51, 58 and 59. The Defendant Entities retained possession and presumably utilized the Goods, have failed to remit payment, have ignored Syscos' written demand for payment, and are now liable in accordance with the parties' agreement. See <u>Id.</u> at ¶¶ 13, 21, 29, 37, 45, 53 and 61. Accordingly, Sysco respectfully submits

that it is entitled to entry of final summary judgment against the Defendant Entities for all amounts due and owing pursuant to the subject invoices as a matter of law.

    **B.    Sysco Can Establish a *Prima Facie* Case of Liability Against Defendant, Donald Finley, Under the Guaranty.**

To set forth a *prima facie* case of liability, as a matter of law, on a guaranty agreement, plaintiff must establish (i) the existence of an underlying agreement, (ii) a personal guaranty bearing the defendant's signature and (iii) defendant's failure to make payment in accordance with the guaranty. North Fork Bank Corp. v. Graphics Forms Associates, Inc., 36 A.D.3d 676, 828 N.Y.S.2d 194 (2d Dep't 2007). See also JP Morgan Chase Bank v. Gamut-Mitchell, Inc., 27 A.D.3d 622, 811 N.Y.S.2d 777 (2d Dep't 2006) ("[P]laintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting proof of the underlying credit agreement, the guarantee bearing [the defendant's] signature, and the failure to make payments in accordance with the terms of the credit agreement and the guarantee."). When the terms of a guaranty are unambiguous and clear, the party executing the guaranty should be bound by the agreement and there is no triable issue of fact as to liability. Sullivan County Wholesalers, Inc. v. Cornwall Construction Co., Inc., 90 A.D.2d 914, 457 N.Y.S.2d 140 (3d Dep't 1982).

New York courts have granted a plaintiff's motion for summary judgment on guarantees contained in credit applications when the plaintiff can demonstrate the existence of the underlying obligation, the guarantee and the failure of the obligor to make payment. See Avon Electrical Supplies v. H.J. Melichar & Sons, Inc., 2008 WL 4635543 (Sup. Ct. Nassau Cty. 2008); Dalis v. Malzone, 2004 WL 2659577 (App. Term. 2004).

Sysco can establish a *prima facie* case of liability against defendant, Donald Finley by virtue of the credit application submitted by Jekyll-Greenwich to Sysco. By way of the credit

application, Jekyll-Greenwich requested that Sysco supply goods to the company on credit.  <u>See</u> Exhibit "E" to Dec.  The application further provides, in pertinent part, as follows:

> The undersigned personally guarantee payment in full of all indebtedness of the customer to SYSCO now existing or hereinafter incurred including any and all services charges, collection costs and attorneys' fees incurred as specified above, and waive any presentment, demand, protest, and any other notice from SYSCO regarding this guarantee of payment.  This guarantee will cover all sales whether or not the terms requested are COD.  The use of corporate titles shall not limit the personal liability of the signatory.

<u>See</u> Exhibit "E" to Harvey Dec. at 2.  The application is executed by Finley.

Based on the plain language of the credit agreement executed by Finely, Finley is liable for the monies due and owing from Jekyll-Greenwich to Sysco.  As Jekyll-Greenwich has failed to pay the amounts of $5,806.62 due to Sysco as set forth in the Declaration of Charnelle Harvey, Sysco is entitled to summary judgment against defendant, Donald Finley, in the amount of $5,806.62.

## POINT III

### SYSCO IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS.

It is well-settled law in New York that a prevailing party may collect attorneys' fees and disbursements from the adverse party when "an award is authorized by agreement between the parties or by statute or court rule." <u>Matter of A.G. Ship Maint. Corp. v Lezak</u>, 69 N.Y.2d 1, 5, 503 N.E.2d 681, 511 N.Y.S.2d 216 (1986).  The party seeking the attorneys' fees must demonstrate "the nature and extent of the services, the actual time spent, the necessity [of services], the nature of the issues involved, the professional standing of counsel, and the results achieved." <u>Jordan v. Freeman</u>, 40 A.D.2d 656, 336 N.Y.S.2d 671 (1st Dep't 1972).

In the present matter, Sysco's contractual right to recover attorneys' fees is set forth clearly in the standard terms and conditions which govern the sale of Goods to the Defendant

Entities. See Exhibit "E" to Harvey Dec. The standard terms and conditions provide as follows:

> In the event that there is a delinquency in payment, the undersigned agree that a service charge of 1½ % per month will be imposed on the balance due, and in the event of a default in payment, that the customer will pay to SYSCO all collection costs and an attorney's fee of one-third of the amount due . . .

Id. It cannot be disputed that Sysco has performed as agreed by delivering the Goods to the Defendant Entities and that the Defendant Entities failed to make payment to Sysco as agreed. As a result, Sysco is entitled to recover all costs it has incurred in this action plus attorneys' fees in an amount not to exceed one third of the amount due from defendants, as set forth in the Declarations of Counsel submitted herewith.

## CONCLUSION

For all of the foregoing reasons, Sysco respectfully requests entry of final judgment in its favor on Counts I, II, III, IV, V, VI and VII of the Complaint against defendants.

NORRIS MCLAUGHLIN & MARCUS, P.A.

/s/ Melissa A. Peña
Melissa A. Peña (MP-3320)
875 Third Avenue, 18th Floor
New York, New York 10022
(212) 808-0700
*Local Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*
-and-
Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
*Co-Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*

Dated:  July 24, 2009
        New York, New York