Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel for Plaintiff

Melissa A. Peña, Esq. (MP-3320)
Norris, McLaughlin & Marcus
875 Third Avenue, 18th Floor
New York, New York 10022
(212) 808-0700
Local Counsel for Plaintiff

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JEKYLL & HYDE, INC.; DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL & HYDE GREENWICH VILLAGE and DONALD R. FINLEY; BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK; SIXTH AVENUE FOOD SERVICES LTD.; NEW CASTLE FOODS INC.; DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN; and 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR & GRILL,<br><br>                              Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Case No. 08-cv-02958<br><br>DECLARATION OF CHARNELLE HARVEY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, Charnelle Harvey, declare, under the penalty of perjury, as follows:

1.      I am the Director of Credit of plaintiff, Sysco Food Services of Metro New York,

LLC ("Sysco").  In this capacity, my responsibilities include overseeing the collection of

delinquent accounts for Sysco.  I am familiar with the facts of this case based on my personal knowledge and my review of the books and records that Sysco maintains in the ordinary course of its business.

2.      I submit this Declaration in support of Sysco's Motion for Partial Summary Judgment with respect to Counts I, II, III, IV, V, VI and VII of the Complaint awarding to Sysco judgment on such counts in the total sum of $764,778.73 that is now due and owing to Sysco from defendants together with contractual attorneys' fees and costs of suit.

3.      Sysco is a company incorporated in the State of Delaware with office located at 20 Theodore Conrad Drive, Jersey City, New Jersey.  It is engaged in the business of distributing food and related products (the "Goods") to restaurants, hospitals, schools and other business which serve food.

4.      Defendants, Jekyll & Hyde, Inc. ("Jekyll"), Decan Brody Management Inc., d/b/a/ Jekyll & Hyde Greenwich Village ("Jekyll-Greenwich"), Bayville Entertainment Inc. d/b/a Bayville Adventure Park ("Bayville"), Sixth Avenue Foods Services Ltd. ("Sixth Avenue"), New Castle Foods Inc. ("New Castle"), Davey Jones Locker Management, Inc. d/b/a Ship Wreck Tavern ("Ship Wreck"), and 186 West 4th Street Management Co. Inc. d/b/a Olivers Bar & Grill ("Olivers") (collectively referred to as the "Defendant Entities") each established open book accounts with Sysco to purchase Goods from Sysco in return for payment.  As detailed below, the Defendant Entities each placed orders for Goods and there remains the aggregate sum of $764,778.73 due from the Defendant Entities.

5.      Defendant, Donald Finley is the principal of the Defendant Entities and guaranteed any monies due and owing from Jekyll-Greenwich to Sysco.

2

**Jekyll**

6.      Jekyll placed a series of orders for Goods from Sysco during the period from January, 2005 through March, 2008 agreeing to remit payment when the invoices came due.

7.      Sysco issued various invoices to Jekyll for the Goods during this time period. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

8.      Sysco delivered the Goods set forth on the invoices.

9.      Jekyll accepted the delivery of the Goods set forth on the invoices.

10.     Jekyll did not notify Sysco of any rejection of the Goods set forth on the invoices.

11.     Jekyll did not notify Sysco at any time that the Goods did not conform to what Jekyll had ordered.

12.     Jekyll did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

13.     Jekyll has failed to remit payment or remitted only partial payment on the invoices issued to Jekyll attached hereto as Exhibit "A". These invoices are summarized on the Account Statement for Jekyll attached hereto as Exhibit "B", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid. The amount currently due and owing from Jekyll totals $205,212.64.

**Jekyll-Greenwich**

14.     Jekyll-Greenwich placed a series of orders for Goods from Sysco during the period from August, 2006 through March, 2008 agreeing to remit payment when the invoices came due.

15.     Sysco issued various invoices to Jekyll-Greenwich for the Goods during this time period. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

16.     Sysco delivered the Goods set forth on the invoices.

17.     Jekyll-Greenwich accepted the delivery of the Goods set forth on the invoices.

18.     Jekyll-Greenwich did not notify Sysco of any rejection of the Goods set forth on the invoices.

19.     Jekyll-Greenwich did not notify Sysco at any time that the Goods did not conform to what Jekyll-Greenwich had ordered.

20.     Jekyll-Greenwich did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

21.     Jekyll-Greenwich has failed to remit payment or remitted only partial payment on the invoices issued to Jekyll-Greenwich attached hereto as Exhibit "C". These invoices are summarized on the Account Statement for Jekyll-Greenwich attached hereto as Exhibit "D", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid. The amount currently due and owing from Jekyll-Greenwich totals $5,806.62.

22.     Defendant, Donald Finley, personally guaranteed the monies due and owing to Sysco from Jekyll-Greenwich pursuant to a credit application executed by Finley. Annexed hereto as Exhibit "E" is a true and accurate copy of the credit application. The application provides, in pertinent part, as follows:

> The undersigned personally guarantee payment in full of all indebtedness of the customer to SYSCO now existing or hereinafter incurred including any and all services charges, collection costs and attorneys' fees incurred as specified above, and waive any presentment, demand, protest, and any other notice from SYSCO regarding this guarantee of payment. This

4

guarantee will cover all sales whether or not the terms requested are COD.
The use of corporate titles shall not limit the personal liability of the
signatory.

Exhibit "E" at 2.

**Bayville**

23.    Bayville placed a series of orders for Goods from Sysco during the period from

August, 2007 through March, 2008 agreeing to remit payment when the invoices came due.

24.    Sysco issued various invoices to Bayville for the Goods during this time period.

The invoices identify items purchased, the quantity, the cost, and when each payment is due

thereon.

25.    Sysco delivered the Goods set forth on the invoices.

26.    Bayville accepted the delivery of the Goods set forth on the invoices.

27.    Bayville did not notify Sysco of any rejection of the Goods set forth on the

invoices.

28.    Bayville did not notify Sysco at any time that the Goods did not conform to what

Bayville had ordered.

29.    Bayville did not notify Sysco of any objection to the price of the Goods set forth

on the invoices.

30.    Bayville has failed to remit payment or remitted only partial payment on the

invoices issued to Bayville attached hereto as Exhibit "F".  These invoices are summarized on

the Account Statement for Bayville attached hereto as Exhibit "G", with an asterisk (*) denoting

the invoices which have not been paid or have been partially paid.  The amount currently due and

owing from Bayville totals $1,407.31.

**Sixth Avenue**

31.     Sixth Avenue placed a series of orders for Goods from Sysco during the period from August, 2006 through March, 2008 agreeing to remit payment when the invoices came due.

32.     Sysco issued various invoices to Sixth Avenue for the Goods during this time period.  The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

33.     Sysco delivered the Goods set forth on the invoices.

34.     Sixth Avenue accepted the delivery of the Goods set forth on the invoices.

35.     Sixth Avenue did not notify Sysco of any rejection of the Goods set forth on the invoices.

36.     Sixth Avenue did not notify Sysco at any time that the Goods did not conform to what Jekyll had ordered.

37.     Sixth Avenue did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

38.     Sixth Avenue has failed to remit payment or remitted only partial payment on the invoices issued to Sixth Avenue attached hereto as Exhibit "H".  These invoices are summarized on the Account Statement for Sixth Avenue attached hereto as Exhibit "I", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid.  The amount currently due and owing from Sixth Avenue totals $457,335.66.

**New Castle**

39.     New Castle placed a series of orders for Goods from Sysco during the period from December, 2006 through March, 2008 agreeing to remit payment when the invoices came due.

40.    Sysco issued various invoices to New Castle for Goods during this time period. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

41.    New Castle delivered the Goods set forth on the invoices.

42.    New Castle accepted the delivery of the Goods set forth on the invoices.

43.    New Castle did not notify Sysco of any rejection of the Goods set forth on the invoices.

44.    New Castle did not notify Sysco at any time that the Goods did not conform to what New Castle had ordered.

45.    New Castle did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

46.    New Castle has failed to remit payment or remitted only partial payment on the invoices issued to New Castle attached hereto as Exhibit "J". These invoices are summarized on the Account Statement for New Castle attached hereto as Exhibit "K", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid. The amount currently due and owing from New Castle totals $50,189.60.

**Ship Wreck**

47.    Ship Wreck placed a series of orders for Goods from Sysco during the period from November, 2006 through February, 2008 agreeing to remit payment when the invoices came due.

48.    Sysco issued various invoices to Ship Wreck for the Goods during this time period. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

49.     Sysco delivered the Goods set forth on the invoices.

50.     Ship Wreck accepted the delivery of the Goods set forth on the invoices.

51.     Ship Wreck did not notify Sysco of any rejection of the Goods set forth on the invoices.

52.     Ship Wreck did not notify Sysco at any time that the Goods did not conform to what Ship Wreck had ordered.

53.     Ship Wreck did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

54.     Ship Wreck has failed to remit payment or remitted only partial payment on the invoices issued to Ship Wreck attached hereto as Exhibit "L". These invoices are summarized on the Account Statement for Ship Wreck attached hereto as Exhibit "M", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid. The amount currently due and owing from Ship Wreck totals $26,632.37.

**Olivers**

55.     Olivers placed a series of orders for Goods from Sysco during the period from March, 2007 through March, 2008 agreeing to remit payment when the invoices came due.

56.     Sysco issued various invoices to Olivers for the Goods during this time period. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon.

57.     Sysco delivered the Goods set forth on the invoices.

58.     Olivers accepted the delivery of the Goods set forth on the invoices.

59.     Olivers did not notify Sysco of any rejection of the Goods set forth on the invoices.

8

60.    Olivers did not notify Sysco at any time that the Goods did not conform to what Olivers had ordered.

61.    Olivers did not notify Sysco of any objection to the price of the Goods set forth on the invoices.

62.    Olivers has failed to remit payment or remitted only partial payment on the invoices issued to Olivers attached hereto as Exhibit "N". These invoices are summarized on the Account Statement for Olivers attached hereto as Exhibit "O", with an asterisk (*) denoting the invoices which have not been paid or have been partially paid. The amount currently due and owing from Olivers totals $18,194.53.

**The Standard Terms and Conditions for the Sale of the Goods**

63.    The standard terms and conditions of the sale of Goods by Sysco to Jekyll-Greenwich is annexed hereto as Exhibit "E". The exact terms and conditions govern the Goods sold by Sysco to each of the Defendant Entities.

64.    The standard terms and conditions provide as follows:

> In the event that there is a delinquency in payment, the undersigned agree that a service charge of 1½ % per month will be imposed on the balance due, and in the event of a default in payment, that the customer will pay to SYSCO all collection costs and an attorney's fee of one-third of the amount due . . .

Exhibit "E" at 2.

65.    Despite Sysco's demand, each of the Defendant Entities has failed to remit payment to Sysco.

66.    Sysco retained the law firms of Mitnick & Malzberg and Norris McLaughlin & Marcus, P.A., as its local counsel, to represent its interests in this matter on an hourly fee basis, plus disbursements. I have reviewed the Declarations of Steven Mitnick and Melissa A. Peña

9

which details the various legal services that have been rendered, and the invoices for services rendered and find that the services rendered and fees charged are reasonable and necessary to protect Sysco's interests. Therefore, it is requested that the Court award Sysco its contractual attorneys' fees in the amount of $22,980.64[1], which is one-third of the amount due from the Defendant Entities.

67.    The following chart outlines the amounts due from each of the Defendant Entities:

| | |
|---|---|
| Outstanding Balance due on Invoices from Jekyll | $205,212.64 |
| Outstanding Balance due on Invoices from Jekyll-Greenwich and Finley per Personal Guaranty | $5,806.62 |
| Outstanding Balance due on Invoices from Bayville | $1,407.31 |
| Outstanding Balance due on Invoices from Sixth Avenue | $457,335.66 |
| Outstanding Balance due on Invoices from New Castle | $50,189.60 |
| Outstanding Balance due on Invoices from Ship Wreck | $26,632.37 |
| Outstanding Balance due on Invoices from Olivers | $18,194.53 |
| **Total Amount Due from Defendants** | $764,778.73 |

68.    Based on the foregoing reasons, as well as those set forth in the accompanying Memorandum of Law, Sysco respectfully requests that the Court grant Sysco's Motion for Partial Summary Judgment on Counts I, II, III, IV, V, VI and VII of the Complaint against the Defendant Entities, awarding Sysco the amounts set forth in the above-chart plus attorneys' fees and collection costs.

Dated:  July 24, 2009

CHARNELLE HARVEY

---

[1] As set forth in the Declaration of Melissa A. Peña, this amount does not include attorneys' fees and costs for the month of July 2009 when Norris McLaughlin & Marcus prepared an opposition to defendants' cross-motion to dismiss and the within summary judgment motion.  Norris McLaughlin & Marcus will provide the Court with an updated Declaration of Counsel Fees prior to the return date of this motion.