Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel for Plaintiff

Melissa A. Peña, Esq. (MP-3320)
Norris, McLaughlin & Marcus
875 Third Avenue, 18th Floor
New York, New York 10022
(212) 808-0700
Local Counsel for Plaintiff

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JEKYLL & HYDE, INC.; DEACON BRODY MANAGEMENT INC. d/b/a JEKYLL & HYDE GREENWICH VILLAGE and DONALD R. FINLEY; BAYVILLE ENTERTAINMENT INC. d/b/a BAYVILLE ADVENTURE PARK; SIXTH AVENUE FOOD SERVICES LTD.; NEW CASTLE FOODS INC.; DAVEY JONES LOCKER MANAGEMENT, INC. d/b/a SHIP WRECK TAVERN; and 186 WEST 4TH ST. MANAGEMENT CO. INC. d/b/a OLIVERS BAR & GRILL,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Case No. 08-cv-02958<br><br>PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1 |

Pursuant to Local Rule 56.1, plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") submits the following Statement of Material Facts:

1. Sysco is a company incorporated in the State of Delaware with office located at 20 Theodore Conrad Drive, Jersey City, New Jersey. Harvey Dec. at ¶ 3.

2. Sysco is engaged in the business of distributing food and related products (the "Goods") to restaurants, hospitals, schools and other business which serve food. Id.

3. Defendants, Jekyll & Hyde, Inc. ("Jekyll"), Decan Brody Management Inc., d/b/a/ Jekyll & Hyde Greenwich Village ("Jekyll-Greenwich"), Bayville Entertainment Inc. d/b/a Bayville Adventure Park ("Bayville"), Sixth Avenue Foods Services Ltd. ("Sixth Avenue"), New Castle Foods Inc. ("New Castle"), Davey Jones Locker Management, Inc. d/b/a Ship Wreck Tavern ("Ship Wreck"), and 186 West 4th Street Management Co. Inc. d/b/a Olivers Bar & Grill ("Olivers") (collectively referred to as the "Defendant Entities") each established open book accounts with Sysco to purchase Goods from Sysco in return for payment. Id. at ¶ 4.

4. Defendant, Donald Finley is the principal of the Defendant Entities. Id. at ¶ 5.

5. Finley guaranteed all monies due and owing from Jekyll-Greenwich to Sysco pursuant to a credit application submitted by Jekyll-Greenwich to Sysco which provides as follows:

> The undersigned personally guarantee payment in full of all indebtedness of the customer to SYSCO now existing or hereinafter incurred including any and all services charges, collection costs and attorneys' fees incurred as specified above, and waive any presentment, demand, protest, and any other notice from SYSCO regarding this guarantee of payment. This guarantee will cover all sales whether or not the terms requested are COD. The use of corporate titles shall not limit the personal liability of the signatory.

Id. at ¶ 21; see also Exhibit "E" to Harvey Dec.

6. Defendant Entities placed a series of orders for the Goods from Sysco during the period from 2005 through 2008 agreeing to remit payment when the invoices came due. Harvey Dec. at ¶¶ 5, 13, 22, 30, 38, 46 and 54.

7. Sysco issued various invoices to the Defendant Entities during this time period. Id. at ¶¶ 6, 14, 23, 31, 39, 47 and 55; see also Exhibits A-D and F-O to Harvey Dec.

8. The invoices identify items purchased, the quantity, the cost, and when each payment is due thereon. Id.

9. Sysco delivered the Goods set forth on the invoices to the Defendant Entities. Id. at ¶¶ 7, 15, 24, 32, 40, 48 and 56.

10. Each of the Defendant Entities accepted the delivery of the Goods set forth on the invoices. Id. at ¶¶ 8, 16, 25, 33, 41, 49 and 57.

11. None of the Defendant Entities ever notified Sysco of any rejection of the Goods set forth on the invoices. Id. at ¶¶ 9, 17, 26, 34, 42, 50 and 58.

12. None of the Defendant Entities ever notified Sysco at any time that the Goods did not conform to what the Defendant Entities had ordered. Id. at ¶¶ 10, 18, 27, 35, 43, 51 and 59.

13. None of the Defendant Entities ever notified Sysco of any objection to the price of the Goods set forth on the invoices. Id. at ¶¶ 11, 19, 28, 36, 44, 52 and 60.

14. Jekyll has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $205,212.64 remains due and owing from Jekyll. Id. at ¶ 13.

15. Jekyll-Greenwich has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $5,806.62 remains due and owing from Jekyll-Greenwich. Id. at ¶ 21.

16. Bayville has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $1,407.31 remains due and owing from Bayville. Id. at ¶ 29.

17. Sixth Avenue has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $457,335.66 remains due and owing from Sixth Avenue. Id. at ¶ 37.

18. New Castle has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $50,189.60 remains due and owing from New Castle. Id. at ¶ 45.

19. Ship Wreck has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $26,632.37 remains due and owing from Ship Wreck. Id. at ¶ 53.

20. Olivers has failed to remit or remitted only partial payment on the invoices issued by Sysco and the amount of $18,194.53 remains due and owing from Olivers. Id. at ¶ 61.

21. The standard terms and conditions of the sale of Goods by Sysco to the Defendant Entities provide as follows:

> In the event that there is a delinquency in payment, the undersigned agree that a service charge of 1½ % per month will be imposed on the balance due, and in the event of a default in payment, that the customer will pay to SYSCO all collection costs and an attorney's fee of one-third of the amount due . . .

Id. at ¶ 63; see also Exhibit "E" to Harvey Dec. at 2.

22. Despite Sysco's demand, each of the Defendant Entities has failed to remit payment to Sysco on the outstanding invoices. Harvey Dec. at ¶ 64.

For all of the foregoing reasons and the reasons set forth in the Memorandum of Law submitted herewith, Sysco respectfully requests that judgment be entered against defendants on Counts I, II, III, IV, V, VI and VII of the Complaint.

Dated: New York, New York
       July 24, 2009

Respectfully submitted,

By: /s/ Melissa A. Peña
    Melissa A. Peña (MP-3320)
    Norris, McLaughlin & Marcus, P.A.
    875 Third Avenue, 18th Floor
    New York, NY 10022
    (212) 808-0700
    Attorneys for Plaintiff
    *Sysco Food Services of Metro New York, LLC*