```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SYSCO FOOD SERVICE OF METRO           : 08 Civ. 2958 (BSJ) (JCF)
NEW YORK, LLC,                        :
                                      :       MEMORANDUM
                Plaintiff,            :       AND  ORDER
                                      :
       - against -                    :
                                      :
JEKYLL & HYDE, INC.; DEACON BRODY     :
MANAGEMENT INC. d/b/a JEKYLL &        :
HYDE GREENWICH VILLAGE and DONALD     :
R. FINLEY; BAYVILLE ENTERTAINMENT     :
INC. d/b/a BAYVILLE ADVENTURE PARK;   :
SIXTH AVENUE FOOD SERVICES LTD.;      :
NEW CASTLE FOODS INC.; DAVEY JONES    :
LOCKER MANAGEMENT, INC. d/b/a         :
SHIP WRECK TAVERN; and 186 WEST       :
4TH ST. MANAGEMENT CO., INC.          :
d/b/a OLIVERS BAR & GRILL,            :
                                      :
                Defendants.           :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco"), brings this action asserting breach of contract and related claims based on its sale of goods to the defendants. Sysco has moved to compel discovery of certain evidence. The defendants, Jekyll and Hyde, Inc., its principal Donald R. Finley, and a group of related entities, have cross-moved to dismiss certain of the plaintiff's claims. The parties have agreed that I will decide the latter motion pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the defendants' motion is granted, and Counts Two, Three, Five, Six, Seven, and Eight of the Complaint are dismissed without prejudice. Count Nine is dismissed with prejudice. The

1

plaintiff's motion to compel discovery is denied without prejudice to being renewed after any amended complaint has been filed.

Background

Sysco is a company incorporated in the State of Delaware with offices in Jersey City, New Jersey. (Complaint ("Compl.") at 2). Sysco supplies goods and services to restaurants in the New York Metropolitan area. (Compl. at 2-3). The defendant corporations operate food service establishments in New York. (Compl. at 2). Mr. Finley is a resident of New York. (Compl. at 2).

Sysco claims that it is owed the following amounts: $203,042.16 from Jekyll & Hyde, Inc. (Compl. at 3); $5,643.00 from Deacon Brody Management, Inc. d/b/a Jekyll & Hyde Greenwich Village ("Brody") (Compl. at 4); $1,370.93 from Bayville Entertainment, Inc. d/b/a Bayville Adventure Park (Compl. at 5); $452,078.76 from Sixth Avenue Food Services Ltd. (Compl. at 6-7); $50,189.60 from New Castle Foods Inc. (Compl. at 7-8); $26,632.37 from Davey Jones Locker Management, Inc. d/b/a Ship Wreck Tavern (Compl. at 9); and $11,789.34 from 186 West 4th St. Management Co., Inc. d/b/a Olivers Bar & Grill. (Compl. at 10). The plaintiff further alleges that Mr. Finley acted as a personal guarantor for Brody. (Compl. at 5). Sysco claims that all of the defendants are jointly liable for one another's obligations, and therefore, if Mr. Finley acted as a guarantor for Brody, he is also responsible for the debts of all other defendants.

Sysco alleges that the defendants are all "responsible for payment of the entire amount due" because the defendants intermingled their assets and liabilities. (Compl. at 11-12). Further, the plaintiff requests that a receiver be appointed to liquidate the defendants' assets because they are insolvent and "unable to meet their pecuniary liabilities." (Compl. at 12-13).

Sysco has moved to compel discovery in order to obtain evidence that the defendants intermingled their funds. Specifically, Sysco requests that the Court issue an order requiring: (1) that Mr. Finley appear for a deposition, (2) that the defendants produce a person with knowledge relating to their accounting records, and (3) that they make available their books and records for an inspection by Sysco's forensic accountants. (Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery at 1).

The defendants oppose the motion to compel discovery and have cross-moved to dismiss Counts Eight and Nine of the Complaint for failure to state a claim on which relief can be granted. They have also moved to dismiss Counts Two, Three, Five, Six, and Seven for want of jurisdiction because the plaintiff has failed to allege the minimum jurisdictional amount of $75,000 for each of those claims.

Discussion

    A.  Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the court's function is to rule on the legal sufficiency of the claim as stated in the complaint. Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A complaint will be deemed legally sufficient if it includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding the motion, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citing Twombly, 550 U.S. at 555-56)); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). Generally, in deciding a motion to dismiss, the court is limited to considering the facts alleged in the complaint, documents attached to the complaint or incorporated in it by reference, and matters of which the court may take judicial notice. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002).

    B. Alter Ego Liability

Count Eight of the Complaint requests that the Court "pierce the corporate veil" under an "alter-ego" theory. (Compl. at 11-12; Memorandum of Law in Opposition to Defendants' Cross-Motion and in Support of Plaintiff's Motion to Compel Discovery at 3). The concept of piercing the corporate veil serves as a limitation on the principle that corporations can be set up to restrict an owner's liability. Morris v. New York State Department of Taxation

and Finance, 82 N.Y.2d 135, 140, 603 N.Y.S.2d 807, 810 (1993). A corporation cannot be used as a mere shell for its owners to transact personal business. Bravado International Group Merchandising Services, Inc. v. Ninna, Inc., No. CV-08-3123, 2009 WL 2707350, at *11 (E.D.N.Y. Aug. 27, 2009) (citing Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 138 (2d Cir. 1991)). Alter ego liability is not an independent cause of action; "'rather it is an assertion of facts and circumstances which will persuade the court to impose'" the obligation of one corporation upon another. Bravado, 2009 WL 2707350, at *13 (quoting Morris, 82 N.Y.2d at 141, 603 N.Y.S.2d at 810).

Under New York law, two elements are required to pierce the corporate veil: (1) the parent must exercise complete domination in respect to the transaction attacked, and (2) such domination must have been used to commit fraud or wrong against the plaintiff, which proximately caused the plaintiff's injury. Morris, 82 N.Y.2d at 141, 603 N.Y.S.2d at 810; Portnoy v. American Tobacco Co., Nos. 96/16323, 2-MG, 96-16324, 1997 WL 638800, at *4 (N.Y. Sup. Ct. Sept. 26, 1997). "[A] corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances." Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996). In addition, because of the variety of circumstances in which an alter ego theory may be advanced, courts will pierce the corporate veil only after a "fact specific inquiry." Bravado, 2009 WL 2707350, at *12

5

(quoting <u>DER Travel Services, Inc. v. Dream Tours & Adventures, Inc.</u>, No. 99 Civ. 2231, 2005 WL 2848939, at *8 (S.D.N.Y. Oct. 28, 2005)); see also <u>Wm. Passalacqua Builders</u>, 933 F.2d at 139.

Factors that tend to show domination of one corporation over another include overlap in ownership, officers, directors and personnel; inadequate capitalization; commingling of assets; absence of separate paraphernalia that are part of the corporate form; the payment or guarantee of debts of the dominated corporation by other corporations in the group; the failure of the related corporations to deal with the dominated corporation at arm's length; and the sharing of common office space, phone numbers and addresses with other commonly owned corporate entities.  <u>Wm. Passalacqua Builders</u>, 933 F.2d at 139; <u>John John, LLC v. Exit 63 Development, LLC</u>, 35 A.D.3d 540, 541, 826 N.Y.S.2d 657, 659 (2d Dep't 2006) (citing <u>Island Seafood Co. v. Golub Corp.</u>, 303 A.D.2d 892, 893, 759 N.Y.S.2d 768, 769 (3d Dep't 2003)).  Here, Sysco refers to two of these factors in the Complaint: commingling of assets and inadequate capitalization.

In Count Eight, Sysco alleges that the "defendant entities intermingled their assets and liabilities." (Compl. at 11). In Count Nine, Sysco alleges that the defendants are "insolvent" and "unable to meet their pecuniary liabilities." (Compl. at 12). Sysco further alleges that the intermingling of assets makes "all of the defendant entities [] responsible for payment of the entire

6

amount due and owing to the plaintiff." (Compl. at 11).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Claims of alter ego status need only satisfy this liberal notice pleading standard. @Wireless Enterprises, Inc. v. AI Consulting, LLC., No. 05-CV-6176, 2006 WL 3370696, at *6 (W.D.N.Y. Oct. 30, 2006). However, "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability, even under the liberal notice pleading standard." In Re Currency Conversion Fee Antitrust Litigation, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) (citing Old Republic Insurance Co. v. Hanson World Cargo Service, Inc., 170 F.R.D. 361, 375 (S.D.N.Y. 1997); Zinaman v. USTS New York, Inc., 798 F. Supp. 128, 132 (S.D.N.Y. 1992)). Where a complaint is "devoid of any description of the relationship between [] corporations," it is an insufficient pleading for piercing the corporate veil. Binder v. National Life of Vermont, No. 02 Civ. 6411, 2003 WL 21180417, at *3 (S.D.N.Y. May 20, 2003). In an attempt to establish alter ego liability, a plaintiff "may not rely on conclusory statements, but must allege specific facts" showing that one corporation exercised dominion over another. Portnoy, 1997 WL 638800, at *4 (citing Campo v. 1st Nationwide Bank, 857 F. Supp. 264, 271 (E.D.N.Y. 1994)).

Sysco's Complaint contains no factual allegations relevant to

the alter ego theory. Rather, it makes conclusory statements that the Court need not accept as true. See Bravado, 2009 WL 2707350, at *15. While Sysco claims that the defendants intermingled their assets and liabilities, it fails to allege which corporation took funds from which.[1] See id. (vague allegation of intermingling is insufficient to support claim of alter ego liability where complaint fails to specify which defendants commixed their funds).

Sysco's remaining allegation is that the defendants are insolvent. Inadequate capitalization is but one of many factors tending to prove domination of one corporation over another, and Sysco fails to allege how insolvency in this instance shows any domination whatsoever. See id. (allegation regarding insolvency too vague to allege domination where nature and effect of defendants' insolvency not specified). Sysco's claim is "therefore too vague and conclusory to allege alter ego liability." See id. (citing EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (dismissing claim to pierce corporate veil where allegations were "conclusory"); Ferreira v. Unirubio Music Publishing, No. 02 Civ. 805, 2002 WL 1303112, at *2-

---

[1] In a declaration submitted in response to the motion to dismiss, Sysco proffered evidence of two defendant entities paying invoices that were sent to others. (Declaration of Charnelle Harvey in Opposition to Defendants' Cross-Motion and in Support of Plaintiff's Motion to Compel Discovery dated July 24, 2009 at 3). Because this information was not part of the Complaint, it should not be considered. Even if it were, it would not "add sufficient clarity to allege alter ego liability." Bravado, 2009 WL 2707350, at *16.

3 (S.D.N.Y. June 13, 2002)(dismissing veil-piercing claim where factual allegations were insufficient).

Because Sysco has failed to plead its alter ego theory with the necessary specificity, Count Eight is dismissed without prejudice to submission of an amended complaint, provided that Sysco can make the necessary allegations in good faith.

### C. Diversity Jurisdiction

Without the ability to pursue the alter ego theory, Sysco cannot establish joint liability among the defendants. Accordingly, Counts Two, Three, Five, Six, and Seven must be dismissed for lack of subject matter jurisdiction. None of these counts alleges an amount in controversy of over $75,000 exclusive of interests and costs, as required to meet the minimum jurisdictional requirement. See 28 U.S.C. § 1332. "In a diversity case involving a single plaintiff and multiple defendants, aggregation of claims is not proper unless the liability to the plaintiff is common, undivided or joint." Congram v. Giella, No. 91 Civ. 1134, 1992 WL 349845, at *3 (S.D.N.Y. Nov. 10, 1992). Because joint liability has not been adequately pled here, there can be no aggregation of claims and therefore each individual claim not exceeding $75,000 is dismissed without prejudice to the alter ego theory being properly pled.

### D. Receivership

In Count Nine, Sysco requests that the Court appoint a

receiver because the defendants are "insolvent" and "unable to meet their pecuniary liabilities." (Compl. at 13). The plaintiff also requests the appointment of receiver in its demand for relief. (Compl. at 13). The appointment of a receiver is a remedy, not a claim for which relief can be granted. See Varsames v. Palazzolo, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (appointment of receiver is "extraordinary remedy"). Thus, Count Nine is dismissed. However, the plaintiff's request for appointment of a receiver as a remedy remains, and whether such relief may be appropriate can only be determined on the basis of a complete record.

   E. Motion to Compel Discovery

Because the defendants' motion to dismiss is being granted, the plaintiff's motion to compel discovery is denied without prejudice. The plaintiff may move to compel discovery at such time as it serves an amended complaint that properly pleads an alter ego theory.

   Conclusion

For the reasons set forth above, the defendants' motion to dismiss Count Nine is granted. Their motion to dismiss Counts Two, Three, Five, Six, Seven, and Eight is granted without prejudice to the plaintiff submitting an amended complaint consistent with this decision within 30 days. The plaintiff's motion to compel discovery is denied without prejudice to being renewed should the

plaintiff serve an amended complaint that properly pleads an alter ego theory.

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       November 17, 2009

Copies mailed this date:

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue, 18th Floor
New York, New York 10022

Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
29 Race Street
Frenchtown, New Jersey 08825

Lawrence W. Rader Esq.
225 Broadway, Suite 400
New York, New York 10007