UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD,<br>      Defendants. | Civil Case No. 08-cv-02958 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I AND II OF THE AMENDED COMPLAINT**

Of Counsel:

  Steven Mitnick
  Admitted *Pro Hac Vice*
  Mitnick & Malzberg, P.C.
  PO Box 429
  29 Race Street
  Frenchtown, New Jersey 08825
  (908) 996-3716
  *Counsel for Plaintiff*

  Melissa A. Peña (MP-3320)
  Norris, McLaughlin & Marcus
  875 Third Avenue, 8th Floor
  New York, New York 10022
  (212) 808-0700
  *Local Counsel for Plaintiff*

On the Brief:
  Melissa A. Peña (MP-3320)

## PRELIMINARY STATEMENT

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") brings this action against defendants, Jekyll & Hyde, Inc. ("Jekyll") and Sixth Avenue Foods Services Ltd. ("Sixth Avenue") (jointly referred to as the "Defendant Entities"), as a result of defendants' failure to remit payment due on various invoices for goods sold and delivered by Sysco. The invoices evidence the Defendant Entities' orders for the purchase of food and related products (the "Goods") supplied by Sysco to defendants.

The subject sale transactions are governed by the provisions of New York's *Uniform Commercial Code*. Under the *Uniform Commercial Code,* there is no question that Sysco is entitled to summary judgment. The Defendant Entities' payment obligations to Sysco for the Goods are clear and without dispute. The Defendant Entities ordered the Goods, accepted delivery of the Goods and have failed to remit payment as agreed upon. Therefore, as demonstrated further below, Sysco is entitled to judgment on Counts I and II of the Amended Complaint, which seek to recover the outstanding amounts due and owing from the Defendant Entities on the subject book accounts.[1]

## STATEMENT OF UNDISPUTED FACTS

As its Statement of Undisputed Facts, Sysco adopts the facts set forth in its Statement pursuant to Local Rule 56.1 and the Declaration of Charnelle Harvey, submitted simultaneously herewith, which are incorporated herein by reference.

---

[1] Sysco is not moving for summary judgment on Count III of the complaint, which seeks to hold the Defendant Entities jointly and severally liable for the debts of one another.

## **LEGAL ARGUMENT**

## **POINT I**

### **PLAINTIFF CAN SATISFY THE STANDARD FOR SUMMARY JUDGMENT.**

Federal Rule of Civil Procedure 56 provides in relevant part that summary judgment is proper, ". . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that *there is no genuine issue as to any material fact and* that *the movant is entitled to judgment as a matter of law . . .*" Fed. R. Civ. P. 56(c) (emphasis added). The role of the Court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.E.2d 202 (1985).

While the burden is on the moving party to show that there is not a genuine issue of material fact, upon such showing, the burden of proof shifts to the party opposing summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.E.2d 265 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts; [i]t must show there is sufficient evidence to support a jury verdict in [its] favor." Matsushita Elc. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.E.2d 538 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, *supra* at 248. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (recognizing that summary judgment is proper when reasonable minds could not differ as to the import of the evidence).

As demonstrated below, Plaintiff can establish that it is entitled to summary judgment on Counts I and II of the Amended Complaint. It cannot be disputed that the defendants have failed

to pay the invoices due and owing to Plaintiff. Accordingly, the entry of judgment against defendants on Counts I and II of the Amended Complaint is appropriate.

### POINT II

### AS A MATTER OF LAW, THE DEFENDANT ENTITIES ARE LIABLE TO PLAINTIFF FOR THE INDEBTEDNESS INCURRED ON THE INVOICES.

The record for the instant case establishes that the Defendant Entities are liable to Sysco for the indebtedness due and owing on the various invoices. The transactions at issue are governed by the parties' agreement and applicable provisions of *New York's Uniform Commercial Code* (the "UCC"). UCC § 2-606 specifically identifies what conduct constitutes the acceptance of goods, and provides as follows:

> (1) Acceptance of goods occurs when the buyer
>
> (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or
>
> (b) fails to make an effective rejection (subsection (1) of Section 2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
>
> (c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.
>
> (2) Acceptance of a part of any commercial unit is acceptance of that entire unit.

Id.

New York courts have consistently held that "[r]etention of goods without a seasonable notice of revocation of acceptance constitutes acceptance of such goods[.]" New York City Off-Track Betting Corp. v. Safe Factory Outlet, Inc., 28 A.D.3d 175, 809 N.Y.S.2d 70, issued 2006 WL 396659 (1st Dept. 2006). The receipt and retention of goods by the agent of the buyer also constitutes an acceptance. Edward F. Dibble Seedgrower v. Jones, 130 Misc. 359, 223 N.Y.S.

3

785 (N.Y. Sup. Stuben Cty. 1927). "If the seller has made a tender which in all respects conforms to the contract, the buyer has a positive duty to accept and his (sic) failure to do so constitutes a 'wrongful rejection' which gives the seller immediate remedies for breach." See Y & N Furniture Inc. v. Nwabuoku, 190 Misc.2d 402, 734 N.Y.S.2d 382 (N.Y. City Civ. Ct. 2001).

The effect of acceptance of goods is codified under *UCC* § 2-607, which sets forth the obligations imposed upon the buyer, and provides:

(1)   The buyer must pay at the contract rate for any goods accepted.

(2)   Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the non-conformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this Article for non-conformity.

(3)   Where a tender has been accepted

(a)   the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and

(b)   if the claim is one for infringement or the like (subsection (3) of Section 2-312) and the buyer is sued as a result of such a breach he must so notify the seller within a reasonable time after he receives notice of the litigation or be barred from any remedy over for liability established by the litigation.

(4)   The burden is on the buyer to establish any breach with respect to the goods accepted.

Once a buyer accepts goods, a seller is entitled to recover the contract price. See Cayuga Press of Ithaca Inc. v. Lithografiks Inc., 211 A.D.2d 908, 621 N.Y.S.2d 187 (3d. Dept. 1995). "Proof that goods sold have been delivered and accepted and remain unpaid for establishes a *prima facie* case of liability on the part of the buyer for the purchase price." Nathan Kronman &

4

Co. v. Isaac Silver & Bros., 198 N.Y.S. 510 (1st Dep't 1923).

In the present case, Sysco can demonstrate its *prima facie* right to summary judgment as evidenced by the facts set forth in the Declaration of Charnelle Harvey and exhibits attached thereto. There is no question that the Defendant Entities ordered the Goods, that Sysco has delivered the Goods and that the Defendant Entities accepted all of the Goods. See Harvey Dec. at ¶¶ 5, 7, 8, 13, 15 and 16. The Defendant Entities have never provided Sysco with a notice rejecting any of the goods nor have they provided Sysco with any notice that the goods were nonconforming in any respect. See Id. at ¶¶ 9-10 and 17-18. The Defendant Entities retained possession and presumably utilized the Goods, have failed to remit payment, have ignored Syscos' demand for payment, and are now liable in accordance with the parties' agreement. See Id. at ¶¶ 12 and 20-21. Accordingly, Sysco respectfully submits that it is entitled to entry of final summary judgment against the Defendant Entities for all amounts due and owing pursuant to the subject invoices as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Sysco respectfully requests entry of final judgment in its favor on Counts I and II of the Amended Complaint against defendants.

    NORRIS MCLAUGHLIN & MARCUS, P.A.

    /s/ Melissa A. Peña
    Melissa A. Peña (MP-3320)
    875 Third Avenue, 8th Floor
    New York, New York 10022
    (212) 808-0700
    *Local Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*

    -and-

                    Steven Mitnick, Esq.
                    Admitted *Pro Hac Vice*
                    Mitnick & Malzberg, P.C.
                    29 Race Street
                    Frenchtown, New Jersey 08825
                    (908) 996-3716
                    *Co-Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*

Dated: February 1, 2010
       New York, New York