| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE SOUTHERN DISTRICT OF<br>: NEW YORK |
| Plaintiff,<br>v. | : Civil Case No. 08-cv-02958 |
| JEKYLL & HYDE, INC. and SIXTH AVENUE FOOD SERVICES LTD., | : |
| Defendants | : |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Of Counsel:

    Steven Mitnick
    Admitted *Pro Hac Vice*
    Mitnick & Malzberg, P.C.
    PO Box 429
    29 Race Street
    Frenchtown, New Jersey 08825
    (908) 996-3716
    Counsel for Plaintiff

    Melissa A. Pena (MP-3320)
    Norris, McLaughlin & Marcus
    875 Third Avenue, 8th Floor
    New York, New York 10022
    (212) 808-0700
    Local Counsel for Plaintiff

On the Brief:
    Melissa A. Pena (MP-3320)

## PRELIMINARY STATEMENT

This motion arises from defendants' failure to comply with plaintiff's reasonable discovery demand for in excess of a year. Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") respectfully submits this Memorandum of Law in support of its motion seeking the entry of an Order, pursuant to Federal Rules of Civil Procedure 37 and 26, compelling defendants to make available their books and records for an inspection by plaintiff's forensic accountants. Sysco first demanded such inspection from defendants in October of 2008. When defendants failed to comply with such demand, in April of 2009, Sysco filed a motion to compel the discovery. This Court denied Sysco's motion to compel such discovery without prejudice to renew upon Sysco's filing of an Amended Complaint repleading a claim alleging defendants are the alter egos of one another. Notwithstanding Sysco's filing of an Amended Complaint and subsequent demands for an inspection, defendants persist in their failure to provide such discovery.

As demonstrated below, the allegations raised by plaintiff and the defenses asserted by defendants call into question whether the defendants intermingled their assets warranting the discovery requested by plaintiff.

## FACTUAL BACKGROUND

For purposes of brevity, Sysco shall rely on the facts set forth in the Declaration of Counsel, Pursuant to Fed. R. Civ. Proc. 37(a)(1) and Local Rule 37.2, as its Statement of Facts.

## LEGAL ARGUMENT
## SYSCO IS ENTITLED TO AN INSPECTION OF DEFENDANTS' BOOKS AND RECORDS BY ITS FORENSIC ACCOUNTANTS.

Federal Rule of Civil Procedure 37(a)(1), provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure and discovery." Fed. R. Civ. Proc. 37(a)(1). See *DGM Investments, Inc. v. New York Futures Exchange, Inc.*, 224 F.R.D. 133, 136 (S.D.N.Y. 2004) ("Where a party has failed to respond to a discovery request, the party seeking discovery "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery.") It is within the sound discretion of the district court to compel the production of discovery requested pursuant to a motion under Fed. R. Civ. P. 37. *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery on "any matter, not privileged, that is relevant to [a] claim or defense . . ." See *Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 102 (SDNY 2001); *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (SDNY 2003). For purposes of discovery, the concept of relevance is extremely broad. *Surety Association v. Republic Ins. Co.*, 388 F.2d 412 (2d Cir. 1967). In order to meet the standard of relevance, a party need only show that the discovery requested "encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Comprehensive Habilitation Services v. Commerce Funding Corp.*, 240 F.R.D. 78 (SDNY 2006).

Applying this standard to the instant case, there is no question that plaintiff is entitled to an Order compelling defendants to allow plaintiff's forensic accountants to inspect their books and records. Clearly, such evidence is relevant to Count III of the Amended Complaint, which alleges that the defendants are alter egos of one another. Curing any deficiencies with the prior Complaint, the Amended Complaint alleges a viable cause of action against the defendants under

an alter ego theory on the basis that, upon information and belief, they share the same officers, directors, shareholders and employees and they conduct the same type of business. Plaintiff further presents evidence that defendant, Jekyll & Hyde, Inc. ("Jekyll") paid for goods supplied by Sysco to defendant, Sixth Avenue Food Services Ltd. ("Sixth"). Lastly, Sysco alleges that upon information and belief, defendants were *not* treated as independent profit centers and primarily transacted the business of one another. See Dec. of Counsel at ¶ 12 and Exhibit D p. 4-5. Based on the allegations contained in the Amended Complaint, there is no question that the discovery sought by Sysco is relevant to this dispute.

Moreover, defendants wholly deny each and every allegation contained in Count III of the Amended Complaint. Without the requested discovery, which will enable plaintiff to determine whether Jekyll paid more goods shipped to Sixth and vice versa, plaintiff cannot establish its alter ego claim.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant its motion.

Dated: New York, New York
March 12, 2010

NORRIS, McLAUGHLIN & MARCUS PA
/s/ Melissa A. Peña
Melissa A. Peña (MP-3320)
875 Third Avenue, 8th Floor
New York, N.Y. 10022
(908) 722-0700
*Local Counsel for Plaintiff Sysco Food Services of Metro New York*
-and-
Steven Mitnick, Esq., Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825
*Counsel for Plaintiff Sysco Food Services of Metro New York*