UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD, <br><br> Defendants. | Civil Case No. 08-cv-02958 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I AND II OF THE AMENDED COMPLAINT, PURSUANT TO FED. R. OF CIV. PROC. 56, AND IN SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO FILE THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. OF CIV. PROC. 15(a)**

Of Counsel:

    Steven Mitnick
    Admitted *Pro Hac Vice*
    Mitnick & Malzberg, P.C.
    PO Box 429
    29 Race Street
    Frenchtown, New Jersey 08825
    (908) 996-3716
    *Counsel for Plaintiff*

    Melissa A. Peña (MP-3320)
    Norris, McLaughlin & Marcus
    875 Third Avenue, 8th Floor
    New York, New York 10022
    (212) 808-0700
    *Local Counsel for Plaintiff*

On the Brief:
    Melissa A. Peña (MP-3320)

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco" or "Plaintiff") hereby submits this memorandum of law in further support of its motion for partial summary judgment on Counts I and II of the Amended Complaint and in response to the opposition of defendants, Jekyll & Hyde, Inc. and Sixth Avenue Food Services Ltd. (jointly, the "Defendants") and in support of Sysco's motion seeking leave to file a Second Amended Complaint.

## PRELIMINARY STATEMENT

On the surface, Defendants' opposition to Plaintiff's motion for partial summary judgment appears *almost* meritorious as Defendants have done an excellent job of muddying up the waters in a desperate effort to create a material issue of fact. Underneath the surface, it is evident that Defendants have not presented *any* competent evidence to defeat Sysco's motion. The essential facts cannot be disputed – Plaintiff supplied the goods to Defendants; Defendants received the goods; and failed to pay the invoices.

None of the arguments raised by Defendants preclude the entry of summary judgment on Counts I and II of the Amended Complaint. Defendants cannot and have not established their speculative claims that Sysco is seeking to recover on the same invoices in multiple actions nor are Defendants' conclusory allegations that some of the subject goods were not delivered sufficient to defeat summary judgment. At all times, Sysco properly billed Defendants in accordance with Defendants' own instructions, including the instruction that Sysco open up an account for Defendant, Sixth Avenue Food Services Ltd. ("Sixth") who Defendants now claim does not exists. Moreover, it is astounding that Defendants cite to lack of discovery as grounds to deny Sysco's motion when since the commencement of this case in 2008, Defendants have failed to serve a single discovery demand on Plaintiff. Equally without merit is Defendants' claim that diversity jurisdiction is lacking. As demonstrated below, Defendants have not set

forth a single material issue of fact warranting the denial of Sysco's motion for partial summary judgment.

Sysco further seeks leave to file a Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a), to name Donald R. Finley ("Finley"), the principal of Defendants, as a defendant in this action. In opposition to Sysco's motion for partial summary judgment, Defendants contend that Sixth Avenue Food Services, Ltd. is not a corporation. Such argument is wholly inconsistent with a credit application submitted by Finley to Sysco whereby Finley requests credit as president of Sixth Avenue Food Services, Ltd. Thus, Sysco seeks leave to file a Second Amended Complaint alleging that Finley is personally liable for the unpaid invoices of Sixth Avenue Food Services, Ltd; Finley perpetrated a fraud; and that Finley be found jointly and severally liable for the amounts due and owing from defendant, Jekyll & Hyde.[1]

## FACTUAL BACKGROUND

The factual background is set forth in the Declaration of Charnelle Harvey, sworn to on January 28, 2010, in Support of Plaintiff's Motion for Partial Summary Judgment; the Declaration of Steven Mitnick in Further Support of Plaintiff's Motion for Partial Summary Judgment, sworn to on May 27, 2010; and the Declaration of Charnelle Harvey in Further Support of Plaintiff's Motion for Partial Summary Judgment and in Support of its Motion to File a Second Amended Complaint, sworn to on May 27, 2010.

---

[1] By way of the motion for partial summary judgment, Sysco seeks judgment against Defendants on Count I and II of the Amended Complaint. The remaining count of the Amended Complaint, Count III, alleges that Defendants are jointly and severally liable for the debts of one another. Thus, if this Court enters judgment against defendant, Sixth Avenue Food Services, Ltd., Sysco can later establish that defendant, Jekyll & Hyde is liable for this debt in order to collect on such judgment. Sysco respectfully requests that the Court grant its motion for partial summary judgment and also grant it leave to file the Second Amended Complaint to allege the causes of action against Finley.

# LEGAL ARGUMENT

## POINT I
### DEFENDANTS HAVE NOT ESTABLISHED THEIR BURDEN TO DEFEAT SYSCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Pursuant to Federal Rule of Civil Procedure 56, once a movant has established that there is no genuine issue of material fact for trial, the burden shifts to the party opposing summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.E.2d 265 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts; [i]t must show there is sufficient evidence to support a jury verdict in [its] favor." Matushita Elc. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.E.2d 538 (1986). "[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). The non-moving party must present to the Court that its version of the relevant facts is not fanciful. Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

Applying this standard to Defendants' opposition, it is evident that Defendants have miserably failed to meet their burden. Defendants' opposition simply makes the following conclusory allegations:

- *it is impossible on this record to determine what, if anything, is due and owing [to Plaintiff];*

- *On this motion, Plaintiff has simply placed a small portion of the many invoices involved in their three lawsuits in front of the Court, and demanded summary judgment on them;*

- *Plaintiff's commingling of their claims against totally separate companies has led them to misapply perhaps hundreds of thousands of dollars in payments which the various companies have made to Sysco;*

- *Sysco did not deliver all of the goods set forth on the invoices;*

3

- *J&H accept some, but not all, deliveries of the goods; and*

- *J&H notified Sysco of rejection of some of the goods;*

Finley Aff. at ¶¶ 3, 5, 6, 8, and 14; Defendants' Rule 56.1 Statement at ¶¶ 7-9.

Significantly, Defendants do not identify any specific evidence in the record or by way of Affidavit to support their conclusory allegations. It should not be lost on this Court that Finley's Affidavit does not identify any of the following:

- a single invoice from the multiple invoices annexed to Plaintiff's motion that is difficult to decipher;

- a single example of how Plaintiff has misapplied a payment;

- a single invoice where Plaintiff has incorrectly billed an unrelated company;

- a single example of an invoice that Plaintiff seeks to recover in this lawsuit while simultaneously seeking recovery of such invoice in one of the state court actions;

- a single product that Plaintiff failed to deliver to Defendants;

- a single example of when Defendants rejected a good; and

- a single example of when Defendants informed Plaintiff that it was rejecting a specific good.

Defendants have not opposed Plaintiff's motion for partial summary judgment with any detail because they cannot. As evidenced by the invoices annexed to the initial Declaration of Charnelle Harvey submitted in support of Plaintiff's motion for partial summary judgment, Plaintiff's invoices all reflect the name of the specific defendant who received the subject goods and the amounts owed by such defendants. In addition, Plaintiff submitted a summary of the invoices on Defendants' accounts, which identifies the outstanding invoices; payments made on the account and credits arising there from; and the outstanding amounts owed on the account. The documents could not be any clearer.
4

Moreover, Defendants have not set forth any details to support their claim that Sysco is attempting to recover on the same invoices in this action and the two state court actions being handled by two other law firms. There is simply no evidence of this. As set forth in the Declaration of Charnelle Harvey, submitted herewith, every time Sysco ships new product to a customer, an invoice is created with an invoice number. If an invoice is not paid, the balance remaining on such invoice is not carried over to a new invoice. Rather, Sysco simply seeks to collect on the past due invoice under its specific invoice number. Thus, every invoice from Sysco identifies the delivery of different goods and amounts owed by a customer for such goods.

As detailed in Exhibit C to the Declaration of Charnelle Harvey, a comparison of the invoices which Sysco seeks to collect in the state court actions and the underlying action, indicates that Sysco is not simultaneously seeking to collect on the same invoices in the state court actions. A simple review of the summary pages to the motions for summary judgment filed in this case and the state court make clear that there are no overlapping invoices as the invoices in this action have totally different invoice numbers than those sought in the state court. Accordingly, Sysco is not seeking to double collect on invoices.

Moreover, Defendants have not presented any evidence that Sysco failed to deliver any goods or that Defendants rejected and/or complained of any goods supplied by Sysco. In fact, Defendants' own responses to interrogatories indicate that Defendants never had any complaints regarding *alleged non-conforming goods*. See Exhibit D to Mitnick Decl. at ¶ 16. *It is telling that Defendants have neither produced to Plaintiff in discovery nor annexed to Finley's affidavit, a single document evidencing their* "frequent" complaints of non-conforming goods. Under these circumstances, Defendants have not set forth any material issue of fact to warrant the denial of Sysco's motion for partial summary judgment. See <u>Prompt Electrical Supply Co., Inc.</u>

v. Allen-Bradley Co., 492 F.Supp. 344, 347 (E.D.N.Y. 1980) (finding buyer's wholly unsubstantiated claim that a "large quantity" of goods it received were "damaged or otherwise defective" did not raise general issue of material fact which would preclude summary judgment in favor of seller who alleged it sold equipment to buyer and there was a remaining balance owed on invoices).

### POINT II
### DEFENDANTS' OWN FAILURE TO TAKE DISCOVERY DOES NOT CONSTITUTE GROUNDS TO DENY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

"A party resisting summary judgment on the grounds that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) *what effort affiant has made to obtain them,* and (4) why the affiant was unsuccessful in those efforts." Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 303 (2d Cir. 2003) (emphasis added) (internal citation omitted). See also Fed. R. Civ. Proc. 56(f). Indeed, the failure to file such an affidavit is fatal to a non-moving party's opposition to a motion for summary judgment based on a claim of lack of discovery. Gurary v. Winehouse, 190 F.3d 37, 44 (2d Cir. 1999). This Court has emphasized that "[t]he inability to effectively defend against a summary judgment motion because one has failed to conduct any discovery is insufficient basis on which to defeat the motion." Robertson v. Amtrak, 400 F. Supp. 2d 612, 621 (S.D.N.Y. 2005). See also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919 (2d Cir. 1985) (recognizing that where discovery goes undone due to a non-moving party's own conduct, the lack of discovery in opposing summary judgment is inconsequential).

Here, this Court should not indulge Defendants' claim that additional discovery is necessary prior to granting Sysco's partial summary judgment motion when this case has been

6

pending for approximately two years and Defendants have failed to serve a single discovery demand on Plaintiff. In addition, Finley's Affidavit fails to specify the facts needed to oppose Sysco's motion and how such facts create a material issue of fact.

Moreover, notwithstanding Defendants failure to demand discovery, Sysco has *voluntarily provided* Defendants with its records in an effort to resolve this matter. Counsel for Defendants' own July 28, 2008 letter to Steven Mitnick, co-counsel for Sysco, annexed as Exhibit B to Finley's Affidavit, confirms receipt of invoices supplied by Sysco and Euler Hermes (the collection company, whose invoices are the subject of the state court actions which Defendants claim are duplicative of what are being sought in this action). The July 28, 2008 letter provides, in pertinent part, as follows:

> Thank you for sending me the invoices . . . I have also received a similar amount of paperwork from Euler Hermes, the company pursuing the other collection effort. All of those invoices and statements are being reviewed by my client. We will get back to you both with an assessment where your respective invoices are either in dispute or not, and where they are duplicative.

See Exhibit B to Finley Aff.

Notwithstanding counsel for Defendants' representations, Defendants never identified any duplicative invoices. It is unlikely that Defendants even reviewed the invoices. Had they done so, they would have seen that Sysco and Euler Hermes seek to collect on different invoice numbers. Defendants' failure to review documents produced does not mean discovery did not occur. Moreover, Defendants had every reason to move expeditiously with discovery. As early as July of 2008, as set forth in counsel for Defendants' July 28, 2008 letter, Sysco made it clear that it would be moving for summary judgment. In July of 2009, Sysco moved for summary judgment on its original Complaint. When Defendants succeeded in dismissing certain claims in

this lawsuit, a new discovery schedule was established. Nonetheless, Defendants never took advantage of this.

Lastly, contrary to Finley's Affidavit, discovery has occurred in this matter. Plaintiff moved forward with discovery and obtained responses to interrogatories and document requests from Defendants. Similar to Defendants' opposition, nothing contained in such discovery responses raises a material issue of fact to be decided at a trial of this matter.

### POINT III
### THE RECORD ESTABLISHES THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT DISPUTE.

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States. . ." 28 U.S.C. § 1332(a)(1). While a plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction, "the actual existence of diversity jurisdiction, *ab initio,* does not depend on the complaint's compliance with these procedural requirements." Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 (2d Cir. 2000). "[W]hen the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the court] may simply deem the pleadings amended so as to properly allege diversity jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., 565 F.3d 56, 64 (2d Cir. 2009). See also Canedy v. Liberty Mutual Insurance Co., 126 F.3d 100, 103 (2d 1997) (finding diversity jurisdiction established in light of affidavits submitted to Court and given there was nothing in the record to show lack of jurisdiction); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, Sysco can demonstrate that grounds for diversity jurisdiction exists and that diversity is complete based on the record before this Court. The amount of controversy can be easily dispelled with as the Amended Complaint seeks to recover the sum of $655,120.92, well in excess of the $75,000 amount in controversy. Finley's Affidavit as well as the New York Secretary of State website indicate that defendant, Jekyll & Hyde, Inc. is a New York corporation with a principal place of business at 91 Seventh Avenue, South, New York, New York 10014.[2]

As to Plaintiff, the Amended Complaint states that Sysco is "a company incorporated in the State of Delaware with offices located 20 Theodore Conrad Drive, Jersey City, New Jersey 07350 [the "New Jersey Office"]." See Amended Complaint at ¶ 1. Although it is not specifically stated in the Amended Complaint, the New Jersey Office is Plaintiff's principal place of business under the "nerve test" espoused by the Supreme Court in Hertz Corp. v. Friend, 130 S.Ct. 1181, 175 L.E.2d 1029 (2010). In Hertz Corp., the Supreme Court found that such test should be utilized to determine a corporation's principal place of business. The Supreme Court defined the principal place of business as "the place where a corporation's officers, direct, control and coordinate corporation's activities . . . [and] where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control and coordination . . ." Id. at 1192. The New Jersey Office is the "nerve" of Plaintiff's operations. Plaintiff's officers work out of the New Jersey Office. From the New Jersey Office, a plethora of decisions are made, including, but not limited to company procedures governing opening accounts, shipping goods, pricing for goods, servicing clients, resolving open accounts, employment and human resource polices. Accordingly, as Plaintiff is incorporated in Delaware

---

[2] The credit application submitted by Defendants on behalf of Sixth Avenue Food Services, Ltd. indicates that Sixth Avenue Food Services, Ltd. has a New York address.

9

and has a principal place in New Jersey and Defendants are citizens of New York, diversity jurisdiction is present.[3]

## POINT IV
### THIS COURT CAN ENTER PARTIAL SUMMARY JUDGMENT ON COUNT II OF THE AMENDED COMPLAINT AGAINST DEFENDANT, SIXTH AVENUE FOOD SERVICES LTD.

While Finley attests, under oath, that he never conducted any business under the name of defendant, Sixth Avenue Food Services Ltd. ("Sixth"), the credit application annexed as Exhibit H to Charnelle Harvey's Declaration speaks otherwise. The credit application identifies the applicant as "Sixth Avenue Food Services Ltd." and Finley signed same as President. The application further states that goods should be shipped to 1409 Sixth Avenue, New York, New York. Significantly, the application identifies a tax ID number. If Sixth is not a legitimate corporate entity, this raises an issue of whose tax ID number is set forth in the application.

Furthermore, on October 29, 2007, Finley sent an email to David C. Levy, an employee of Sysco, stating that payment should be applied to the "June 06 6th Ave account bills." Thus, it is clear that in billing Sixth, Sysco was only following Finley's instructions.[4]

The issue of Sixth's corporate status should not preclude the entry of Plaintiff's motion for partial summary judgment on Counts I and II of the Amended Complaint. Plaintiff is not moving for summary judgment on Count III of the Amended Complaint, which alleges that Defendants should be jointly and severally liable for the amounts owed to Sysco on an alter ego

---

[3] As set forth *infra*, Sysco seeks leave to file a Second Amended Complaint against Donald R. Finley. Upon information and belief, Finley is a resident of the State of New York.
[4] Sysco consistently followed Defendants' directions with respect to their accounts and their affiliated entities. As set forth in the Declaration of Charnelle Harvey, the Jekyll & Hyde note was only created upon the agreement of Defendants. Moreover, as to the check annexed to Sysco's Amended Complaint for $121,000, Sysco applied the check to Defendants' account upon the request of Defendants.

theory. Thus, should Plaintiff later prevail on Count III of the Amended Complaint, Plaintiff will be able to recover the judgment against Sixth from defendant, Jekyll & Hyde, Inc.[5]

## POINT V
### SYSCO'S MOTION TO FILE A SECOND AMENDED COMPLAINT TO NAME DONALD R. FINLEY AS A DEFENDANT SHOULD BE GRANTED.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Sysco seeks leave to file a Second Amended Complaint naming Donald R. Finley ("Finley") as a defendant in the instant action. The proposed Second Amended Complaint alleges that Finley is liable for the amounts due and owing on Sixth's outstanding invoices; that Finley is liable to Sysco for fraud; and that on the grounds of alter ego theory of liability, Finley, is jointly and severally liable for the debts of Jekyll & Hyde.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" Fed. R. Civ. Proc. 15(a)(2) (emphasis added). It is well-settled law that leave to amend the complaint is rarely denied and may be denied only where there is a demonstrable showing of prejudice to an opposing party. See U.S. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago, 889 F.2d 1248, 1254 (2d Cir. 1989). A court may deny leave to amend only upon a showing of bad faith, undue prejudice to the opposing party, repeated failures to cure deficiencies in amendments previously allowed, or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

---

[5] Contrary to Defendants' opposition, Plaintiff's motion for partial summary judgment on Counts I and II of the Amended Complaint is not inconsistent with its motion seeking to compel an accounting of defendants' books and records. Sysco respectfully submits that it has established a *prima facie* case of liability against Defendants on Counts I and II of the Amended Complaint. The forensic accounting is relevant to Sysco's alter ego claim contained in Count III of the Amended Complaint.

When a party seeks to amend a complaint to add more defendants, a court also should consider Federal Rule of Civil Procedure 20(a), which permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or . . . with respect to . . . the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Federal Rule of Civil Procedure 20(a) liberally so as to promote judicial economy and to allow related claims to be tried in a single proceeding. See e.g. Barr Rubber Prods. Co. v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir. 1970) (recognizing that Rule 20 grants the district court discretion to enter orders as necessary to prevent delay or prejudice). Similarly, Federal Rule of Civil Procedure 21(a) provides that the court may add parties upon motion or *sua sponte*. See Fed. R. Civ. P. 21(a).

Applying the liberal standards set forth in Federal Rules of Civil Procedure 15, 20 and 21, this Court should grant Sysco leave to file a Second Amended Complaint naming Finley as a defendant. Sysco has a legitimate claim that Finley should be held liable for the amounts due and owing from Sixth. Throughout its opposition to Sysco's motion for partial summary judgment, Finley contends that Sixth cannot be sued because it is not a corporation. As set forth above and detailed in the Declaration of Charnelle Harvey, Sysco opened an account and billed Sixth upon the representations that Finley provided on a credit application whereby he stated that Sixth was a corporation, with a tax identification number, for which he is the President. New York law is clear that "[a]n individual who does business as a nonexistent corporation is personally liable in suits brought against the 'corporation.'" Amazing Entertainment, Inc. v Louis Lofredo Associates, 88 F.Supp.2d 265, 271 (2000) (finding president personally liable under contract which he signed on behalf of corporation when he knew corporation was not valid entity). See also Clinton Investors Company, II v. Watkins, 146 A.D.2d 861, 536 N.Y.S.2d 270 (3d Dep't 1989) (holding treasurer of corporation liable for obligations under lease when no corporation existed at entry of lease, lessor was unaware that corporation did not exist and treasurer led corporation to believe that corporation

was in existence); <u>Canwest Global v. Mirkaei Tikshoret Limited</u>, 9 Misc. 2d 845, 804 N.Y.S.2d 549 (N.Y. Cty. 2005) (recognizing action could be maintained against president of an unincorporated corporation in his individual capacity when president signs agreement on behalf of nonexistent entity). If Sixth is not a corporate entity, it is likely that Finely's personal assets were utilized to pay Sysco's invoices to Sixth and, thus, Sysco further seeks to add Finley to Count III of the Amended Complaint whereby Sysco seeks to hold defendants jointly and severally liable for the debts of one another. Given the proposed amendments will not be futile, leave to amend should be granted.

Moreover, no undue prejudice will befall Defendants or Finley if Sysco is granted leave to file the Second Amended Complaint. No trial date has been set in this matter. Notwithstanding it has had ample opportunity to take discovery, Defendants (under Finley's direction) failed to serve Sysco with any discovery demands and is unlikely to do so now. Furthermore, all facts relevant to the causes of action against Finley are likely in the possession of Defendants and Finley. Nonetheless, Sysco would consent to discovery being taken on the limited issue with specific deadlines set by the Court.

In stark contrast, if Sysco is not granted leave to amend, the Court would be rewarding Finley for his fraudulent conduct. Under these circumstances and given the absence of prejudice to Defendants and Finley, Sysco should be granted leave to file the Second Amended Complaint.

## CONCLUSION

Based on the foregoing, Sysco respectfully requests that its motion for partial summary judgment and motion to file a Second Amended Complaint be granted.

Dated: New York, New York
       May 28, 2010

NORRIS, McLAUGHLIN & MARCUS PA
/s/ Melissa A. Peña
Melissa A. Peña (MP-3320)
875 Third Avenue, 8th Floor
New York, N.Y. 10022
(908) 722-0700
*Local Counsel for Plaintiff Sysco Food Services of Metro New York*

-and-

Steven Mitnick, Esq.,
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825
*Counsel for Plaintiff Sysco Food Services of Metro New York*