UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -:
SYSCO FOOD SERVICE OF METRO        : 08 Civ. 2958 (BSJ) (JCF)
NEW YORK, LLC,                     :
                                   :        MEMORANDUM
                  Plaintiff,       :        AND  ORDER
                                   :
     - against -                   :
                                   :   ┌─────────────────────────┐
JEKYLL & HYDE, INC. and            :   │ USDS SDNY               │
SIXTH AVENUE FOOD SERVICES LTD.,   :   │ DOCUMENT                │
                                   :   │ ELECTRONICALLY FILED    │
                  Defendants.      :   │ DOC #: _____  │
- - - - - - - - - - - - - - - - - - -: │ DATE FILED: 6/21/10     │
JAMES C. FRANCIS IV                    └─────────────────────────┘
UNITED STATES MAGISTRATE JUDGE

     The plaintiff, Sysco Food Services of Metro New York, LLC
("Sysco"), brings this action asserting breach of contract and
related claims based on its sale of goods to the defendants. Sysco
alleges that the defendants, Jekyll & Hyde, Inc. ("Jekyll & Hyde")
and Sixth Avenue Food Services Ltd. ("Sixth Avenue") are alter egos
and are therefore responsible not only for their own obligations
but also for the debts incurred by the other.  To obtain evidence
in support of this theory, Sysco has moved pursuant to Rules 26 and
37 of the Federal Rules of Civil Procedure for an order compelling
the defendants to produce their books and records for examination
by the plaintiff's forensic accountants.  For the reasons that
follow, Sysco's motion is granted.

## Background

     Sysco initially filed a Complaint in this action naming as
defendants seven different corporations and the individual who is

1

purportedly their principal, Donald R. Finley. Each of the corporations was alleged to owe the plaintiff money for goods sold and delivered, and the plaintiff asserted that the defendants were jointly liable for one another's obligations because they were alter egos of each other. The defendants moved to dismiss the alter ego claim on the basis that Sysco had failed to plead it with adequate detail. I granted that motion and dismissed as well claims against those defendants whose alleged liability would not satisfy the requirements for diversity jurisdiction.[1] Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc., No. 08 Civ. 2958, 2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009). The plaintiff was given leave to submit an amended pleading consistent with my determination.

Thereafter, Sysco filed an Amended Complaint, this time naming only Jekyll & Hyde and Sixth Avenue as defendants. The Amended Complaint contains three counts: the first alleges that Jekyll & Hyde owes Sysco $203,042.16, the second that Sixth Avenue owes $452,078.76, and the third that the defendants are alter egos of each other. In support of the alter ego claim, Sysco asserts that the defendants have the same officers, directors, and shareholders; that they share one or more employees; that they conduct the same type of business; that they were not operated as independent profit

---

[1] The parties had consented to my determination of the motion to dismiss pursuant to 28 U.S.C. § 636(c).

centers; and that they commingled their liabilities. (Amended Complaint ("Am. Compl."), Third Count, ¶¶ 2-6). As evidence of the allegation of commingling, Sysco points to a check issued by Jekyll & Hyde in payment of an obligation owed by Sixth Avenue. (Am. Compl., Third Count, ¶ 5 & Exh. C).

As discovery proceeded, Sysco asked that its forensic accountants be permitted to examine the defendants' books and records, but the defendants rejected this request. (Declaration of Melissa A. Pena dated March 12, 2010, ¶ 14). Sysco then filed the instant motion.

Discussion

The defendants do not contest the relevance of the requested discovery to the plaintiff's alter ego claim. Rather, they resist disclosure on two grounds. First, they contend that Sysco has still failed to plead the alter ego claim with sufficient particularity, so that discovery on that claim should not go forward. (Memorandum of Law in Opposition to Motion to Compel Inspection of Books and Records ("Def. Memo.") at 2-3). Second, they maintain that Sixth Avenue simply does not exist, effectively rendering the plaintiff's alter ego claim meaningless and the discovery request moot. (Def. Memo. at 1-3). Neither argument is persuasive.

While the defendants contend that the alter ego claim in the Amended Complaint is no more specific than that which was

3

dismissed, that is not the case. Although Sysco had previously alleged only that various defendants had commingled assets and liabilities (Complaint, Eighth Count, ¶ 2), it now avers that Jekyll & Hyde and Sixth Avenue have the same officers, directors, and shareholders, share common employees, operate the same type of business, and are not treated as independent profit centers. Furthermore, the plaintiff has buttressed its allegation of commingling by proffering specific evidence.

In support of the contention that Sixth Avenue does not exist, Mr. Finley submitted a declaration in which he states:

> [T]here is no such entity named Sixth Avenue Food Services Ltd., and I have neither ever formed (or caused to be formed) any such entity, nor have I done business under such a trade name, either as a corporation, a partnership, a limited liability partnership or corporation, or a sole proprietorship.

(Declaration of Donald R. Finley dated April 17, 2010, ¶ 2). This representation is demonstrably false. Sysco has produced a Customer Account Application dated October 18, 2001, in which an entity identified as "Sixth Avenue Food Services LTD" is the applicant. The document is signed by Mr. Finley as President of Sixth Avenue. (Declaration of Charnelle Harvey dated May 2010, ¶ 4 & Exh. A). The defendants' silence in the face of this evidence speaks volumes. Permitting the plaintiff a full opportunity to examine the relationship between the defendants is, if anything, a mild response to this apparent falsehood. See Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming

4

dismissal of action where plaintiff presented perjured testimony and fabricated evidence); Israel v. Carpenter, No. 95 Civ. 2703, 2003 WL 21518830, at *2 n.2 (S.D.N.Y. July 7, 2003) (noting that party who lies in court proceedings may be subject to adverse inference or criminal sanctions for perjury).

Conclusion

For the reasons discussed above, the plaintiff's motion is granted. Defendants shall promptly make available their books and records for an examination by the plaintiff's forensic accountants.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          June 21, 2010

Copies mailed this date:

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue, 18th Floor
New York, New York 10022

Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
29 Race Street
Frenchtown, New Jersey 08825

Lawrence W. Rader Esq.
225 Broadway, Suite 400
New York, New York 10007

5