UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SYSCO FOOD SERVICES OF METRO
NEW YORK, LLC,

                Plaintiff,

    -against-                              08 CV 02958 (BSJ)

JEKYLL & HYDE, INC. and SIXTH
AVENUE FOOD SERVICES LTD.,

                Defendants.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO AMEND COMPLAINT
AND IN FURTHER OPPOSITION TO MOTION
<u>FOR PARTIAL SUMMARY JUDGMENT</u>**

Dated: New York, New York
       July 16, 2010

                                        LAWRENCE W. RADER
                                        Attorney for Defendants
                                        225 Broadway, Suite 400
                                        New York, New York 10007
                                        212.791.5200

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO AMEND COMPLAINT.
AND IN FURTHER OPPOSITION TO MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Defendants' attorney, Lawrence W. Rader, submits this memorandum of law in opposition to plaintiff Sysco's motion seeking leave to file a <u>second</u> amended complaint.  Given: (1) the simplicity of this common-law action for goods sold and delivered (which, apart from diversity, has no practical reason to be in federal court in the first place), (2) the lack of any legal or factual basis to hold defendants' principal, D.R. Finley, personally liable for any of the claims, (3) the fact that this is plaintiff's third attempt to frame a proper complaint, and they still have not done so, and (4) the fact that there are, by plaintiff's own admission, four separate actions proceeding in three different courts, leave to amend the complaint should be denied.

We also would note briefly our opposition to plaintiff's motion for partial summary judgment (*see* Point II, *infra*).  Plaintiff has, for some reason, combined its motion to amend with its prior motion seeking partial summary judgment on Counts I and II of its second amended complaint, even though it now seeks to replace that complaint with a third one.  We previously opposed that prior motion, which is plaintiff's second summary judgment motion in this case. The issues of fact which were sufficient to deny summary judgment previously still exist, and that motion should be denied.

This simple case has already become absurdly complex, and the Court should end this pointless procedural maneuvering and force plaintiff to get to the merits.  It cannot be disputed that defendants have paid plaintiff millions of dollars over the years for thousands and thousands of small value items, and that plaintiff refuses to address, let alone correct, its multiple bookkeeping errors. There is no basis for the Court to grant any of the relief plaintiff seeks, and there is an arguable basis

for sanctions against plaintiff for its pattern of vexatious, multiplicative, and frankly incomprehensible, motion practice, in violation of 28 U.S.C. § 1927.

## PROCEDURAL HISTORY

Plaintiff has created a confusing morass of motions in this simple case. The major portions of the complex procedural history of this case, and the motions made, are as follows:

1. The complaint was filed on March 28, 2008, and defendants filed an answer on May 7, 2008.

2. On April 17, 2009, plaintiff filed a motion to compel discovery. On April 23, District Judge Jones referred non-dispositive motions to Magistrate Judge Francis. On June 15, defendants opposed this motion, and also cross-moved to dismiss for lack of jurisdiction and for failure to state a claim. On June 29, the parties consented to having both motions decided by Magistrate Judge Francis.

3. Then, on July 24, 2009, plaintiff opposed the defendants' cross-motion, and filed a <u>new</u> motion, for summary judgment on Counts I, II, III, IV, V, VI and VII of their complaint. Thus, they actually moved for summary judgment on claims which defendants had moved to dismiss.

4. On September 29, District Judge Jones filed an order stating that she would hold in abeyance plaintiff's summary judgment motion until Magistrate Judge Francis ruled on the defendants' motion to dismiss.

5. On November 17, 2009, Magistrate Judge Francis granted in part and denied in part defendants' motion to dismiss, and permitted plaintiff to file an amended complaint and to renew

their motion to compel discovery thereafter. This order presumably mooted plaintiff's summary judgment motion[1], although District Judge Jones has not issued an order disposing of the motion.

6. On November 24, plaintiff filed an amended complaint in response to the partial granting of their motion, and on December 9, defendants filed an answer to it.

7. On February 1, 2010, plaintiff filed a second motion for summary judgment, seeking judgment on Counts I and II of their amended complaint.

8. On March 12, 2010, plaintiff filed another motion to compel discovery.

9. On April 19, 2010, defendants filed opposition papers to plaintiff's second summary judgment motion, and also opposing the motion to compel discovery.

10. On May 28, plaintiff filed reply papers on their two motions, thus making them fully briefed.

11. On the same day, however, plaintiff also filed a motion for leave to file a second amended complaint. Presumably this request, if granted would moot their pending summary judgment motion, for a second time.

12. Thus, incredibly, at that moment, plaintiff simultaneously had three entirely contradictory motions pending: (1) a motion for summary judgment, (2) a motion to compel discovery (the need for which would defeat their own request for summary judgment), and (3) a motion to amend the complaint, thereby essentially starting the case from scratch and mooting the other two existing motions.

---

[1] An amended pleading supplants the prior pleading for all purposes and renders moot any pending motions to dismiss, "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir.1999) (quotation marks omitted). However, no case has been found addressing the issue whether an amended pleading moots a pending summary judgment motion. *See* Point I, *infra.*

An objective review of this pattern must lead to the conclusion that plaintiff is abusing the litigation process and is "multipl[ying] the proceedings in any case unreasonably and vexatiously," in violation of 28 U.S.C. § 1927. Under that statute, counsel can and should be liable for excessive costs and attorney's fees.

This is not a complex case, either factually or legally. It is simply an action for goods sold and delivered by plaintiff over several years to some of the defendants. A complaint in such a case could be five pages long, and would not need to be amended. The actual accounts are complex, but we submit that this Court is not obligated to become embroiled in examining hundreds of pages of accounts listing items selling for a few dollars each. Thus, there is no conceivable basis for plaintiff to require three tries to get a complaint right, <u>especially after twice moving for summary judgment on its own complaint.</u>

Plaintiff has repeatedly taken completely contradictory positions. At the outset, plaintiff made a summary judgment motion, thus acknowledging that it had no need for any discovery. However, that motion was mooted by dismissal of some of its claims, and by plaintiff's filing of an amended complaint. Plaintiff then moved <u>again</u> for summary judgment (again acknowledging no need for discovery), and that motion was fully briefed as of May 28, 2010 (and has not been determined). But plaintiff also moved for discovery, <u>after</u> requesting summary judgment twice, which makes no sense.

Furthermore plaintiff again sought to amend its own complaint after moving for summary judgment on it. It is unprecedented for a party who has moved for summary judgment to seek at the same time to amend its complaint; such a motion also makes no sense whatever. It amounts to a plaintiff attacking the validity of its own complaint, or at the least, admitting that their own summary

judgment motion is based upon an inadequate foundation. If this present motion to amend again is granted, the work done in opposing plaintiff's prior motions would be wasted. Defendants would have to serve an answer in response to that complaint, presumably plaintiff would move again for summary judgment, and defendants would be forced to oppose that motion as well. This is a sufficient degree of prejudice which can defeat the normally routine granting of a motion to amend.

## POINT I

### THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED.

**1. Although generally freely granted, F.R.Civ.P. 15(a)(1)(A)(2), leave to amend is not automatic, and it is unwarranted here.**

On occasion, a plaintiff confronted with a summary judgment motion, or a motion to dismiss, seeks leave to file an amended complaint, in an attempt to address and cure legal deficiencies which the motion confronts. But no case has been found where a <u>plaintiff</u> moves for summary judgment on its own complaint, <u>and</u> then asks at the same time to amend it. Such a motion makes no sense, which is probably why there appears to be no precedent dealing with the present situation. What can be said is that where a plaintiff confronted with a <u>defendant's</u> summary judgment motion seeks to amend its complaint, the standard is a high one, namely that the proposed amended complaint could itself survive summary judgment. The Second Circuit has addressed the issue:

> Leave to file an amended complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility....It is true that when a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss...leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief. However, the rule is different where, as here, the cross-motion is made in response to a Fed.R.Civ.P.56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint could raise a

>genuine issue of fact and have presented all relevant evidence in support of their positions. In the latter situation, even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c).
>*Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110-11 (2d Cir.2001)(citations omitted).

>When a motion to amend is made early in the proceedings or in response to a motion to dismiss, the amendment will be deemed futile, and the motion to amend denied, where the amended pleading would be subject to immediate dismissal for failure to state a claim upon which relief can be granted, or on some other basis. Where, however, a summary judgment motion has been made and evidence outside the pleadings has already been submitted, the court must determine whether the amendment would be futile under the summary judgment standard.
>*Smith v. P.O. Canine Dog Chas, Shield No. 170*, 2004 U.S. Dist. LEXIS 19623 (S.D.N.Y. Sept. 28, 2004)(citing *Milanese*; quotation marks and citations omitted).

Thus, it would seem logical to test plaintiff's proposed third complaint against the summary judgment standard, inasmuch as the parties submitted their evidence in support of, and in opposition to, plaintiff's summary judgment motion. Without question, the proposed new complaint fails this standard, and it fails as well the lesser Rule 12(b)(6) standard of stating a claim.

**2. The motion must be denied because it is not, under the Federal Rules, an actual or proper motion to amend.**

A comparison of the proposed third complaint with the prior one shows only one substantive change: The addition of D.R. Finley as a defendant, and the assertion of claims against him in the nature of fraud as a Fourth and Fifth Count. First of all, the addition of a person as a defendant in a pending lawsuit is not an amendment of a complaint. It is rather the subject of a motion under F.R.Civ.P. 21. *Highland Capital Mgmt. L.P. v. Global Aero. Underwriting Managers Ltd.*, 2004 U.S. Dist. LEXIS 8711, at *4 (S.D.N.Y. May 18, 2004)("Rule 21 governs, however, where the proposed amendment adds new parties."). The standards are the same, however, *see Lumbermens*

-6-

*Mut. Cas. Co. v. Banco Espanol De Credito*, 2006 U.S. Dist. LEXIS 75728, 8-9 (S.D.N.Y. Oct. 13, 2006)(same summary judgment standard applied where amendment sought to add parties, not claims).

**3. The purported claim based upon the nine year old credit application is insufficient to meet pleading standards.**

The gravamen of the proposed Fourth Count is that Finley submitted an application in 2001 for a customer account, as President, and on behalf of "Sixth Avenue Food Services Ltd.", that that was a nonexistent corporation and that he should therefore be liable for the debts of that nonexistent corporation. It is in the nature of a fraud claim, in that Finley allegedly knowingly misrepresented that Sixth Avenue was a valid corporation, that Sysco relied on this misrepresentation and was damaged thereby. The Fifth Count alleges that the defendants share employees and conduct the same type of business, that they commingled their liabilities to Sysco, that Finley commingled his assets, and that they are alter egos of each other. Most of these allegations are made on information and belief, and none contain any factual specificity.

Under any standard, these conclusory allegations cannot be sufficient. First of all, they are insufficient under the heightened pleading standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even construing them liberally, the claims amount to no more than fact-free legal conclusions. A proper claim "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Moreover, given the procedural posture of this case–where there is a pending summary judgment motion–the allegations are even less sufficient than they would be in the normal context. And finally, they have been specifically addressed by Mr. Finley in his declaration opposing this motion.

**4. The fraud claim is completely insufficient and conclusory.**

The Fifth Count is also insufficient to state a claim for fraud. F.R.Civ.P. 9(b) requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This requires detailed allegations of "(1) a misrepresentation or a material omission of material fact which was false and known by defendant to be false, (2) made for the purpose of inducing the plaintiff to rely on it, and (3) justifiably relied upon by the plaintiff, (4) who then suffered an injury as a result of such reliance." *City of New York v. Smokes-Spirits.Com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008); *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 1373, 646 N.Y.S.2d 76 (1996). Conclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements. *See In re Carter-Wallace, Inc., Sec. Litig.*, 220 F.3d 36, 40 (2d Cir. 2000).

Rule 9(b) also provides that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." However, Rule 9(b) is intended "to provide a defendant with fair notice of a plaintiff's claim, <u>to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit</u>," *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991)(internal quotes omitted, emphasis added). In other words, the relaxed scienter requirement "must not be mistaken for license to base

claims of fraud on speculation and conclusory allegations." *Id.*, 936 F.2d at 676 (quotation marks omitted).

There must be facts which create a strong inference of fraudulent intent, *see Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990), showing that defendant had both motive and opportunity to commit fraud, or that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *See Vaughn v. Air Line Pilots Ass'n, Int'l*, 2010 U.S. App. LEXIS 9962 at *3-4 (2d Cir.May 14, 2010). A fraud complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp.*, 25 F.3d 1124, 1128 (2d Cir.1994). Furthermore, "[i]n a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 695 (2d Cir.2009)(quotation marks and citations omitted)

Under these strict standards, it is plain that the proposed amended complaint cannot be sustained. It is nothing more than an attempt at a strike suit, and the motion for leave to amend should be denied. *See AllGood Entertainment, Inc. v. Dileo Entertainment & Touring, Inc.*, 2010 U.S. Dist. LEXIS 64700, 38-40 (S.D.N.Y. June 29, 2010).

## POINT II

## THE MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED.

Plaintiff also moves for summary judgment as to liability on its First and Second Counts. In its prior opposition to the motion, defendants submitted two extensive declarations by Mr. Finley, a Counter-Statement under Rule 56.1, and exhibits demonstrating the impossibility of establishing

at this point what, if anything, is owed, and by which corporation it may be owed. Given that it is impossible to determine which invoices go to which restaurants, which items are unpaid, which credits have been given and not been given, there are far too many questions of fact to assess liability against any of the defendants.

Plaintiff cannot have it both ways: Alleging that the defendants have commingled their assets and liabilities, but that the liability of each is clear enough to be determined summarily. The question of liability and the question of damages, if any, are intertwined and cannot be determined on the record and submissions before the Court. Plaintiff's demand for discovery, and the Court's having granted them the right of inspection of the books and records, is alone sufficient reason to deny the motion.

The motion for partial summary judgment on Counts I and II should be denied.

## CONCLUSION

The motion seeking leave to amend and the motion for partial summary judgment should be denied.

Dated: New York, New York
      July 16, 2010

                                        LAWRENCE W. RADER
                                        Attorney for Defendants
                                        225 Broadway, Suite 400
                                        New York, New York 10007
                                        212.791.5200