UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD,<br>      Defendants. | Civil Case No. 08-cv-02958 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A), FOR A DEFAULT JUDGMENT, SANCTIONS, ATTORNEYS' FEES AND COSTS AND OTHER RELATED RELIEF**

Of Counsel:

  Steven Mitnick
  Admitted *Pro Hac Vice*
  Mitnick & Malzberg, P.C.
  PO Box 429
  29 Race Street
  Frenchtown, New Jersey 08825
  (908) 996-3716
  *Counsel for Plaintiff*

  Melissa A. Peña (MP-3320)
  Norris, McLaughlin & Marcus
  875 Third Avenue, 8th Floor
  New York, New York 10022
  (212) 808-0700
  *Local Counsel for Plaintiff*

On the Brief:
  Melissa A. Peña (MP-3320)

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco") respectfully submits this Memorandum of Law in support of its Motion, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for the entry of an Order (i) entering a default judgment against Defendants for failing to comply with this Court's June 21, 2010 Order; (ii) finding Defendants in contempt of Court; (iii) imposing monetary sanctions on Defendants and their counsel; (iv) awarding Sysco attorneys' fees and costs and (v) such other and further relief as this Court may deem just and proper.

## **PRELIMINARY STATEMENT**

For in excess of one year, defendants, Jekyll & Hyde, Inc. and Sixth Avenue Food Services, Ltd. (jointly the "Defendants") have persisted in their failure to produce their books and records for an inspection by Sysco's forensic accountants. On June 21, 2010, this Court entered an Order which stated, in no uncertain terms, that "Defendants shall ***promptly*** make available ***their books and records*** for an examination by plaintiff's forensic accountants." See Exhibit E to Dec. of Counsel, submitted herewith (emphasis added). In excess of a month has elapsed since the entry of such Order and during that time, this Court denied Defendants' *untimely* application to file a motion for reconsideration of the June 21, 2010 Order, denied Defendants' request for a discovery conference to interpret the unambiguous Order and specifically warned Defendants that their non-compliance would result in the entry of an Order finding them in contempt and sanctioning Defendants and their counsel. Nonetheless, in flagrant contravention of the June 21, 2010 Order, the Defendants have failed to produce a single document to Sysco's accountants. In light of this Court's *unequivocal* warning, Defendants' conduct can only be characterized as a willful and deliberate violation of the June 21, 2010 Order.

As demonstrated below, Defendants' culpable conduct warrants the entry of an Order entering a default judgment against Defendants, finding Defendants in contempt of Court, imposing monetary sanctions on Defendants and their counsel, and awarding attorneys' fees and costs to Sysco.

## STATEMENT OF FACTS

As its Statement of Facts, Sysco shall rely upon the Declaration of Counsel, submitted herewith.

## LEGAL ARGUMENT

### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A), THE ENTRY OF AN ORDER IMPOSING VARIOUS SANCTIONS UPON DEFENDANTS IS APPROPRIATE DUE TO THEIR WILLFUL VIOLATION OF THE JUNE 21, 2010 ORDER.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), when a party fails to provide or permit discovery, the Court may issue further "just" Orders sanctioning the party for its disobedience. "The Second Circuit has made it abundantly clear that Rule 37 empowers District Courts with broad discretion to impose sanctions of sufficient severity to deter misconduct during discovery." Fonar Corp. v. Magnetic Resonance Plus, Inc., 162 F.R.D. 276, 279 (S.D.N.Y. 1995). The Rule provides for a spectrum of sanctions ranging from reimbursement of the opposing party's expenses caused by defendant's failure to cooperate to dismissal or a default judgment. Cine Forty-Second Street Theater Corp., 602 F.2d 1062, 1065 (2d Cir. 1979). Courts have repeatedly emphasized that more severe sanctions are warranted when the defendant's conduct rises to the level of "willfulness" or "bad faith" and constitutes a deliberate disregard of a lawful order of the court. Id. at 1067. See also Republic of Philippines v. Marcos, 888 F.2d

2

954 (2d. Cir. 1989) (recognizing that the "elements of willfulness or conscious disregard for the discovery process . . . justifies the sanction of dismissal.").

The Second Circuit has emphasized that the purpose behind the discovery process set forth in the Federal Rules of Civil Procedure is as follows:

> The discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all evidence relevant to the merits of a controversy. *Thomas E. Hoar*, 882 F.2d at 687; *see also* Fed.R.Civ.P. 26(b)(1). It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention. *See Thomas E. Hoar*, 882 F.2d at 687; *see* also Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 488 (1970). When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate. *See National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781 (availability of severe sanctions necessary both to penalize recalcitrant parties and deter others from similar conduct); *see generally Update Art v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) (compliance with discovery orders "necessary to the integrity of our judicial process").

Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

In Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995), the Second Circuit addressed whether the entry of a default judgment against defendants was warranted when defendants failed to comply with a discovery order. Plaintiff had requested various documents at a defendant's deposition and by way of a separate document request. When defendants failed to produce the documents and interrogatory responses, plaintiff filed a motion to compel the production of documents, answers to interrogatories and the continued deposition of defendant. The Court entered an Order compelling defendants to produce the outstanding discovery. Notwithstanding the fact that defendants made no effort to appeal the Order, after several weeks from the entry of same, defendants failed to comply with the Order. As a result, plaintiff moved for a default judgment under Fed.R.Civ. P. 37, which was granted by the District Court. Id. at 851.

3

On appeal, the Second Circuit affirmed the entry of a default judgment and stated:

> Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. A party who flouts such orders does so at his peril. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost . . .

Id. at 853 (internal citation omitted).

Here, Defendants' willful and conscious disregard of the June 21, 2010 Order warrants the entry of a default judgment against Defendants, a finding of contempt, the imposition of monetary sanctions and an award to Sysco of attorneys' fees and other costs. Defendants have repeatedly failed to open up their books and records for an inspection by Sysco's forensic accountants. In response to such obstructive conduct, on June 21, 2010, the Court entered an Order requiring defendants to "***promptly*** make available ***their books and records*** for an examination by plaintiff's forensic accountants." See Exhibit E to Dec. of Counsel, submitted herewith (emphasis added). Thereafter, plaintiff wrote to Defendants on two occasions to seek compliance with the June 21, 2010 Order. See Exhibits F and H to the Dec. of Counsel, submitted herewith. To date, Defendants have failed to provide a single document to Sysco.

There is no question that Defendants' disregard of the June 21, 2010 Order can only be characterized as deliberate. Defendants' repeated attempts to thwart compliance with the Order make this clear. First, Defendants applied to file an untimely motion for reconsideration of the June 21, 2010 Order. When that application was denied, Defendants could have appealed that decision, but choose not to. Instead, Defendants requested a discovery conference to purportedly request clarification of the unambiguous Order. This Court provided Defendants with such clarification.

Significantly, this Court also warned Defendants that "[f]urther delay will result in an order of contempt as well as sanctions against counsel," See July 27, 2010 Endorsed Memo

4

from the Court, annexed as Exhibit J to Dec. of Counsel, submitted herewith (emphasis added). It has been in excess of two and a half weeks since the Court's warning and approximately a month and a half since the Court ordered the *prompt* production of the Defendants' books and records. Similar to the defendants in Bambu, Defendants are rolling the dice on this Court's tolerance and, thus, the entry of a default judgment is appropriate.

In addition, Sysco seeks the imposition of monetary sanctions against Defendants and their counsel in a manner that this Court deems is appropriate. Lastly, Sysco seeks an award of attorneys' fees and costs that it has incurred for the following: (i) preparing Sysco's motion to compel discovery, which resulted in the June 21, 2010 Order; (ii) responding to the multiple correspondence by Defendants to the Court seeking to thwart the June 21, 2010 Order; (iii) preparing the instant motion; and (iv) the fees incurred by Sysco's accountants for preparing the subject document demand served upon Defendants. Sysco respectfully request that the Court permit it to file an affidavit supporting its application for attorneys' fees and costs supported with details of time spent, services rendered, hourly fees and expenditures.

## **CONCLUSION**

Based on the foregoing, Sysco respectfully requests that its Motion be granted in its entirety.

NORRIS MCLAUGHLIN & MARCUS, P.A.

/s/ Melissa A. Peña
Melissa A. Peña (MP-3320)
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700
*Local Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*

-and-

Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
*Co-Counsel for Plaintiff, Sysco Food Services of Metro New York, LLC*

Dated: August 13, 2010
      New York, New York