Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel for Plaintiff

Melissa A. Pena, Esq. (MP-3320)
Norris, McLaughlin & Marcus
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700
Local Counsel for Plaintiff

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC | :UNITED STATES DISTRICT COURT :FOR THE SOUTHERN DISTRICT OF :NEW YORK |
| Plaintiff, | : |
| v. | : Civil Case No. 08-cv-02958 |
| JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD., | : : : |
| Defendants. | : : |

### DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A), FOR A DEFAULT JUDGMENT, SANCTIONS, ATTORNEYS' FEES AND COSTS AND OTHER RELATED RELIEF

I, **MELISSA A. PENA**, declare under the penalty of perjury, as follows:

1.      I am an attorney admitted to practice law in the State of New York and before the Southern District of New York.  I am an associate with the law firm of Norris, McLaughlin & Marcus, PA, local counsel for plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco").  As such, I have knowledge of the facts set forth herein.

2.      I submit this Declaration, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and Local Rule 37.2[1], in support of plaintiff's motion for the entry of an Order (i) entering default judgment against defendants for failing to comply with a June 21, 2010 Order; (ii) finding defendants in contempt of Court; (iii) imposing monetary sanctions on defendants and their counsel; (iv) awarding Sysco attorneys' fees and costs; and (v) such other and further relief as this Court may deem just and proper.

3.      On or about March 21, 2008, Sysco commenced this action seeking to collect unpaid invoices totaling $751,000.  Thereafter, on or about May 7, 2008, defendants filed an Answer to the Complaint asserting various defenses.

4.      On October 15, 2008, Sysco served defendants with a Demand for Production of Documents.  Sysco further requested that defendants provide plaintiff with a convenient date and time for Sysco's accountants to review defendants' books and records.

5.      When defendants failed to respond to Sysco's request for an inspection by its accountants, on November 26, 2008, co-counsel for Sysco, the Mitnick & Malzberg, P.C. firm, wrote to counsel for defendants, Lawrence W. Rader, Esq., reiterating Sysco's request for an inspection.  Annexed hereto as Exhibit A is a true and accurate copy of the November 26, 2008 correspondence.

6.      Thereafter, on April 1, 2009, during a discussion with Mr. Rader, I again reiterated Sysco's request for an inspection.  I followed up such request in writing on April 2,

---

[1] On July 26, 2010, I contacted the Court to inquire whether a pre-motion conference was necessary prior to Sysco moving for sanctions.  The Court authorized Sysco to proceed without a pre-motion conference.

2009. Annexed hereto as Exhibit B is a true and accurate copy of my April 2, 2009 correspondence.

7.      When defendants failed to produce their records, on April 17, 2009, Sysco filed a motion to compel defendants to permit the inspection of their books and records by plaintiff's forensic accountants. In response to the motion, defendants' filed a cross-motion seeking the dismissal of various counts of the Complaint. On November 17, 2009, the Court entered a Memorandum and Order dismissing without prejudice a count in the Complaint alleging that defendants are jointly and severally liable for the debts of one another and granted Sysco leave to amend such count. Annexed hereto as Exhibit C is a true and accurate copy of the November 17, 2009 Order. The November 17, 2009 Order further permitted Sysco to move to compel discovery "at such time as it serves an amended complaint that properly pleads an alter ego theory." Id. at 10.

8.      On November 24, 2009, Sysco filed an Amended Complaint. Count III of the Amended Complaint alleges that defendants are the alter egos of one another. On December 9, 2009, defendants filed an Answer to the Amended Complaint denying the allegations contained in Count III.

9.      In good faith, on February 1, 2010, I sent a correspondence to Mr. Rader again reiterating Sysco's request for an inspection of defendants' books and records by its forensic accountants. Annexed hereto as Exhibit D is a true and accurate copy of my February 1, 2010 correspondence. While Mr. Rader orally denied such request on February 17, 2009 and represented that he would set forth the basis of his objection in writing, defendants failed to do

3

so. Accordingly, on March 12, 2010, Sysco filed a motion to compel an inspection of defendants' books and records by its forensic accountants (the "Discovery Motion").

10. On June 21, 2010, the Court entered an Order granting the Discovery Motion. Annexed hereto as Exhibit E is a true and accurate copy of the June 21, 2010 Order. The Order provides, in pertinent part, as follows: "Defendants shall *promptly* make available *their books and records* for an examination by plaintiff's forensic accountants." Id. (emphasis added). The June 21, 2010 Order placed no restriction on the records to be produced by defendants.

11. On June 22, 2010, I wrote to defendants regarding the entry of the June 21, 2010 Order. As the Order provides for the prompt production of documents, I requested that defendants provide Sysco with dates within the next week when defendants would make their books and records available for inspection. Annexed hereto as Exhibit F is a true and accurate copy of my June 22, 2010 correspondence.

12. On July 6, 2010, defendants requested leave to file a motion for reconsideration of the June 21, 2010 Order. Such motion was untimely having been filed outside the time provided for in Local Rule 6.3. As such, on July 12, 2010, the Court denied "[d]efendants' application to submit a belated motion for reconsideration [of the] 6/21/10 order . . ." Annexed hereto as Exhibit G is a true and accurate copy of defendants' July 6, 2010 letter and the Court's July 12, 2010 Endorsed Memo denying defendants' application.

13. Thereafter, in an *additional* attempt to obtain defendants' compliance with the June 21, 2010 Order, on July 16, 2010, I requested specified documents from defendants. Given defendants had failed to comply with the June 21, 2010 Order and my June 22, 2010 request, I

4

requested that defendants produce the documents by July 23, 2010. I further advised that if the records were not produced by such date, Sysco would be forced to seek the Court's intervention. Annexed hereto as Exhibit H is a true and accurate copy of my July 16, 2010 correspondence.

14.     Notwithstanding the unequivocal language of the June 21, 2010 Order, on July 26, 2010, defendants wrote to the Court requesting a conference to address the scope of the June 21, 2010 Order. Annexed hereto as Exhibit I is a true and accurate copy of defendants' July 26, 2010 correspondence.

15.     On July 27, 2010, the Court denied defendants' application for a discovery conference, stating as follows: "Plaintiff's request was broad, and it was granted! See Declaration of Melissa A. Pena dated March 12, 2010, Exh. F. *Further delay will result in an order of contempt as well as sanctions against counsel.* SO ORDERED." See July 27, 2010 Endorsed Memo from the Court, annexed hereto as Exhibit J (emphasis added).

16.     To date, defendants have failed to produce their books and records to Sysco.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 13, 2010                         /s/ Melissa A. Peña
                                               MELISSA A. PENA

# EXHIBIT A

# Mitnick & Malzberg, P.C.

ATTORNEYS AT LAW

P. O. Box 429

STEVEN MITNICK                    FRENCHTOWN, NEW JERSEY 08825
smitnick@mmpclawfirm.com          Telephone: (908) 996-3716 · Fax: (908) 996-7743
MITCHELL MALZBERG *               Website: www.mmpclawfirm.com
mmalzberg@mmpclawfirm.com
*Also Admitted in PA          STREET ADDRESS: 29 RACE STREET, FRENCHTOWN, NJ 08825

November 26, 2008

Lawrence W. Rader, Esq.
225 Broadway, Suite 400
New York, NY  10007

RE:   SYSCO FOOD SERVICES OF METRO NEW YORK, LLC v. JEKYLL &
      HYDE INC., ET AL
      Our Reference Number: 80-0022

Dear Mr. Rader:

I note that Interrogatories were served on your office on May 15, 2008, and answers have not been received and are seriously past due.  Additionally, I have not received the documents requested in my Demand for Production of Documents which was forwarded to you on October 15, 2008. You also have not provide my office with a convenient date and time when the accountants retained by the plaintiff can review your client's books and records, as requested in my letter to you dated October 15, 2008.

Please provide my office with responsive answers and the requested documents by December 15, 2008, or we will be forced to contact the Judge to get involved in the discovery process.

Once you have provided our office with the outstanding discovery we will reschedule the depositions.

With best wishes,

STEVEN MITNICK, ESQ.

SM/sb
Cc:  Charnelle Harvey
     Melissa N. Pena, Esq..

# EXHIBIT B



# Norris
# McLaughlin
# &Marcus, P.A.
ATTORNEYS AT LAW

April 2, 2009

**Via Facsimile and Email**
Lawrence Rader, Esq.
225 Broadway, Suite 400
New York, New York 10007

     RE:    **Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc. et al.**
             **Case Number:  08-CV-02958**

Dear Mr. Rader:

     As you will recall, this firm serves as local for plaintiff, Sysco Food Services of Metro, New York, LLC.

     Pursuant to our discussion yesterday, this will serve as a formal demand that defendants make their books and records available for inspection by plaintiff's forensic accountants.  As you are aware, pursuant to Federal Rule of Civil Procedure Rule 26, plaintiff is entitled to discovery relevant to the subject matter involved in the above-reference action.  Certainly the contents of defendants' books and records have bearing on the debt owed to plaintiff.  Your argument that plaintiff allegedly billed entities that are no longer in existence further bolsters this conclusion. Accordingly, kindly provide me with dates that such records will be made available to our accountants.

     In addition, please provide me with dates when Mr. Finley as well as an account representative with knowledge of defendants' records are available for depositions during the week of April 13th and/or the week of April 20th.  As we discussed, the discovery end date is fast approaching and, thus, your prompt attention to this matter is appreciated.

                Very truly yours,
                NORRIS, McLAUGHLIN & MARCUS, PA

                Melissa A. Peña

cc: Steven Mitnick, Esq. (Via Email)


NY: 875 Third Avenue, 18th Floor  New York, NY 10022 • P: (212) 808-0700 • F: (212) 808-0844
NJ: 721 Route 202-206  Bridgewater, NJ 08807 • Mailing: P.O. Box 1018  Somerville, NJ 08876-1018 • P: (908) 722-0700 • F: (908) 722-0755
www.nmmlaw.com E: info@nmmlaw.com

# EXHIBIT C

```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SYSCO FOOD SERVICE OF METRO         : 08 Civ. 2958 (BSJ) (JCF)
NEW YORK, LLC,                      :
                                    :       MEMORANDUM
            Plaintiff,              :       AND   ORDER
                                    :
    - against -                     :
                                    :
JEKYLL & HYDE, INC.; DEACON BRODY   :
MANAGEMENT INC. d/b/a JEKYLL &      :
HYDE GREENWICH VILLAGE and DONALD   :
R. FINLEY; BAYVILLE ENTERTAINMENT   :
INC. d/b/a BAYVILLE ADVENTURE PARK; :
SIXTH AVENUE FOOD SERVICES LTD.;    :
NEW CASTLE FOODS INC.; DAVEY JONES  :
LOCKER MANAGEMENT, INC. d/b/a       :
SHIP WRECK TAVERN; and 186 WEST     :
4TH ST. MANAGEMENT CO., INC.        :
d/b/a OLIVERS BAR & GRILL,          :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco"), brings this action asserting breach of contract and related claims based on its sale of goods to the defendants. Sysco has moved to compel discovery of certain evidence. The defendants, Jekyll and Hyde, Inc., its principal Donald R. Finley, and a group of related entities, have cross-moved to dismiss certain of the plaintiff's claims. The parties have agreed that I will decide the latter motion pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the defendants' motion is granted, and Counts Two, Three, Five, Six, Seven, and Eight of the Complaint are dismissed without prejudice. Count Nine is dismissed with prejudice. The

1

plaintiff's motion to compel discovery is denied without prejudice
to being renewed after any amended complaint has been filed.

Background

    Sysco is a company incorporated in the State of Delaware with
offices in Jersey City, New Jersey. (Complaint ("Compl.") at 2).
Sysco supplies goods and services to restaurants in the New York
Metropolitan area.   (Compl. at 2-3).   The defendant corporations
operate food service establishments in New York.   (Compl. at 2).
Mr. Finley is a resident of New York.   (Compl. at 2).

    Sysco claims that it is owed the following amounts:
$203,042.16 from Jekyll & Hyde, Inc. (Compl. at 3); $5,643.00 from
Deacon Brody Management, Inc. d/b/a Jekyll & Hyde Greenwich Village
("Brody") (Compl. at 4); $1,370.93 from Bayville Entertainment,
Inc. d/b/a Bayville Adventure Park (Compl. at 5); $452,078.76 from
Sixth Avenue Food Services Ltd.   (Compl. at 6-7); $50,189.60 from
New Castle Foods Inc. (Compl. at 7-8); $26,632.37 from Davey Jones
Locker Management, Inc. d/b/a Ship Wreck Tavern (Compl. at 9); and
$11,789.34 from 186 West 4th St. Management Co., Inc. d/b/a Olivers
Bar & Grill.   (Compl. at 10).   The plaintiff further alleges that
Mr. Finley acted as a personal guarantor for Brody.   (Compl. at 5).
Sysco claims that all of the defendants are jointly liable for one
another's obligations, and therefore, if Mr. Finley acted as a
guarantor for Brody, he is also responsible for the debts of all
other defendants.

Sysco alleges that the defendants are all "responsible for payment of the entire amount due" because the defendants intermingled their assets and liabilities.   (Compl. at 11-12). Further, the plaintiff requests that a receiver be appointed to liquidate the defendants' assets because they are insolvent and "unable to meet their pecuniary liabilities." (Compl. at 12-13).

Sysco has moved to compel discovery in order to obtain evidence that the defendants intermingled their funds. Specifically, Sysco requests that the Court issue an order requiring: (1) that Mr. Finley appear for a deposition, (2) that the defendants produce a person with knowledge relating to their accounting records, and (3) that they make available their books and records for an inspection by Sysco's forensic accountants. (Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery at 1).

The defendants oppose the motion to compel discovery and have cross-moved to dismiss Counts Eight and Nine of the Complaint for failure to state a claim on which relief can be granted.   They have also moved to dismiss Counts Two, Three, Five, Six, and Seven for want of jurisdiction because the plaintiff has failed to allege the minimum jurisdictional amount of $75,000 for each of those claims.

Discussion

A.   Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the

3

Federal Rules of Civil Procedure, the court's function is to rule on the legal sufficiency of the claim as stated in the complaint. Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A complaint will be deemed legally sufficient if it includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding the motion, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citing Twombly, 550 U.S. at 555-56)); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). Generally, in deciding a motion to dismiss, the court is limited to considering the facts alleged in the complaint, documents attached to the complaint or incorporated in it by reference, and matters of which the court may take judicial notice. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002).

B.  Alter Ego Liability

Count Eight of the Complaint requests that the Court "pierce the corporate veil" under an "alter-ego" theory. (Compl. at 11-12; Memorandum of Law in Opposition to Defendants' Cross-Motion and in Support of Plaintiff's Motion to Compel Discovery at 3).  The concept of piercing the corporate veil serves as a limitation on the principle that corporations can be set up to  restrict an owner's liability.  Morris v. New York State Department of Taxation

4

and Finance, 82 N.Y.2d 135, 140, 603 N.Y.S.2d 807, 810 (1993).  A
corporation cannot be used as a mere shell for its owners to
transact   personal   business.         Bravado   International   Group
Merchandising Services, Inc. v. Ninna, Inc., No. CV-08-3123, 2009
WL 2707350, at *11 (E.D.N.Y. Aug. 27, 2009) (citing Wm. Passalacqua
Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 138
(2d Cir. 1991)).  Alter ego liability is not an independent cause
of action; "'rather it is an assertion of facts and circumstances
which will persuade the court to impose'" the obligation of one
corporation upon another.     Bravado, 2009 WL 2707350, at *13
(quoting Morris, 82 N.Y.2d at 141, 603 N.Y.S.2d at 810).

     Under New York law, two elements are required to pierce the
corporate veil: (1) the parent must exercise complete domination in
respect to the transaction attacked, and (2) such domination must
have been used to commit fraud or wrong against the plaintiff,
which proximately caused the plaintiff's injury. Morris, 82 N.Y.2d
at 141, 603 N.Y.S.2d at 810; Portnoy v. American Tobacco Co., Nos.
96/16323, 2-MG, 96-16324, 1997 WL 638800, at *4 (N.Y. Sup. Ct.
Sept. 26, 1997).  "[A] corporate entity is liable for the acts of
a separate, related entity only under extraordinary circumstances."
Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996).  In addition,
because of the variety of circumstances in which an alter ego
theory may be advanced, courts will pierce the corporate veil only
after a "fact specific inquiry." Bravado, 2009 WL 2707350, at *12

5

(quoting DER Travel Services, Inc. v. Dream Tours & Adventures, Inc., No. 99 Civ. 2231, 2005 WL 2848939, at *8 (S.D.N.Y. Oct. 28, 2005)); see also Wm. Passalacqua Builders, 933 F.2d at 139.

Factors that tend to show domination of one corporation over another include overlap in ownership, officers, directors and personnel; inadequate capitalization; commingling of assets; absence of separate paraphernalia that are part of the corporate form; the payment or guarantee of debts of the dominated corporation by other corporations in the group; the failure of the related corporations to deal with the dominated corporation at arm's length; and the sharing of common office space, phone numbers and addresses with other commonly owned corporate entities. Wm. Passalacqua Builders, 933 F.2d at 139; John John, LLC v. Exit 63 Development, LLC, 35 A.D.3d 540, 541, 826 N.Y.S.2d 657, 659 (2d Dep't 2006) (citing Island Seafood Co. v. Golub Corp., 303 A.D.2d 892, 893, 759 N.Y.S.2d 768, 769 (3d Dep't 2003)). Here, Sysco refers to two of these factors in the Complaint: commingling of assets and inadequate capitalization.

In Count Eight, Sysco alleges that the "defendant entities intermingled their assets and liabilities." (Compl. at 11). In Count Nine, Sysco alleges that the defendants are "insolvent" and "unable to meet their pecuniary liabilities." (Compl. at 12). Sysco further alleges that the intermingling of assets makes "all of the defendant entities [] responsible for payment of the entire

amount due and owing to the plaintiff." (Compl. at 11).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Claims of alter ego status need only satisfy this liberal notice pleading standard. @Wireless Enterprises, Inc. v. AI Consulting, LLC., No. 05-CV-6176, 2006 WL 3370696, at *6 (W.D.N.Y. Oct. 30, 2006). However, "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability, even under the liberal notice pleading standard." In Re Currency Conversion Fee Antitrust Litigation, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) (citing Old Republic Insurance Co. v. Hanson World Cargo Service, Inc., 170 F.R.D. 361, 375 (S.D.N.Y. 1997); Zinaman v. USTS New York, Inc., 798 F. Supp. 128, 132 (S.D.N.Y. 1992)). Where a complaint is "devoid of any description of the relationship between [] corporations," it is an insufficient pleading for piercing the corporate veil. Binder v. National Life of Vermont, No. 02 Civ. 6411, 2003 WL 21180417, at *3 (S.D.N.Y. May 20, 2003). In an attempt to establish alter ego liability, a plaintiff "may not rely on conclusory statements, but must allege specific facts" showing that one corporation exercised dominion over another. Portnoy, 1997 WL 638800, at *4 (citing Campo v. 1st Nationwide Bank, 857 F. Supp. 264, 271 (E.D.N.Y. 1994)).

Sysco's Complaint contains no factual allegations relevant to

7

the alter ego theory.  Rather, it makes conclusory statements that the Court need not accept as true.  See Bravado, 2009 WL 2707350, at *15.  While Sysco claims that the defendants intermingled their assets and liabilities, it fails to allege which corporation took funds from which.[1]  See id. (vague allegation of intermingling is insufficient to support claim of alter ego liability where complaint fails to specify which defendants commixed their funds).

Sysco's remaining allegation is that the defendants are insolvent.  Inadequate capitalization is but one of many factors tending to prove domination of one corporation over another, and Sysco fails to allege how insolvency in this instance shows any domination whatsoever.  See id. (allegation regarding insolvency too vague to allege domination where nature and effect of defendants' insolvency not specified).  Sysco's claim is "therefore too vague and conclusory to allege alter ego liability."  See id. (citing EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (dismissing claim to pierce corporate veil where allegations were "conclusory"); Ferreira v. Unirubio Music Publishing, No. 02 Civ. 805, 2002 WL 1303112, at *2-

---

[1] In a declaration submitted in response to the motion to dismiss, Sysco proffered evidence of two defendant entities paying invoices that were sent to others. (Declaration of Charnelle Harvey in Opposition to Defendants' Cross-Motion and in Support of Plaintiff's Motion to Compel Discovery dated July 24, 2009 at 3). Because this information was not part of the Complaint, it should not be considered. Even if it were, it would not "add sufficient clarity to allege alter ego liability." Bravado, 2009 WL 2707350, at *16.

3 (S.D.N.Y. June 13, 2002)(dismissing veil-piercing claim where factual allegations were insufficient).

Because Sysco has failed to plead its alter ego theory with the necessary specificity, Count Eight is dismissed without prejudice to submission of an amended complaint, provided that Sysco can make the necessary allegations in good faith.

    C. Diversity Jurisdiction

Without the ability to pursue the alter ego theory, Sysco cannot establish joint liability among the defendants. Accordingly, Counts Two, Three, Five, Six, and Seven must be dismissed for lack of subject matter jurisdiction. None of these counts alleges an amount in controversy of over $75,000 exclusive of interests and costs, as required to meet the minimum jurisdictional requirement. See 28 U.S.C. § 1332. "In a diversity case involving a single plaintiff and multiple defendants, aggregation of claims is not proper unless the liability to the plaintiff is common, undivided or joint." Congram v. Giella, No. 91 Civ. 1134, 1992 WL 349845, at *3 (S.D.N.Y. Nov. 10, 1992). Because joint liability has not been adequately pled here, there can be no aggregation of claims and therefore each individual claim not exceeding $75,000 is dismissed without prejudice to the alter ego theory being properly pled.

    D. Receivership

In Count Nine, Sysco requests that the Court appoint a

9

receiver because the defendants are "insolvent" and "unable to meet
their pecuniary liabilities." (Compl. at 13). The plaintiff also
requests the appointment of receiver in its demand for relief.
(Compl. at 13). The appointment of a receiver is a remedy, not a
claim for which relief can be granted. See Varsames v. Palazzolo,
96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (appointment of receiver is
"extraordinary remedy"). Thus, Count Nine is dismissed. However,
the plaintiff's request for appointment of a receiver as a remedy
remains, and whether such relief may be appropriate can only be
determined on the basis of a complete record.

E. Motion to Compel Discovery

Because the defendants' motion to dismiss is being granted,
the plaintiff's motion to compel discovery is denied without
prejudice. The plaintiff may move to compel discovery at such time
as it serves an amended complaint that properly pleads an alter ego
theory.

Conclusion

For the reasons set forth above, the defendants' motion to
dismiss Count Nine is granted. Their motion to dismiss Counts Two,
Three, Five, Six, Seven, and Eight is granted without prejudice to
the plaintiff submitting an amended complaint consistent with this
decision within 30 days. The plaintiff's motion to compel
discovery is denied without prejudice to being renewed should the

10

Case 1:08-cv-02958-BSJ-JCF   Document 39   Filed 11/17/09   Page 11 of 11

plaintiff serve an amended complaint that properly pleads an alter

ego theory.

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
          November 17, 2009

Copies mailed this date:

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue, 18th Floor
New York, New York 10022

Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
29 Race Street
Frenchtown, New Jersey 08825

Lawrence W. Rader Esq.
225 Broadway, Suite 400
New York, New York 10007

11

# EXHIBIT D



**Norris
McLaughlin
&Marcus, P.A.**
ATTORNEYS AT LAW

February 1, 2010

**<u>Via Email and First Class Mail</u>**
Lawrence Rader, Esq.
225 Broadway, Suite 400
New York, New York 10007

      **RE:**    **Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc. et al.
                Case Number:  08-CV-02958**

Dear Mr. Rader:

      As you will recall, this firm serves as local counsel for plaintiff, Sysco Food Services of Metro New York, LLC.

      This will serve as a formal demand, pursuant to Federal Rule of Civil Procedure 26, that defendants make their books and records available for inspection by plaintiff's forensic accountants.  Such discovery is necessary and relevant to Count III of the Amended Complaint whereby plaintiff alleges that defendants are jointly and severally liable for the debts of one another.  Kindly provide me with dates that such records will be made available to our accountants for inspection.

      I am hopeful that the defendants will cooperate with respect to our request and we can avoid further motion practice on this issue.

      Should you have any questions, please feel free to contact me.

                        Very truly yours,
                        NORRIS, McLAUGHLIN & MARCUS, PA

                        Melissa A. Peña

cc:  Steven Mitnick, Esq. (Via Email)



NY: 875 Third Avenue, 18th Floor  New York, NY 10022  •  P: (212) 808-0700  •  F: (212) 808-0844
NJ: 721 Route 202-206  P.O. Box 5933  Bridgewater, NJ 08807-5933  •  P: (908) 722-0700  •  F: (908) 722-0755
PA: The Paragon Centre, Suite 300  1611 Pond Road  Allentown, PA 18104-2258  •  P: (610) 391-1800  •  F: (610) 391-1805
www.nmmlaw.com E: info@nmmlaw.com

# EXHIBIT E

```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SYSCO FOOD SERVICE OF METRO           : 08 Civ. 2958 (BSJ) (JCF)
NEW YORK, LLC,                        :
                                      :      MEMORANDUM
                Plaintiff,            :  AND   ORDER
                                      :
     - against -                      :
                                      :
JEKYLL & HYDE, INC. and               :
SIXTH AVENUE FOOD SERVICES LTD.,      :
                                      :
                Defendants.           :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/10

The plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco"), brings this action asserting breach of contract and related claims based on its sale of goods to the defendants. Sysco alleges that the defendants, Jekyll & Hyde, Inc. ("Jekyll & Hyde") and Sixth Avenue Food Services Ltd. ("Sixth Avenue") are alter egos and are therefore responsible not only for their own obligations but also for the debts incurred by the other. To obtain evidence in support of this theory, Sysco has moved pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure for an order compelling the defendants to produce their books and records for examination by the plaintiff's forensic accountants. For the reasons that follow, Sysco's motion is granted.

Background

Sysco initially filed a Complaint in this action naming as defendants seven different corporations and the individual who is

1

purportedly their principal, Donald R. Finley.   Each of the corporations was alleged to owe the plaintiff money for goods sold and delivered, and the plaintiff asserted that the defendants were jointly liable for one another's obligations because they were alter egos of each other.   The defendants moved to dismiss the alter ego claim on the basis that Sysco had failed to plead it with adequate detail.   I granted that motion and dismissed as well claims against those defendants whose alleged liability would not satisfy the requirements for diversity jurisdiction.[1]   Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc., No. 08 Civ. 2958, 2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009).   The plaintiff was given leave to submit an amended pleading consistent with my determination.

Thereafter, Sysco filed an Amended Complaint, this time naming only Jekyll & Hyde and Sixth Avenue as defendants.   The Amended Complaint contains three counts: the first alleges that Jekyll & Hyde owes Sysco $203,042.16, the second that Sixth Avenue owes $452,078.76, and the third that the defendants are alter egos of each other.   In support of the alter ego claim, Sysco asserts that the defendants have the same officers, directors, and shareholders; that they share one or more employees; that they conduct the same type of business; that they were not operated as independent profit

---

[1] The parties had consented to my determination of the motion to dismiss pursuant to 28 U.S.C. § 636(c).

centers; and that they commingled their liabilities.    (Amended
Complaint ("Am. Compl."), Third Count, ¶¶ 2-6).  As evidence of the
allegation of commingling, Sysco points to a check issued by Jekyll
& Hyde in payment of an obligation owed by Sixth Avenue.    (Am.
Compl., Third Count, ¶ 5 & Exh. C).

       As  discovery  proceeded,  Sysco  asked  that  its  forensic
accountants  be  permitted  to  examine  the  defendants'  books  and
records, but the defendants rejected this request. (Declaration of
Melissa A. Pena dated March 12, 2010, ¶ 14).  Sysco then filed the
instant motion.

Discussion

       The defendants do not contest the relevance of the requested
discovery to the plaintiff's alter ego claim.  Rather, they resist
disclosure on two grounds.    First, they contend that Sysco has
still  failed  to  plead  the  alter  ego  claim  with  sufficient
particularity, so that discovery on that claim should not go
forward.    (Memorandum of Law in Opposition to Motion to Compel
Inspection of Books and Records ("Def. Memo.") at 2-3).    Second,
they maintain that Sixth Avenue simply does not exist, effectively
rendering the plaintiff's alter ego claim meaningless and the
discovery request moot.  (Def. Memo. at 1-3).  Neither argument is
persuasive.

       While the defendants contend that the alter ego claim in the
Amended  Complaint  is  no  more  specific  than  that  which  was

3

dismissed, that is not the case.  Although Sysco had previously alleged only that various defendants had commingled assets and liabilities (Complaint, Eighth Count, ¶ 2), it now avers that Jekyll & Hyde and Sixth Avenue have the same officers, directors, and shareholders, share common employees, operate the same type of business, and are not treated as independent profit centers. Furthermore, the plaintiff has buttressed its allegation of commingling by proffering specific evidence.

In support of the contention that Sixth Avenue does not exist, Mr. Finley submitted a declaration in which he states:

> [T]here is no such entity named Sixth Avenue Food Services Ltd., and I have neither ever formed (or caused to be formed) any such entity, nor have I done business under such a trade name, either as a corporation, a partnership, a limited liability partnership or corporation, or a sole proprietorship.

(Declaration of Donald R. Finley dated April 17, 2010, ¶ 2).  This representation is demonstrably false.  Sysco has produced a Customer Account Application dated October 18, 2001, in which an entity identified as "Sixth Avenue Food Services LTD" is the applicant.  The document is signed by Mr. Finley as President of Sixth Avenue.  (Declaration of Charnelle Harvey dated May 2010, ¶ 4 & Exh. A).  The defendants' silence in the face of this evidence speaks volumes.  Permitting the plaintiff a full opportunity to examine the relationship between the defendants is, if anything, a mild response to this apparent falsehood.  See Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming

4

dismissal of action where plaintiff presented perjured testimony and fabricated evidence); Israel v. Carpenter, No. 95 Civ. 2703, 2003 WL 21518830, at *2 n.2 (S.D.N.Y. July 7, 2003) (noting that party who lies in court proceedings may be subject to adverse inference or criminal sanctions for perjury).

Conclusion

For the reasons discussed above, the plaintiff's motion is granted. Defendants shall promptly make available their books and records for an examination by the plaintiff's forensic accountants.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 21, 2010

Copies mailed this date:

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue, 18th Floor
New York, New York 10022

Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
29 Race Street
Frenchtown, New Jersey 08825

Lawrence W. Rader Esq.
225 Broadway, Suite 400
New York, New York 10007

# EXHIBIT F



Norris
McLaughlin
&Marcus, P.A.
ATTORNEYS AT LAW

June 22, 2010

**Via Email and First Class Mail**
Lawrence Rader, Esq.
Richard Altman, Esq.
225 Broadway, Suite 400
New York, New York 10007

     RE:    **Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc. et al.,**
              **Case Number:  08-CV-02958**

Dear Counsel:

     Yesterday, on June 21, 2010, the Court entered the enclosed Order granting plaintiff's motion to compel an examination of the defendants' books and records by plaintiff's forensic accountants.  The Order explicitly provides that "Defendants shall *promptly* make available their books and records for an examination by the plaintiff's forensic accountants."  See Order at p. 5 (emphasis added).  As such, kindly provide us with dates *within the next week* when Defendants will make such records available.

     As you are aware, on June 10, 2010, we spoke with you regarding defendants' position as to a settlement conference and to schedule a briefing schedule for plaintiff's motion to file a second amended complaint.  Last week, on June 17th, I reiterated this request to Mr. Altman.  Please advise us immediately of defendants' position as to a settlement conference and the proposed briefing schedule for plaintiff's motion to file a second amended complaint.  If we do not hear from you by the close of business on Thursday, June 24th, we will reach out to the Court to reiterate our request for a settlement conference and establish a briefing schedule.

     Your prompt attention to this request is appreciated.

                      Very truly yours,
                      NORRIS, McLAUGHLIN & MARCUS, PA

                      Melissa A. Peña

Enclosure
cc:    Steven Mitnick, Esq. (Via Email w/Enclosure)
       Charnelle Harvey (Via Email w/Enclosure)



NY: 875 Third Avenue, 8th Floor  New York, NY 10022  •  P: (212) 808-0700  •  F: (212) 808-0844
NJ: 721 Route 202-206  P.O. Box 5933  Bridgewater, NJ 08807-5933  •  P: (908) 722-0700  •  F: (908) 722-0755
PA: The Paragon Centre, Suite 300  1611 Pond Road  Allentown, PA 18104-2258  •  P: (610) 391-1800  •  F: (610) 391-1805
www.nmmlaw.com E: info@nmmlaw.com

UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
SYSCO FOOD SERVICE OF METRO          :  08 Civ. 2958 (BSJ) (JCF)
NEW YORK, LLC,                       :
                                     :        MEMORANDUM
                Plaintiff,           :        AND ORDER
                                     :
    - against -                      :
                                     :
JEKYLL & HYDE, INC. and              :  ┌──────────────────────────┐
SIXTH AVENUE FOOD SERVICES LTD.,     :  │ USDS SDNY                │
                                     :  │ DOCUMENT                 │
                Defendants.          :  │ ELECTRONICALLY FILED     │
- - - - - - - - - - - - - - - - - - :  │ DOC #: _____  │
JAMES C. FRANCIS IV                     │ DATE FILED: 6/21/10      │
UNITED STATES MAGISTRATE JUDGE          └──────────────────────────┘

     The plaintiff, Sysco Food Services of Metro New York, LLC

("Sysco"), brings this action asserting breach of contract and

related claims based on its sale of goods to the defendants. Sysco

alleges that the defendants, Jekyll & Hyde, Inc. ("Jekyll & Hyde")

and Sixth Avenue Food Services Ltd. ("Sixth Avenue") are alter egos

and are therefore responsible not only for their own obligations

but also for the debts incurred by the other. To obtain evidence

in support of this theory, Sysco has moved pursuant to Rules 26 and

37 of the Federal Rules of Civil Procedure for an order compelling

the defendants to produce their books and records for examination

by the plaintiff's forensic accountants. For the reasons that

follow, Sysco's motion is granted.

Background

     Sysco initially filed a Complaint in this action naming as

defendants seven different corporations and the individual who is

1

purportedly their principal, Donald R. Finley.   Each of the corporations was alleged to owe the plaintiff money for goods sold and delivered, and the plaintiff asserted that the defendants were jointly liable for one another's obligations because they were alter egos of each other.   The defendants moved to dismiss the alter ego claim on the basis that Sysco had failed to plead it with adequate detail.   I granted that motion and dismissed as well claims against those defendants whose alleged liability would not satisfy the requirements for diversity jurisdiction.[1]   Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc., No. 08 Civ. 2958, 2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009).   The plaintiff was given leave to submit an amended pleading consistent with my determination.

Thereafter, Sysco filed an Amended Complaint, this time naming only Jekyll & Hyde and Sixth Avenue as defendants.   The Amended Complaint contains three counts: the first alleges that Jekyll & Hyde owes Sysco $203,042.16, the second that Sixth Avenue owes $452,078.76, and the third that the defendants are alter egos of each other.   In support of the alter ego claim, Sysco asserts that the defendants have the same officers, directors, and shareholders; that they share one or more employees; that they conduct the same type of business; that they were not operated as independent profit

---

[1] The parties had consented to my determination of the motion to dismiss pursuant to 28 U.S.C. § 636(c).

centers; and that they commingled their liabilities.    (Amended
Complaint ("Am. Compl."), Third Count, ¶¶ 2-6). As evidence of the
allegation of commingling, Sysco points to a check issued by Jekyll
& Hyde in payment of an obligation owed by Sixth Avenue.    (Am.
Compl., Third Count, ¶ 5 & Exh. C).

      As   discovery   proceeded,   Sysco   asked   that   its   forensic
accountants  be  permitted  to  examine  the  defendants'  books  and
records, but the defendants rejected this request. (Declaration of
Melissa A. Pena dated March 12, 2010, ¶ 14). Sysco then filed the
instant motion.

Discussion

      The defendants do not contest the relevance of the requested
discovery to the plaintiff's alter ego claim. Rather, they resist
disclosure  on  two  grounds.   First,  they  contend  that  Sysco  has
still  failed  to  plead  the  alter  ego  claim  with  sufficient
particularity, so that discovery on that claim should not go
forward.   (Memorandum of Law in Opposition to Motion to Compel
Inspection of Books and Records ("Def. Memo.") at 2-3).  Second,
they maintain that Sixth Avenue simply does not exist, effectively
rendering  the  plaintiff's  alter  ego  claim  meaningless  and  the
discovery request moot.  (Def. Memo. at 1-3).  Neither argument is
persuasive.

      While the defendants contend that the alter ego claim in the
Amended  Complaint  is  no  more  specific  than  that  which  was

                                   3

dismissed, that is not the case.  Although Sysco had previously
alleged only that various defendants had commingled assets and
liabilities (Complaint, Eighth Count, ¶ 2), it now avers that
Jekyll & Hyde and Sixth Avenue have the same officers, directors,
and shareholders, share common employees, operate the same type of
business, and are not treated as independent profit centers.
Furthermore, the plaintiff has buttressed its allegation of
commingling by proffering specific evidence.

In support of the contention that Sixth Avenue does not exist,
Mr. Finley submitted a declaration in which he states:

> [T]here is no such entity named Sixth Avenue Food
> Services Ltd., and I have neither ever formed (or caused
> to be formed) any such entity, nor have I done business
> under such a trade name, either as a corporation, a
> partnership, a limited liability partnership or
> corporation, or a sole proprietorship.

(Declaration of Donald R. Finley dated April 17, 2010, ¶ 2).  This
representation is demonstrably false.  Sysco has produced a
Customer Account Application dated October 18, 2001, in which an
entity identified as "Sixth Avenue Food Services LTD" is the
applicant.  The document is signed by Mr. Finley as President of
Sixth Avenue.  (Declaration of Charnelle Harvey dated May 2010, ¶
4 & Exh. A).  The defendants' silence in the face of this evidence
speaks volumes.  Permitting the plaintiff a full opportunity to
examine the relationship between the defendants is, if anything, a
mild response to this apparent falsehood.  See Pope v. Federal
Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming

dismissal of action where plaintiff presented perjured testimony and fabricated evidence); Israel v. Carpenter, No. 95 Civ. 2703, 2003 WL 21518830, at *2 n.2 (S.D.N.Y. July 7, 2003) (noting that party who lies in court proceedings may be subject to adverse inference or criminal sanctions for perjury).

Conclusion

For the reasons discussed above, the plaintiff's motion is granted. Defendants shall promptly make available their books and records for an examination by the plaintiff's forensic accountants.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           June 21, 2010

Copies mailed this date:

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue, 18th Floor
New York, New York 10022

Steven Mitnick, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
29 Race Street
Frenchtown, New Jersey 08825

Lawrence W. Rader Esq.
225 Broadway, Suite 400
New York, New York 10007

# EXHIBIT G

Case 1:08-cv-02958-BSJ-JCF    Document 74   Filed 07/12/2010   Page 1 of 4

**MEMO ENDORSED**

**LAWRENCE W. RADER**
ATTORNEY AT LAW
225 BROADWAY SUITE 400
NEW YORK, NEW YORK 10007

PHONE(212) 791-5200
FAX(212) 791-5400
LARRY@LAWRADER.COM

July 6, 2010

```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: 7/12/10         │
└─────────────────────────────┘
```

VIA TELECOPIER
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court Southern District Of New York
500 Pearl Street
New York, New York 10007

     Re:    Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde Inc., et al
           Docket No: 08-cv-02958

Your Honor:

     We represent the defendants and write with regard to the Court's decision and order of June 21. We intend to file a motion for reconsideration or reargument of this decision, pursuant to Local Civil Rule 6.3, to counteract the effect of the plaintiff's outrageous and misleading submissions. As demonstrated below and as will be set forth in our motion, those submissions have led not to just an incorrect decision but also a wholly incorrect and unwarranted character assassination of defendants' principal, D. R. Finley, together with an incorrect conclusion as to how defendants run their businesses.

     In order to support our motion, we need to file a declaration by Mr. Finley. However, the rule does not permit the filing of affidavits on such motions "unless directed by the court." We write to request permission to submit his declaration, and we further request that we be permitted to file this motion as a cross-motion, in response to plaintiff's latest motion to again amend its complaint. Your Honor has directed that our response is due July 9. We would respectfully request an additional week for this response, and further that the date to file the motion for reconsideration or reargument be extended until then from the date it would otherwise be due, July 6. In this way, defendants would need to file only one set of papers by July 16, and it would seem to be less of a burden on all parties.

     In its decision, this Court relied upon documents presented for the first time in plaintiff's reply papers, and drew conclusions based on that document which are unwarranted and damaging. The document is a nearly nine-year-old application for an account on behalf of Sixth Avenue Food Services Ltd. As will be shown, it has no probative value in this case and does not, in any way, stand for the sort of commingling among separate entities that Plaintiff claims is does, but what is incredible is this – we have submitted numerous papers to the Court previously in support of and in opposition to motions in connection with these complaints, and have

Hon. James C. Francis IV
July 6, 2010
Page 2

repeatedly stated the simple and undeniable fact that Sixth Avenue Food Services Ltd. is not a proper jural entity. Plaintiff had this document and could have used it at any time to try and prove otherwise or for any other purpose it wanted, but it knows full well that, if defendant had the right of reply, its value as some sort of fraud-proving smoking gun would be reduced to nil. So it waited until it could use it in a submission to this Court to which Defendant could not reply.

Plaintiff should be ashamed (and, perhaps, sanctioned) for misleading the court by presenting this document now for the first time and claiming that it stands for something which it knows it does not. The Court said that the nine-year-old application contradicted Mr. Finley's prior declaration that there was no such entity, but it does not. There is indeed no such entity. The Court said, "[t]he defendants' silence in the face of this evidence speaks volumes. Permitting the plaintiff a full opportunity to examine the relationship between the defendants is, if anything, a mild response to this apparent falsehood." Slip op. at 4. Mr. Finley was silent solely because he had no right of surreply. For this reason, the Court should permit him to submit a sworn declaration as part of the motion for reconsideration so that the Court can correct the record, and the false and erroneous implications of the conclusion.

Mr. Finley's declaration will state again that there is not, and never has been, an entity named Sixth Avenue Food Services Ltd., that there is no such entity in the records of the New York Department of State, and that the name was nothing more than an identifier of a location where goods were shipped. None of this has anything to do with Sysco though, and Sysco knows it. It shipped millions of dollars of goods to the Jekyll & Hyde Club at 1409 Sixth Avenue in Manhattan, some of which were billed to Sixth Avenue Food Services Ltd. and some of which were billed to Jekyll & Hyde Club New York LLC. It deceptively fails to point out that it received millions of dollars of payments on these invoices, including millions of dollars of payments on invoices which were made out to Sixth Avenue Food Services Ltd., but not one dime of payment from any company or entity except the correct corporate entity of that very location. Their own invoices, and defendants' documentary evidence in this case demonstrate that Sixth Avenue Food Services is, for Sysco's purposes, exactly the same as Jekyll & Hyde Club New York LLC. It was an internal matter of bookkeeping that led the restaurant at 1409 Sixth Avenue to bill to separate accounts, but it was not, in any way, something that connected that restaurant (and its ownership entity) to the other restaurants that Sysco seeks to link together.

We have said consistently over the two years since this case was commenced that the dispute is based on nothing but bookkeeping errors and omissions on the part of Sysco. The defendants have paid millions of dollars to Sysco over the years, and yet their refusal to address our objections to their errors has led to eight different lawsuits, in four different courts, with duplicate billings and thousands of wasted dollars in attorneys' fees to unravel. Solely because of their faulty bookkeeping, it is still impossible to know what is owed and which corporation owes it. We have repeated until blue in the face that Sysco should send a senior knowledgeable bookkeeper to a meeting with all of the invoices, separate them by the location where Sysco

Hon. James C. Francis IV
July 6, 2010
Page 3

shipped goods (which is easy to do since the delivery address is on every invoice), compare them
with the millions of dollars in payments received, and correct the systematic misapplication of
payments to the wrong accounts. By doing so, we will arrive at a figure of what, if anything, is
actually due. Sysco has refused.

Plaintiff is obsessed with trying to impose personal liability on Mr. Finley, despite an
utter lack of any legal basis to do so. In the Answer to Sysco's first complaint in this action, Mr.
Finley stated that his signature on a purported personal guarantee was a forgery. That guarantee
has now somehow disappeared from this action, and is no longer in their proposed amended
complaint. Defendants' accountants and managers, and its principal, will prove at trial that the
corporate entities which own and operate the five separate restaurants to which Sysco delivered
goods are separate companies, operating separate restaurants, and that all corporate formalities
are strictly and scrupulously observed. There is not one shred of evidence that any restaurant
corporation ever paid the debts of another. That Sysco may have allocated payments in that
fashion does not amount to commingling by the defendants. Those millions of dollars paid over
the years were paid by the restaurants which incurred the debts, and not by others, and Sysco
knows it.

Their own invoices demonstrate that Sixth Avenue Food Services deliveries were made
to, and for the benefit, of the Jekyll & Hyde Club at 1409 Sixth Avenue. That restaurant is
owned by Jekyll & Hyde Club New York LLC. Every single payment made by Jekyll & Hyde
Club New York LLC was on an invoice of goods delivered to the Club at 1409 Sixth Avenue.
Their supposed "smoking gun" check confirms this rather than proving, as they falsely state, that
payments were made by any one entity for the benefit of another. It is noteworthy that their own
notes on that check, which allocated some of the money to Sixth Avenue Food Services invoices
and some of it to Jekyll & Hyde Club invoices, prove our case rather than theirs. Plaintiff's
suggestion that payments by the company owning one restaurant went to pay for goods delivered
to another restaurant are simply false. They may think that the Sixth Avenue Food Service
billing represented one location and the Jekyll & Hyde Club New York LLC billing represented
another, but this is patently and provably not the case. If Plaintiff has proven anything, it is that
Sixth Avenue Food Services and Jekyll & Hyde Club LLC are one and the same, but we do not
deny that, and we have no objection whatsoever to Plaintiff claiming that Jekyll & Hyde Club
LLC owes any outstanding invoice for goods delivered to 1409 Sixth Avenue, even if the billing
identifier for that invoice is Sixth Avenue Food Services.

Instead, Plaintiff wants something they have no right to, namely to link all of the
locations and the principal together under some sort of joint liability theory. But they are wrong
on the facts and the law, and have unfortunately led the Court to the same erroneous conclusion.
We have had no objection to discovery, but Plaintiff, from the time it filed its first (mostly
dismissed) complaint, has jumped over any reasonable and permissible parameters for discovery
and instead sought as its exclusive request the extreme remedy of having a forensic accountant
review all of the books and records of five separate restaurants. This is absurd, where a simple
deposition or set of interrogatories about entity names and restaurant locations would suffice to

Hon. James C. Francis IV
July 6, 2010
Page 4

allow plaintiff to confirm with its own records that no commingling took place, let alone fraud.
Plaintiff simply must get its books together and prove its case rather than trying to convince the
Court that it deserves such an extreme discovery order from a set of Defendants which have not
denied it the right to any discovery whatsoever, merely on the basis of a supposed fraud which
never existed. Having said that, Defendants will of course comply with whatever discovery the
Court orders, but still must correct the record in this case with its proposed motion.

        We therefore respectfully request that the Court permit us to file a declaration of Mr.
Finley in support of our motion for reconsideration and reargument, and extend our date to do so
until July 16.

        We apologize for the length of this letter but ask that the Court please understand the
prejudicial effect of how Plaintiff's misleading submission led to the conclusion reached in the
Court's decision. We intend to set the record straight and, as we have said over and over in this
case, resolve this matter with Sysco if Sysco can ever get its books corrected. We appreciate the
Court's attention.


                                        Very truly yours,
                                        *Lawrence W. Rader*
                                        Lawrence W. Rader

LWR/er

cc:     Steven Mitnick, Esq. Via Email
        Michelle A. Pena, Esq., Via Email

7/12/10

The briefing schedule for plaintiff's
motion to amend is extended
by one week. Defendant's
application to submit a belated
motion for reconsideration of
My 6/21/10 order is denied.
                SO ORDERED.
                James C. Francis IV
                ——— USMJ

# EXHIBIT H



# Norris
## McLaughlin
# &Marcus, P.A.
ATTORNEYS AT LAW

July 16, 2010

**<u>Via Email</u>**
Lawrence Rader, Esq.
Richard Altman, Esq.
225 Broadway, Suite 400
New York, New York 10007

> RE:  **Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde, Inc. et al.,**
>       **Case Number:  08-CV-02958**

Dear Counsel:

As you are aware on June 21, 2010, the Court entered an Order granting plaintiff's motion to compel an examination of the defendants' books and records by plaintiff's forensic accountants.

Enclosed, please find a correspondence from plaintiff's accountants setting forth Sysco's demand for documents to review.  In light of the fact that the Court has denied your request to file a motion for reconsideration of the June 21st Order and the Order explicitly requires "prompt" compliance with same, we hereby demand that you produce the documents no later than July 23, 2010.

If we do not receive the documents by July 23rd, we will be forced to seek the Court's intervention.  Please be guided accordingly.

Very truly yours,
NORRIS, McLAUGHLIN & MARCUS, PA

Melissa A. Peña

Enclosure
cc:    Steven Mitnick, Esq. (Via Email w/Enclosure)
       Charnelle Harvey (Via Email w/Enclosure)
       Matthew Schwartz (Via Email w/Enclosure)



NY: 875 Third Avenue, 8th Floor   New York, NY 10022  •  P: (212) 808-0700  •  F: (212) 808-0844
NJ: 721 Route 202-206   P.O. Box 5933   Bridgewater, NJ 08807-5933  •  P: (908) 722-0700  •  F: (908) 722-0755
PA: The Paragon Centre, Suite 300   1611 Pond Road   Allentown, PA 18104-2258  •  P: (610) 391-1800  •  F: (610) 391-1805
www.nmmlaw.com E: info@nmmlaw.com



CERTIFIED PUBLIC
ACCOUNTANTS
AND CONSULTANTS
Insolvency and Litigation Services

347 Mt. Pleasant Avenue, West Orange, New Jersey 07052 • (973) 736-3333 • Fax: (973) 736-9219

July 16, 2010

Melissa A. Pena, Esq.
Norris, McLaughlin & Marcus
375 Third Avenue, 18th Floor
New York, NY 10022

      Re:    Sysco Food Services of Metro NY, Inc. vs. Jekyll & Hyde, Inc., et al.

Dear Ms. Pena:

Pursuant to our engagement to examine the relationship between Jekyll & Hyde, Inc. and Sixth Avenue Food Services Ltd. in the above mentioned matter, we require the following records from both Jekyll and Hyde, Inc. and Sixth Avenue Food Services, Ltd. in order to begin our examination. For each type of document, our request is for the period January 2006 through and including July 2010, unless otherwise stated.

1. Bank statements and canceled checks

2. Vendor invoices

3. Cash receipts, deposit slips and backup documents

4. Credit card receipts

5. Daily cash reconciliations

6. Leases for each property

7. Corporate charters or other enabling documents

8. Correspondence files

9. Inventory reports and evidence of payments

10. Insurance applications and policies

A Member of AGN International Ltd
a worldwide association of separate and independent
accounting and consulting firms

Center for Audit Quality
Employee Benefit Plan Audit Quality Center
Governmental Audit Quality Center

Melissa A. Pena, Esq.
Re: Sysco Food Services of Metro NY, Inc.
Page 2

11. Federal and state income tax returns

12. Payroll tax returns and payroll journals

13. Cash disbursement journals

14. General ledgers

15. Detailed fixed asset ledgers

16. Paid invoices

17. Financial statements prepared for any purpose either internally or by outside accountants/auditors

18. Financing documents including loan or other credit applications, closing binders and any subsequent reports submitted to any lender

19. Violations notices received from any authority or agency of New York City or State

We reserve the right to update or amend our request depending on the response from the defendants and the information provided.

After you had an opportunity to review this information, please contact us with any questions or comments you may have.

Very truly yours,

BEDERSON & COMPANY LLP

Matthew Schwartz
Partner

MS:kbr
CC: Steven Mitnick, Esq.
H:\Doc\BANK\Syscofoo00.Doc



# EXHIBIT I

**LAWRENCE W. RADER**
ATTORNEY AT LAW
225 BROADWAY • SUITE 400
NEW YORK, NEW YORK 10007

PHONE (212) 791-5200
FAX (212) 791-5400

July 26, 2010

VIA TELECOPIER
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court Southern District Of New York
500 Pearl Street
New York, New York 10007

Re:  Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde Inc., et al
Docket No: 08-cv-02958 (BSJ) (JCF)

Your Honor:

We represent the defendants and write to request a conference to address discovery issues which arose after defendants submitted their opposition papers on plaintiff's motion to amend its complaint.

We received a letter from plaintiff's counsel and its accountants, setting out what we deem to be burdensome and excessive demands for access to defendants' books and records. The letter is attached. As we have stated on several occasions, we will of course comply with the Court's order of June 21, but we remain uncertain as to the scope of that order, and in particular the effect on that order of the pendency of the plaintiff's two summary judgment motions, combined with its desire to amend its complaint for the third time.

We believe it necessary to establish some limits and ground rules for the production of the documents plaintiff demands, and we ask that the Court convene a conference for that purpose.

Very truly yours,

Lawrence W. Rader

LWR/pb
Enclosure
cc:    Melissa A. Pena, Esq.

# EXHIBIT J

**MEMO ENDORSED**

## LAWRENCE W. RADER
ATTORNEY AT LAW
225 BROADWAY • SUITE 400
NEW YORK, NEW YORK 10007

PHONE (212) 791-5200
FAX (212) 791-5400

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 7/27/10

July 26, 2010

VIA TELECOPIER
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court Southern District Of New York
500 Pearl Street
New York, New York 10007

Re: Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde Inc., et al
Docket No: 08-cv-02958 (BSJ) (JCF)

Your Honor:

We represent the defendants and write to request a conference to address discovery
issues which arose after defendants submitted their opposition papers on plaintiff's motion to
amend its complaint.

We received a letter from plaintiff's counsel and its accountants, setting out what
we deem to be burdensome and excessive demands for access to defendants' books and records.
The letter is attached. As we have stated on several occasions, we will of course comply with the
Court's order of June 21, but we remain uncertain as to the scope of that order, and in particular the
effect on that order of the pendency of the plaintiff's two summary judgment motions, combined
with its desire to amend its complaint for the third time.

We believe it necessary to establish some limits and ground rules for the production
of the documents plaintiff demands, and we ask that the Court convene a conference for that
purpose.

Very truly yours,

Lawrence W. Rader

LWR/pb
Enclosure
cc:   Melissa A. Pena, Esq.

*Application denied. Plaintiff's request
was broad, and it was granted. See
Declaration of Melissa A. Pena dated
March 12, 2010, Exh. F. Further delay will result in an
order of contempt as well as sanctions against counsel.
SO ORDERED.
James C. Francis IV
USMJ*
7/27/10