LAWRENCE W. RADER
ATTORNEY AT LAW
225 BROADWAY SUITE 400
NEW YORK, NEW YORK 10007

PHONE(212) 791-5200
FAX(212) 791-5400
LARRY@LAWRADER.COM

August 18, 2010

VIA FAX –212.805.7930

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court Southern District Of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/10

Re: *Sysco Food Services of Metro New York, LLC v. Jekyll & Hyde Inc., et al.*
Docket No: 08-cv-02958 (BSJ)(JCF)

Your Honor:

I am of counsel to Lawrence Rader, attorney for the defendants, and am assisting him with this matter. He has asked me to respond to the letter from plaintiff's counsel and also to the telephone call to him from the Court yesterday. He is at this moment in the delivery room at St. Lukes/Roosevelt Hospital where his wife has just delivered their second child. He is under the circumstances not expecting to be able to work very much this week, and his schedule for the remainder of August will understandably be limited. We therefore would request a different schedule from the one proposed by plaintiff in Ms. Peña's letter.

Over the past two weeks, Mr. Rader's office has been working with defendants and their accountant to compile responses to plaintiff's demands. Because of the extremely broad scope of the document request, both in terms of the time period covered and the documents requested, as well as other factors, it has been difficult to complete production within the time demanded by plaintiff. However, we expect that the documents will be ready for review by plaintiff's accountant within the next week. In our view, this submission should moot the motion, so we would request that, prior to the date for submission of opposition papers, the Court convene a preliminary conference to confirm that defendants have responded to plaintiff's demand.

I understand that in the conversation with Mr. Rader yesterday, the Court suggested that a conference would be difficult to schedule prior to September 15 since the Court's schedule is very crowded until then. We would suggest it preferable to hold the conference before defendants incur the expense of opposing the motion, inasmuch as we believe in good faith that our submission of materials will moot the motion. Even if the plaintiff does not agree, we believe that we will be able to show at the conference that we will have fully complied with the

discovery order. If that is not the case, the Court could set a schedule for filing opposition papers at the conference.

We would also point out that, two years after commencing this action, plaintiff is still not satisfied with its complaint and is seeking to amend it yet again. Yet at the same time, after having never made any prior discovery demand of any kind, plaintiff sought every single book and record of two companies over a five-year period, and wanted a response in a week's time. After the Court ordered that defendants produce what plaintiff demanded, we made clear that we would promptly comply, but, instead of approaching us to check on the status of our production, plaintiff filed a sanctions motion. Plaintiff has once again shown a preference for demonizing defendants and their principal over prosecuting this simple collection case on its merits.

The fact is that, as we have many times pointed out, plaintiff sold goods to restaurants, but has gotten its billing, including the corporate entities that it billed, wrong for a period of years. After researching and collecting the requested records with defendants' accountant, we would advise that the upcoming document submission, while fully responsive to the demand and the Court's order, will not consist of very much material. The reason is that plaintiff has not sued the correct entities. One defendant never existed except as a bookkeeping device, and the other stopped doing business years ago. Plaintiff knows this because they have billed and sued the correct entities at each location in other courts and other actions. But the submission will be made very shortly, and, as we have said for two years in multiple courts and multiple actions, plaintiff can have whatever money is owed to it if it ever straightens out its books and starts billing correctly, by location, rather than being obsessed with creating personal liability and cross-liability among separate businesses, where none ever existed.

In conclusion, we request that defendants' response to the discovery demand be deemed timely if served by Friday, August 27, and that the court schedule a preliminary conference on or about September 15, with opposing papers to plaintiff's motion tentatively due by September 30, 2010, in the event that plaintiff has not withdrawn its motion or the court has not deemed it moot before then.

We appreciate the Court's attention.

*8/14/10*
*Application denied.*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*

Respectfully,

*Richard A. Altman*

Richard A. Altman

cc: Steven Mitnick, Esq. (by email)
    Michelle A. Peña, Esq., (by email)