```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :
Sysco Food Service of Metro         :
New York, LLC,                      :
                                    :
                Plaintiff,          :
                                    :         08 Cv. 2958 (BSJ)
        v.                          :
                                    :
                                    :              Order
Jekyll & Hyde, Inc., et. al.        :
                                    :
                Defendant.          :
-----------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/10

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Sysco Food Services of Metro New York, LLC brings this contract claim against Jekyll & Hyde, Inc. and Avenue Food Services Ltd. Before the Court is Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Plaintiff's Motion Seeking Leave to File a Second Amended Complaint. For the reasons set forth below, Plaintiff's Motion for Summary Judgment and Motion Seeking Leave to File a Second Amended Complaint are DENIED.

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable

1

inferences against the moving party.  See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, (1986). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." <u>Chambers v. TRM Copy Ctrs. Corp.</u>, 43 F.3d 29, 37 (2d Cir. 1994).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).  However, "there is a difference between freedom and license," and Rule 15(a) "mandates that leave be freely given only 'when justice so requires.'" <u>CL-Alexanders Lang & Cruikshank v. Goldfeld</u>, 739 F. Supp. 158, 167 (S.D.N.Y. 1990) (Mukasey, J.).  A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.  <u>McCarthy</u>, 482 F.3d at 200 (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 (1962)).

**DISCUSSION**

Having reviewed the submissions of both parties, Plaintiff's Motion for Summary Judgment is denied due to disputed issues of material fact relating to:
   a) Which entities are responsible for which invoices;
   b) Which invoices were or were not paid;
   c) Which shipments or portions of shipments were or were not delivered;
   d) Which shipments or portions of shipments were rejected or otherwise sustained objection by Defendants.

Discovery is warranted as to at least these issues, though it is not limited to these issues.

The motion for leave to amend the complaint is also denied, without prejudice, pending discovery.

It is undisputed that Sixth Avenue Food Services, Ltd. is not an incorporated entity in New York.  The court is not convinced of the need to amend, other than to eliminate, a claim against a non-entity.  <u>Clive Samuels and Assocs. v. Boxcar Foods, USA, Inc.</u>, 08-cv-11029, 2008 U.S. App. LEXIS 15445, at *3 n.1 (11th Cir. July 21, 2008) (Claims against a non-existent entity were dismissed, and the court granted leave to amend a complaint after discovery uncovered that the original complaint was addressed against a non-existent entity.  Plaintiff declined to amend, and only claims as to other, existent entities and individuals remained.).

   The court is similarly not yet convinced that Donald Finley ("Finley") is a party to the contract dispute. If evidence is uncovered during discovery that certain of Sysco's allegations are correct, the complaint may be amended to include Finley as to the contract dispute, the fraud claim, or both.
   Finley indicates that the entity Sysco believed to be "Sixth Avenue Food Services Ltd." was actually an alter ego of Jekyll & Hyde, Inc. Donald R. Finley Decl. Opp. Pl.'s Leave to File Second Am. Compl. 2. After discovery, it should be clear exactly who, if anyone, is the proper defendant of the claim as to $452,078.76. Once the proper defendant is identified, the court will consider a motion by the Plaintiff to amend the complaint. See <u>Clive Samuels</u> at *3 n.1.
   Lest there be any doubt, discovery is permitted with respect to all three of Plaintiff's claims, including as to the invoices allegedly not paid by "Sixth Avenue Food Services Ltd."

**CONCLUSION**

   For the reasons set forth above, Plaintiff's Motion for Summary Judgment is DENIED and Plaintiff's Motion Seeking Leave to File a Second Amended Complaint is DENIED without prejudice.

SO ORDERED:

                                             BARBARA S. JONES
                                             UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
             September 11, 2010