Steven Mitnick, Esq.
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
Counsel for Plaintiff

Melissa A. Pena, Esq. (MP-3320)
Norris, McLaughlin & Marcus
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700
Local Counsel for Plaintiff

_____

| | |
|---|---|
| SYSCO FOOD SERVICES OF METRO NEW YORK, LLC | :UNITED STATES DISTRICT COURT :FOR THE SOUTHERN DISTRICT OF :NEW YORK : |
| Plaintiff, | : |
| v. | : Civil Case No. 08-cv-02958 |
| | : |
| JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD., | : : : |
| | : |
| Defendants. | : |

_____

**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)**

I, **MELISSA A. PENA**, declare under the penalty of perjury, as follows:

1.  I am an attorney admitted to practice law in the State of New York and before the Southern District of New York.  I am an associate with the law firm of Norris, McLaughlin & Marcus, PA, local counsel for plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco").  As such, I have knowledge of the facts set forth herein.

2. I submit this Declaration, pursuant to Federal Rule of Civil Procedure 17(a), in support of plaintiff's motion seeking leave to file a Second Amended Complaint.

## PROCEDURAL HISTORY

**Initial Complaint and Answer**

3. On or about March 21, 2008, Sysco commenced this action against defendants, Jekyll & Hyde, Inc., Deacon Brody Management Inc. d/b/a Jekyll & Hyde Greenwich Village, Donald R. Finley ("Finley"), Bayville Entertainment, Inc. d/b/a Bayville Adventure Park, Sixth Avenue Food Services Ltd., New Castle Foods Inc., Davey Jones Locker Management, Inc. d/b/a Ship Wreck Tavern, and 186 West 4th Street Management Co., Inc. d/b/a Olivers Bar & Grill seeking to collect on unpaid invoices totaling approximately $751,000. Annexed hereto as Exhibit "A" is a true and accurate copy of the Complaint.

4. On or about May 7, 2008, the defendants filed an Answer to the Complaint denying the allegations set forth therein and asserting various defenses. Annexed hereto as Exhibit "B" is a true and accurate copy of defendants' Answer. Significantly, Deacon Brody Management Inc. ("Deacon Brody") denied each and every allegation in the Complaint, including those which alleged that monies were due and owing from Deacon Brody to Sysco. See Id. at ¶ 3. The Answer also provided that "Except for defendants Jekyll & Hyde, Inc., Bayville Entertainment Inc. and 186 West 4th Street Management Co., Inc. and Donald R. Finley, none of the defendants is an existing jural entity and they can neither sue nor be sued[,]" including Deacon Brody. See Id. at p. 4.

**Initial Discovery**

5.      On or about October 15, 2008, Sysco served defendants with a First Set of Interrogatories and Demand for Production of Documents. On the same date, given the defendants' assertion that various defendants were not existing entities, counsel for Sysco requested a date when defendants would make their books and records available for an inspection by plaintiff's forensic accountants.

6.      After repeated demands for responses to Sysco's discovery demands, on January 23, 2009, defendants responded to Sysco's interrogatories. Annexed hereto as Exhibit "C" is a true and accurate copy of defendants' discovery responses. In response to Sysco's request that defendants produce copies of any and all checks representing payments, which the defendants made to Sysco, defendants stated that "they are continuing to search their records and if any documents responsive to this demand are found, they will be produced." Id. at ¶ 6 of Document Demand.

7.      When defendants failed to produce their records for an inspection by Sysco's forensic accountants, on April 17, 2009, Sysco filed a motion to compel defendants to permit the inspection of their books and records by plaintiff's forensic accountants (the "First Motion to Compel Discovery").

**Defendants' Cross-Motion to Dismiss**

8.      In response to the First Motion to Compel Discovery, on June 15, 2009, defendants' filed a cross-motion seeking the dismissal of various counts of the Complaint. By way of the cross-motion to dismiss, defendants sought the dismissal of the Second, Third, Fifth,

Sixth and Seventh Counts of the Complaint on the grounds that the amount sought thereunder were below the jurisdictional amounts stet forth in 28 U.S.C. § 1332. The Second Count sought to recover the sum of $5,643 from Deacon Brody. See Exhibit "A" at Second Count.

9. Defendants did not cross-move to dismiss Count One of the Complaint, which alleged that Jekyll & Hyde, Inc. owed Sysco the sum of $203,042.16 or Count Four of the Complaint whereby Sysco alleged that it is owed the sum of approximately $453,000 from Sixth Avenue Food Services Ltd.

**Sysco's First Motion for Partial Summary Judgment**

10. On July 24, 2009, Sysco moved for partial summary judgment with respect to all counts in the Complaint with the exception of two counts, (a) a claim that the defendants were the alter egos of one another, and (b) a claim seeking the appointment of a receiver ("Sysco's First Motion for Partial Summary Judgment"). After reviewing defendants' cross-motion to dismiss, on September 29, 2009, the Court held in abeyance Sysco's motion for partial summary judgment.

**The Ruling on Defendants' Cross-Motion to Dismiss**

11. On November 17, 2009, the Court entered a Memorandum and Order granting defendants' cross-motion to dismiss, which included the dismissal without prejudice of a count in the Complaint alleging that defendants are jointly and severally liable for the debts of one another and granted Sysco leave to amend such count.

**The Amended Complaint and Answer**

12.     On November 24, 2009, Sysco filed an Amended Complaint.  The Amended Complaint alleges the following three causes of action:  (1) Count One seeking to recover $203,042.16 from defendant, Jekyll& Hyde, Inc.; (2) Count Two seeking to recover the sum of $452,078.76 from defendant, Sixth Avenue Food Services Ltd.; and (3) Count Three alleging that defendants are the alter egos of one another.  Annexed hereto as Exhibit "D" is a true and accurate copy of the Amended Complaint.

13.     On December 9, 2009, defendants filed an Answer to the Amended Complaint denying the allegations set forth therein.  Annexed hereto as Exhibit "E" is a true and accurate copy of the Answer.  By way of its Second Affirmative Defense, defendants stated that "[t]here is no such entity as Sixth Avenue Food Services, Ltd., and it can neither sue nor be sued."  Id. at p. 1.  Accordingly, after the filing of the Answer, Sysco again reiterated its demand for a forensic accounting of the defendants' books and records.

**Sysco's Second Motion for Summary Judgment**

14.     On February 23, 2010, Sysco filed a second motion for partial summary judgment on Counts One and Two of the Amended Complaint (the "Second Summary Judgment Motion").

15.     On April 19, 2010, defendants filed an opposition to the Second Summary Judgment Motion.  In such response, defendants denied that Jekyll & Hyde, Inc. "owe[d] anything to plaintiff."  See Defendants Rule 56.1 Statement, annexed hereto as Exhibit "F" at ¶ 12.  Defendants further stated that "Sixth Avenue Food Services Ltd does not exist [and] established no such accounts [with Sysco] at any time . . ."  Id. at ¶ 13.

16. In opposition to the Second Summary Judgment Motion, defendants submitted the Declaration of Finley. Annexed hereto as Exhibit "G" is a true and accurate of the Declaration of Finley, sworn to on April 16, 2010. In his Declaration, Finley stated that Sysco billed two different entities for goods shipped to the same address, 1409 Sixth Avenue, New York, New York (hereinafter the "Sixth Avenue Address"). Id. at ¶ 14. He further stated that "[t]he fact that the same restaurant was billed in both lawsuits, but under different corporate names, demonstrates alone a factual dispute sufficient to require the denial of summary judgment, so that the parties can engage in discovery and determined what really happened." Id. at ¶ 15.

17. On May 28, 2010, Sysco filed a response to defendants' opposition in further support of its Second Motion for Partial Summary Judgment. In such motion, Sysco went through a pain-staking analysis to show that the invoices Sysco is seeking to collect in this action are distinct from those being sought in a pending state court action by Sysco against Jekyll & Hyde Club, LLC. Sysco further argued that lack of discovery should not constitute grounds to deny the Second Motion for Partial Summary Judgment as defendants had not served a single discovery demand on Sysco.

**Sysco's Second Motion to Compel Discovery and First Motion to Amend the Complaint**

18. On March 12, 2010, Sysco filed its second motion to compel a forensic accounting from defendants ("Second Motion to Compel").

19. On April 19, 2010, defendants filed an Opposition to the Second Motion to Compel. Maintaining that Sixth Avenue Food Services, Ltd. was not an existent entity,

6

defendants took the position that commingling could not occur with Jekyll & Hyde, Inc. and, thus, Sysco's request for a forensic accounting should be denied.

20. In Opposition to the Second Motion to Compel, defendants again submitted the Declaration of Finley. Annexed hereto as Exhibit "H" is a true and accurate copy of the Declaration of Finley sworn to on April 17, 2010. In such declaration, Finley stated that "there is no such entity named Sixth Avenue Food Services Ltd., and I have neither ever formed (or caused to be formed) any such entity, nor have I done business under such a trade name, either as a corporation, a partnership, a limited liability partnership or corporation, or a sole proprietorship." Id. at ¶ 2.

21. In response to defendants' Opposition, on May 13, 2010, Sysco filed a Reply to defendants' Opposition. Annexed hereto as Exhibit "I" is a true and accurate copy of the Declaration of Charnelle Harvey, in further support of the Second Motion to Compel. Sysco produced a credit application with Finley's signature. See Id. at Exhibit A. The credit application identified Sixth Avenue Food Services as the applicant. In order to determine who is responsible for the goods shipped and delivered to Sixth Avenue Food Services, Ltd., Sysco again reiterated its request for a forensic accounting.

22. On May 28, 2010, Sysco filed a motion seeking leave to file a Second Amended Complaint to name Finley as a defendant in this action (the "First Motion to Amend the Complaint"). The First Motion to Amend the Complaint was premised on defendants' argument that Sixth Avenue Food Services, Ltd. was not an existing entity and the subject credit

7

application. If Sixth Avenue Food Services, Ltd. was a non-existent entity, Sysco sought to hold Finley personally liable for its obligations.

23. On June 21, 2010, the Court entered an Order granting the Second Motion to Compel Discovery (the "June 21 Order"). Annexed hereto as Exhibit "J" is a true and accurate copy of the June 21 Order. Referring to the credit application, the Court found that "[p]ermitting the plaintiff a full opportunity to examine the relationship between the defendant is, if anything, a mild response to this apparent falsehood." Id. at p. 4.

24. On July 6, 2010, defendants sought leave to file a motion for reconsideration of the June 21 Order, which was denied by the Court as untimely.

25. On July 16, 2010, defendants filed an Opposition to the First Motion to Amend the Complaint. Finley again submitted a declaration to the Court. Annexed hereto as Exhibit "K" is a true and accurate copy of the Declaration of Finley sworn to on July 16, 2010. With his personally liability laying in the balance, Finley admitted that Sixth Avenue "was nothing more than an identifier, for bookkeeping purposes, of a location where Sysco shipped and paid for millions of dollars of goods, namely to Jekyll & Hyde Club at 1409 Sixth Avenue in Manhattan." Id. at ¶ 2. Finley acknowledged that "[i]n 2001, when Sysco set up a second account for billing of some of the goods sent to the club at 1409 Sixth Avenue, it did so at my request, but that request was merely to form a separate account as a procuring agent, upon the advice of our accountants." Id. at ¶ 13.

26. Finley's Declaration further provided as follows: "[t]he other defendant in this case, Jekyll & Hyde, Inc. took deliveries of goods from Sysco on behalf of a separate restaurant

8

located downtown at 91 Seventh Avenue South, New York, New York [hereinafter the "Seventh Avenue Address"]." Id. at n.1.

27.    Thereafter, on July 26, 2010, defendants again requested a conference to discuss the scope of the June 21 Order, which was denied by the Court. The Court further warned defendants that further delay in complying with the June 21 Order would result in an order of contempt as well as sanctions against counsel.

28.    When defendants failed to comply with the June 21, 2010 Order, on August 20, 2010, Sysco filed a motion seeking to hold the defendants in contempt (the "Motion for Contempt"). On or about August 26, 2010, defendants filed an Opposition to the Motion for Contempt and produced documents in response to the request from Sysco's forensic accountants. For the first time, defendants took the position that defendant, Jekyll & Hyde, Inc. ceased conducting business prior to the dates of the subject invoices. As such, while Finley's July 16, 2010 Declaration revealed that Jekyll & Hyde Club received goods shipped to the Sixth Avenue Address, it remained unclear who received the goods shipped to the Seventh Avenue Address.

**Events Post-Filing the Motion for Contempt**

29.    On September 13, 2010, the Honorable Barbara S. Jones enter an Order denying the First Motion to Amend without prejudice (the "September Order"). Annexed hereto as Exhibit "L" is a true and accurate copy of the September Order. The September Order provides that "[a]fter discovery, it should be clear exactly who, if anyone, is the proper defendant of the claim as to $452,078.76. Once the proper defendant is identified, the court will consider a motion by the Plaintiff to amend the complaint. Lest there by any doubt, discovery is permitted

9

with respect to all three of Plaintiff's claims, including as to the invoices allegedly not paid by 'Sixth Avenue Food Services Ltd.'" Id. at p. 3.

30. Shortly after the entry of the September 13, 2010 Order, the law clerk for Magistrate Judge Francis contacted the undersigned to inquire whether the parties were awaiting a decision on the Motion for Contempt prior to entering into a discovery schedule. I confirmed that Sysco was waiting for a decision on the Motion for Contempt as it did not desire to proceed with Finley's deposition until it ascertained that it had all relevant documents in its possession.

31. On January 31, 2011, the Court entered an Order scheduling an evidentiary hearing on the Motion for Contempt on February 7, 2011. The evidentiary hearing for the Motion for Contempt was adjourned twice until March 8, 2011, due to request of the defendants and the unavailability of a third-party witness.

32. At the March 8, 2011 hearing, the Court denied the Motion for Contempt.

33. On April 1, 2011, the Court entered an Order stating that discovery had closed in the matter and directing the parties to file a pre-trial Order within 30 days if no motion for summary judgment was filed.

34. Thereafter, I contacted the Court to advise that Sysco was unaware of any April 1, 2011 discovery deadline and that Sysco still intended to proceed with Finley's deposition. The Court instructed me to obtain dates from counsel for defendants and confirm that defendants did not require further discovery.

35.     When defendants failed to respond to my *repeated* requests, on April 29, 2011, I wrote to the Court requesting some guidance as to discovery.  The Court established a new discovery end date of May 14, 2011 and ordered Finley to appear for his deposition.

**Finley's Deposition**

36.     On May 10, 2011, the parties proceeded with Finley's deposition.  Annexed hereto as Exhibit "M" is a true and accurate of Finley's deposition transcript.

37.     During his deposition, Finley testified to the following:

- Jekyll & Hyde, Inc. is no longer operating (Id. at 11:5-10);

- Jekyll & Hyde, Inc. previously operated from property located at the Seventh Avenue Address (Id. 11:22-25);

- Deacon Brody Management operated from the Seventh Avenue Address (Id. at 17:13-15); and

- Goods delivered to the Seventh Avenue Address are the responsibility of either Jekyll & Hyde, Inc. or Deacon Brody Management depending on who was operating from the address at such time (40:16-17, 41:19-23 and 42:1-14).

38.     He further testified that any monies due for goods delivered to the Sixth Avenue Address are the responsibility of the Jekyll & Hyde Club New York, LLC ("Club") (Id. at 37:14-24).

39.     Finley further testified as follows:

Q.      To your knowledge, does [Club] owe any monies to Sysco for goods delivered?

A.      **Yes,** I believe [Club] owes money to Sysco for goods delivered.

Id. at 38:12-39:4 (emphasis added).

11

    40.    Similarly, with respect to defendant, Jekyll & Hyde, Inc., Finley testified as follows:

Q.    Mr. Finley, to your knowledge, does Jekyll & Hyde Inc. own any money to Sysco for goods delivered?

A.    Since Jekyll & Hyde Inc. is no longer in business, I really don't know the correct way to answer that question. I would say that Jekyll & Hyde, Inc. did owe money to Sysco. But since it's no longer in operation, I do not know if its appropriate to say that the company owes money to Sysco.

Id. at 43:17-44:3

    41.    With respect to Deacon Brody Management, Finley testified as follows:

Q.    To your knowledge, does Deacon Brody Management owe money to Sysco for goods delivered?

A.    It may. I'm not certain.

Id. at 44:4-7.

**Second Amended Complaint**

    42.    Based on Finley's deposition testimony, Sysco respectfully seeks leave to file a Second Amended Complaint to name Club as a defendant in this action. Annexed hereto as Exhibit "N" is a true and accurate copy of the proposed Second Amended Complaint. By way of the proposed Second Amended Complaint, Sysco seeks to collect on invoices totaling approximately $600,000 from Club. Said invoices are the same invoices, which Sysco previously sought to collect from defendants, but are limited to those invoices for goods sold and delivered to the Sixth Avenue Address.

    43.    As for the remaining invoices, which Sysco has sought to collect in this action for goods sold and delivered to the Seventh Avenue Address, which amount to approximately

$66,000, Sysco will pursue same in state court as they are below the jurisdictional limit for federal court.  Accordingly, defendant, Jekyll & Hyde, Inc. will be dropped as a defendant in this action without prejudice to Sysco's rights to collect these unpaid invoices from Jekyll & Hyde Inc. and/or Deacon Brody.  Sysco is also dismissing Count III of the existing Complaint alleging alter ego liability.

44.     As detailed in the Memorandum of Law, submitted herewith, no prejudice will befall these entities for this late amendment.  First, Finley is the President of Club and Deacon Brody and is the sole individual with respect to each entity with knowledge regarding the amounts due and owing to Sysco.  Id. at 14:1-6-19:24-4, 85:3-12 and 86:1-6.

45.     At all times, Finley has been aware of the allegations in the lawsuit and the proper identity of the company who received the goods covered by the subject invoices.  Thus, there is no unfair surprise by the proposed amendments.

46.     Further, Finley, through the defendants, had ample opportunity to take discovery in this matter and failed to do so.

47.     Lastly, Sysco seeks leave to file the Second Amended Complaint after Finely recently confirmed at his deposition the identity of the Proper Defendants.


Dated:  May 27, 2011                                         /s/ Melissa A. Peña
                                                             MELISSA A. PENA