UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SYSCO FOOD SERVICES OF METRO NEW YORK, LLC,

   Plaintiff,

vs.

JEKYLL & HYDE, INC.; and SIXTH AVENUE FOOD SERVICES LTD,

   Defendants.

Civil Case No. 08-cv-02958

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO FILE THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. OF CIV. PROC. 15(a)**

Of Counsel:

  Steven Mitnick
  Admitted *Pro Hac Vice*
  Mitnick & Malzberg, P.C.
  PO Box 429
  29 Race Street
  Frenchtown, New Jersey 08825
  (908) 996-3716
  *Counsel for Plaintiff*

  Melissa A. Peña (MP-3320)
  Norris, McLaughlin & Marcus
  875 Third Avenue, 8th Floor
  New York, New York 10022
  (212) 808-0700
  *Local Counsel for Plaintiff*

On the Brief:
  Melissa A. Peña (MP-3320)

Plaintiff, Sysco Food Services of Metro New York, LLC ("Sysco" or "Plaintiff") hereby submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 15(a), seeking leave to file a Second Amended Complaint to name Jekyll & Hyde Club New York, LLC ("Club"), who is an affiliate of defendant, Jekyll & Hyde, Inc., as a defendant in this matter.

## PRELIMINARY STATEMENT

Throughout this litigation, defendant, Jekyll & Hyde, Inc., through its principal, Donald R. Finley ("Finley") has evaded Sysco's discovery demands and has filed numerous filings with the Court, which, at best, are full of half-truths, and, at worst, are outright fraudulent thereby rendering it difficult for Sysco to determine who the proper defendants are in this matter. After Finley appeared for a court-ordered deposition approximately two weeks ago, Sysco learned that the amounts due and owing for the goods, which are the subject matter of the invoices Sysco seeks to collect in this action, are the responsibility of Club and Deacon Brody Management, Inc. ("Deacon Brody"). Accordingly, Sysco files the instant motion seeking leave to file a Second Amended Complaint to name Club in this matter.[1]

While discovery has closed in this matter and the parties are on the eve of trial, Sysco respectfully submits that leave to amend is appropriate pursuant to the liberal standard set forth in Federal Rule of Civil Procedure 15(a). First, Sysco's motion is timely as Finley testified approximately two weeks ago as to who received the goods, which are the subject matter of the invoices at issue. Second, there is no unfair surprise to Club. Finley is the President of Club. Throughout this matter, he has spoken on behalf of the existing defendants and has been on notice of the claims Plaintiff is asserting herein.

---

[1] As discussed, *infra*, Sysco does not seek to amend the Complaint to name Deacon Brody as the amounts due and owing from this defendant are below the jurisdictional threshold.

1

Furthermore, information as to whether Club has defenses to Sysco's claim is all within the possession of Finley. In fact, during his deposition, Finely acknowledged that Club owes Sysco monies and that Club has documents evidencing the amounts owed to Sysco. Moreover, it should not be lost on this Court that Finley (through the defendants) had ample opportunity to take discovery in this case and defendants never served a single discovery demand on Sysco.

## STATEMENT OF FACTS

As its Statement of Facts, Sysco shall rely upon the Declaration of Counsel, submitted herewith, and all exhibits annexed thereto, which are incorporated herein by reference.

## LEGAL ARGUMENT

### PURSUANT TO RULE 15(a), SYSCO'S MOTION TO FILE A SECOND AMENDED COMPLAINT SHOULD BE GRANTED.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Sysco seeks leave to file a Second Amended Complaint naming Club, an affiliate of the defendant, Jekyll & Hyde, Inc., as a defendant in the instant action. Specifically, by way of the proposed Second Amended Complaint, Sysco seeks to collect on invoices totaling approximately $600,000 from Club. Said invoices are the same invoices, which Sysco previously sought to collect from defendants, but are limited to those invoices for goods sold and delivered to an address of 1409 Sixth Avenue, New York, New York ( the "Sixth Avenue Address").

As for the remaining invoices, which Sysco has sought to collect in this action for goods sold and delivered to the address at 91 Seventh Avenue South, New York, New York (the Seventh Avenue Address"), which amount to approximately $66,000, Sysco will pursue same in state court as they are below the jurisdictional limit for federal court. As such, Sysco seeks to drop, defendant, Jekyll & Hyde, Inc. as a defendant in this action without prejudice to Sysco's

2

rights to collect these unpaid invoices from Jekyll & Hyde Inc. and/or Deacon Brody. Sysco is also dismissing Count III of the existing Complaint alleging alter ego liability.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" Fed. R. Civ. Proc. 15(a)(2) (emphasis added). It is well-settled law that leave to amend the complaint is rarely denied and may be denied only where there is a demonstrable showing of prejudice to an opposing party. See <u>U.S. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago</u>, 889 F.2d 1248, 1254 (2d Cir. 1989). A court may deny leave to amend only upon a showing of bad faith, undue prejudice to the opposing party, repeated failures to cure deficiencies in amendments previously allowed, or futility of amendment. See <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Delay, alone, without a showing of unfair prejudice, does not constitute grounds to deny leave to amend. See <u>United States v. Continental Illinois National Bank and Trust Company of Chicago</u>, 889 F.2d 1248 (2d Cir. 1989). "When leave is requested on the eve of trial, however, the Court must consider reasons for delay as well as possible prejudice to the defendant." <u>Rodonich v. House Wreckers Union Local 95</u>, 624 F.Supp. 678 (SDNY 1985). Courts further analyze whether there is "unfair surprise." <u>Arkwright Mutual Ins. Co. v. National Union Fire Insurance Company</u>, 1995 WL 3006, *2 (SDNY 1995).

Applying the liberal standards set forth in Federal Rules of Civil Procedure 15, this Court should grant Sysco leave to file a Second Amended Complaint to name Club. Sysco acknowledges that discovery has closed in this matter and the parties are to proceed with a trial. Nonetheless, Sysco respectfully submits that the proposed amendment should be granted as any alleged delay by Sysco

3

can only be characterized as reasonable and there is no prejudice to Club or the existing defendants, who will be dropped from this lawsuit.

> A. Given the Circumstances of this Case and the Conduct of Defendants, Any Alleged Delay in Sysco Filing the Instant Motion is Reasonable.

Sysco is filing the instant motion approximately two weeks from the *court-ordered* deposition of Finley whereby Finley testified (i) that the invoices Sysco seeks to collect with respect to goods shipped to the "Sixth Avenue Address" are the responsibility of Club; and (ii) that the invoices Sysco seeks to collect with respect to goods shipped to the "Seventh Avenue Address" are the responsibility of either defendant, Jekyll & Hyde, Inc. or Deacon Brody, depending on the date of the invoice.

As detailed in the Declaration of Counsel, submitted herewith, when defendants asserted that Sixth Avenue Foods Services, Ltd. is not a proper jural entity, Sysco sought to compel a forensic accounting from defendants to determine if defendant, Jekyll & Hyde, Inc. was responsible for such invoices. This necessitated the filing of two motions to compel discovery and a motion for contempt.

It was not until July of 2010, in opposition to Sysco's motion seeking leave to amend the Complaint to name Finley personally in this lawsuit (the "First Motion to Amend") that Finley acknowledged that the amounts due for goods shipped to the Sixth Avenue Address were the responsibility of Club. Also, at such time, for the first time, defendant, Jekyll & Hyde, Inc. took the position that it was not responsible for the subject invoices for goods shipped to the Seventh Avenue Address as it ceased conducting business prior to the dates of the invoices at issue. Sysco did not immediately move to amend the Complaint to name Club as a defendant in this matter as the responsible party for the Seventh Avenue Address invoices remained unknown. Accordingly, Sysco sought to establish, through discovery, the identity of the proper defendants in order to file a single motion to amend the Complaint.

Furthermore, on September 13, 2010, the Honorable Barbara B. Jones entered an Order denying the First Motion to Amend. Such Order solidified that Sysco should attempt to ascertain through discovery the party responsible for the Seventh Avenue Address invoices and confirm that Club was responsible for the Sixth Avenue Address invoices. The Order provides, in pertinent part, as follows:

> [a]fter discovery, it should be clear exactly who, if anyone, is the proper defendant of the claim as to $452,078.76. Once the proper defendant is identified, the court will consider a motion by the Plaintiff to amend the complaint. Lest there by any doubt, discovery is permitted with respect to all three of Plaintiff's claims, including as to the invoices allegedly not paid by 'Sixth Avenue Food Services Ltd'.

Exhibit "L" to the Declaration of Counsel ("Counsel Dec."), submitted herewith, at p. 3.

In order to determine the proper defendants, Sysco intended to proceed with the deposition of Finley. In fact, Sysco requested such deposition when it first made its request for a forensic accounting. However, in August of 2010, Sysco filed a motion for contempt maintaining that defendants had failed to comply with this Court's June 21, 2010 Order, which required them to open up all books and records to Sysco's forensic accountants. Sysco sought to ensure that defendants had produced all relevant documents prior to proceeding with Finley's deposition. In September of 2011, the Court contacted counsel for Sysco to confirm that the parties would be entering into a discovery schedule and were simply awaiting a response on the motion for contempt.

After the motion for contempt was decided, Sysco sought to proceed with the deposition of Finley. Sysco repeatedly requested dates for his deposition and was only able to proceed with same on May 10, 2011 after this Court ordered that Finley appear by May 14, 2011.

Furthermore, the record in this case reflects that defendant, Jekyll & Hyde, Inc., through Finley as its principal, submitted filings with the Court to throw Sysco off the trail that Club and Deacon Brody are the entities responsible for the subject invoices. Significantly, the record shows the following:

5

- In the initial Answer, defendants took the position that Deacon Brody was not an existing jural entity.

- Fully aware that Deacon Brody is responsible for goods shipped and delivered to the Seventh Avenue Address, in the initial Answer, defendants maintain that Deacon Brody owed Sysco no monies.

- Defendants failed to produce any checks in connection with the initial discovery demands (which led to Sysco seeking to compel a forensic accounting), which would have revealed the proper defendants.

- Defendants pled ignorance as to why Sysco would open an account under the name Sixth Avenue Foods Services, Ltd. and only admitted that Finley requested Sysco do so, on behalf of Club, when Sysco attempted to name Finley personally in this lawsuit.

These less than truthful filings coupled with defendants' stonewalling of Sysco's legitimate discovery requests contributed to the delay in Sysco proposing the Second Amended Complaint.

### B. No Prejudice Will Befall Club and/or the Defendants if Sysco is Granted Leave to Amend the Complaint.

The amendment of the Complaint will not result in prejudice or unfair surprise in this matter. In the instant action, Finley has acted on behalf of the defendants filing multiple declarations in opposition to the various motions filed by Sysco. Finley is also the President of Club and Deacon Brody. He testified that he is the sole individual affiliated with such entities having the knowledge relevant to the amounts owed to Sysco. See Exhibit "M" to Counsel Dec. at 14:1-6-19:24-4, 85:3-12 and 86:1-6. At all times, Finley was aware of what Sysco is seeking to collect in this lawsuit and the identity of the proper defendants. Accordingly, there is no unfair surprise to Club.

Clearly, there is no prejudice to defendants, who are being dismissed from the lawsuit.

Furthermore, no prejudice will befall Club as the knowledge of *any defenses* it has to this lawsuit are wholly in its possession. In fact, defendants (under the direction of Finley) did not serve a single discovery demand on Sysco in this matter. Moreover, at his deposition, Finley acknowledged that monies are owed to Sysco by Club and Club is in possession of its own documents, which reveal the amounts owed to Sysco. Clearly, Club has access to invoices and the

6

copies of checks that it paid to Sysco. Thus, in the absence of any unfair surprise or prejudice, Sysco's motion should be granted.

### C. There is Merit to the Proposed Second Amended Complaint.

It is without question that the proposed Second Amended Complaint has merit and is not futile. During his deposition, Finley testified that the invoices for goods delivered to the Sixth Avenue Address are the responsibility of Club. With respect to Club, when asked whether Club owes Sysco monies for goods delivered, Finley's response was a resounding "yes." See Id. at 38:12-39:4. As such, in the interest of justice, Sysco should be granted leave to file the Second Amended Complaint.

### CONCLUSION

Based on the foregoing, Sysco respectfully requests that its motion for leave to file a Second Amended Complaint be granted.

Dated: New York, New York
      May 27, 2011

NORRIS, McLAUGHLIN & MARCUS PA
/s/ Melissa A. Peña
Melissa A. Peña (MP-3320)
875 Third Avenue, 8th Floor
New York, N.Y. 10022
(908) 722-0700
-and-
Steven Mitnick, Esq.,
Admitted *Pro Hac Vice*
Mitnick & Malzberg, P.C.
29 Race Street
Frenchtown, New Jersey 08825